## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANTHONY TRUPIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. CIV-25-1134-D** |
| | ) | |
| **ONVOY, LLC; LEVEL 3** | ) | |
| **COMMUNICATIONS, LLC;** | ) | |
| **TELNYX LLC; HLV VENTURES,** | ) | |
| **HERITAGE HARD ASSETS LLC;** | ) | |
| **KYLE PATTON; REAGAN GOLD** | ) | |
| **GROUP, LLC; WORLD HARVEST** | ) | |
| **CHURCH, INC.; SOUTH BAY** | ) | |
| **GALLERIES LLC; CONFIDENCE** | ) | |
| **FORD OF NORMAN; FORD** | ) | |
| **MOTOR COMPANY; LP** | ) | |
| **OPERATING; and DOES 1 through** | ) | |
| **10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANT ONVOY, LLC'S RULE 12(B)(2) and 12(B)6
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT

---

| | |
|---|---|
| Nicholas ("Nick") V. Merkley, OBA No. 20284 | Heidi Rasmussen, *pro hac vice forthcoming* |
| Gerard D'Emilio, OBA No. 33496 | MORGAN, LEWIS & BOCKIUS LLP |
| GABLEGOTWALS | 1000 Louisiana Street, Suite 4000 |
| BOK Park Plaza | Houston, TX 77002-5005 |
| 499 West Sheridan Avenue, Suite 2200 | Telephone: (713) 890.5000 |
| Oklahoma City, Oklahoma 73102 | heidi.rasmussen@morganlewis.com |
| Tel (405) 235-5500 \| Fax (405) 235-2875 | |
| NMerkley@Gablelaw.com | Natalie Georges, *pro hac vice forthcoming* |
| GDemilio@Gablelaw.com | MORGAN, LEWIS & BOCKIUS LLP |
| | 2222 Market Street |
| | Philadelphia, PA 19103-2921 |
| | Telephone: (215) 963.5000 |
| | Facsimile: (215) 963.5001 |
| | natalie.georges@morganlewis.com |

**ATTORNEYS FOR ONVOY, LLC**

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDING ................................................ 1

II.   FACTUAL BACKGROUND ................................................................ 2

III.  LEGAL STANDARDS ................................................................... 3

    A.    Rule 12(b)(2) Standard .......................................................... 3
    B.    Rule 12(b)(6) Standard .......................................................... 4

IV.   ARGUMENT ......................................................................... 5

    A.    Plaintiff's Claims against Onvoy Should Be Dismissed for Lack of
       Personal Jurisdiction. ........................................................... 5

         1.    Onvoy is not subject to general jurisdiction in Oklahoma. ............... 6
         2.    Onvoy is not subject to specific jurisdiction based on
            Plaintiff's allegations. .......................................................... 6

    B.    Plaintiff's Complaint Fails to Satisfy General Pleading Standards
       and Should Be Dismissed for Failure to State a Claim. ............................. 9

    C.    Plaintiff Fails to Plead a Cognizable Theory of Liability against
       Onvoy under the TCPA (Counts I-III). ......................................... 10

         1.    Plaintiff cannot establish direct liability against Onvoy under
            the TCPA. ................................................................. 10
         2.    Plaintiff cannot establish vicarious liability against Onvoy
            under the TCPA. ........................................................... 13
         3.    Plaintiff failed to plead that Onvoy spoofed caller information
            or provided misleading or inaccurate caller ID information. .......... 14
         4.    Plaintiff failed to plead that Onvoy used artificial or pre-
            recorded voice in violation of the TCPA. ...................................... 15

    D.    Each of Plaintiff's Claims Based on Oklahoma Law Fails (Counts
       IV-XI). ......................................................................... 15

         1.    Plaintiff does not allege facts sufficient to state a claim under
            the Oklahoma Telephone Solicitation Act (Counts IV-X). ............. 15
         2.    Plaintiff fails to plead facts to support an intrusion upon
            seclusion claim. ............................................................ 18

    E.    This Motion Is Ripe for Treatment as a Motion for Summary
       Judgment. ...................................................................... 20

V.    CONCLUSION ...................................................................... 20

DB1/ 164425668.2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adzhikosyan v. Callfire, Inc.*,
No. CV 19-246 PSG, 2019 WL 7856759 (C.D. Cal. Nov. 20, 2019) ....................... 12

*Allen v. Worldwide Flight Servs., Inc.*,
No. CIV-20-971-SLP, 2021 WL 1821718 (W.D. Okla. Jan. 12, 2021) ..................... 6

*Altstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.*,
No. CIV-22-811-D, 2023 WL 6208550 (W.D. Okla. Sept. 22, 2023) ..................... 4

*Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*,
480 U.S. 102 (1987) ......................................................................................... 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................ 4, 19

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................ 4, 5, 19

*Braver v. Clear Sky Fin., LLC*,
No. CIV-22-710-R, 2023 WL 5439224 (W.D. Okla. Aug. 23, 2023) ..................... 8

*Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*,
137 S. Ct. 1773 (2017) ............................................................................ 6, 7

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ................................................................................ 4, 7

*Burnham v. Humphrey Hosp. Reit Tr., Inc.*,
403 F.3d 709 (10th Cir. 2005) ..................................................................... 20

*C5 Med. Werks, LLC v. CeramTec GMBH*,
937 F.3d 1319 (10th Cir. 2019) ................................................................... 7

*Carr v. Okla. Student Loan Auth.*,
No. CIV-23-99-R, 2023 WL 6929853 (W.D. Okla. Oct. 19, 2023) ..................... 19

*Chapman v. Nat'l Health Plans & Benefits Agency, LLC*,
619 F. Supp. 3d 788 (E.D. Mich. 2022) ....................................................... 10

4902-4306-9821, v. 5

*Childress v. Liberty Mut. Ins. Co.*,
  2018 WL 4684209 (D.N.M. Sept. 28, 2018) ............................................................. 11

*Clark v. Avatar Techs. PHL, Inc.*,
  No. H-13-2777, 2014 WL 309079 (S.D. Tex. Jan. 28, 2014) ...................................... 12

*Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*,
  680 F.3d 1194 (10th Cir. 2011) ..................................................................................... 5

*Cunningham v. Lifestyles Dev., LLC*,
  No. 19-CV-0006, 2019 WL 4282039 (E.D. Tex. Aug. 8, 2019) ................................. 11

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...................................................................................................... 6

*Donaca v. Dish Network, LLC*,
  303 F.R.D. 390 (D. Colo. 2014) .................................................................................. 11

*Gilmore v. Enogex, Inc.*,
  878 P.2d 360 (Okla. 1994) .......................................................................................... 18

*Gomez v. Campbell-Ewald Co.*,
  768 F.3d 871 (9th Cir. 2014), *aff'd*, 136 S. Ct. 664 (2016) ....................................... 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ...................................................................................................... 4

*Guadnola v. Hawaii Dep't of Educ.*,
  No. CIV-19-1114-G, 2021 WL 1093099 (W.D. Okla. Mar. 22, 2021) .................... 5, 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ...................................................................................................... 6

*Hood v. Am. Auto Care, LLC*,
  21 F.4th 1216 (10th Cir. 2021) ..................................................................................... 8

*Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*,
  205 F.3d 1244 (10th Cir. 2000) ..................................................................................... 4

*In re Joint Petition filed by Dish Network, LLC*,
  28 FCC Rcd. 6574 (2013) ...................................................................................... 11, 13

*Jones v. Royal Admin. Servs., Inc.*,
  887 F.3d 443 (9th Cir. 2018) ....................................................................................... 13

-iii-

*Mendez v. Optio Sols., LLC*,
219 F. Supp. 3d 1012 (S.D. Cal. 2016) ........................................................ 11

*Munley v. ISC Fin. House, Inc.*,
584 P.2d 1336 (Okla. 1978) ......................................................................... 19

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*,
149 F.3d 1086 (10th Cir. 1998) ..................................................................... 7

*United States ex rel. Reed v. KeyPoint Gov't Sols.*,
923 F.3d 729 (10th Cir. 2019) ..................................................................... 20

*Ricks v. Hughey*,
No. CIV-24-739-PRW, 2025 WL 1161463 (W.D. Okla. Apr. 21, 2025) .................... 9

*Rinky Dink, Inc. v. Elec. Merch. Sys.*,
No. C13-1347-JCC, 2015 WL 778065 (W.D. Wash. Feb. 24, 2015).......................... 12

*Robbins v. Oklahoma*,
519 F.3d 1242 (10th Cir. 2008) ..................................................................... 9

*Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*,
750 F.3d 1178 (10th Cir. 2014) ..................................................................... 7

*Salmon v. CRST Expedited, Inc.*,
No. 14-CV-0265-CVE-TLW, 2016 WL 47876 (N.D. Okla. Jan. 4, 2016) ........... 18, 19

*Shero v. City of Grove*,
510 F.3d 1196 (10th Cir. 2007) ..................................................................... 5

*Stillwell v. Benson*,
No. CIV-25-259-J, 2025 WL 1634898 (W.D. Okla. May 2, 2025) ........................... 9

*Trupia v. Heritage Hard Assets LLC, et al.*,
Case No. CIV-24-498-J, ECF 101 ................................................................... 1

*United States v. Botefuhr*,
309 F.3d 1263 (10th Cir. 2002) ..................................................................... 3

*United States v. Rhodes*,
No. CV 21-110-M-DLC, 2024 WL 1269182 (D. Mont. Feb. 20, 2024) .................... 14

*World–Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980) ................................................................................ 4, 7

**Statutes**

47 U.S.C. § 227(b)(1)(A)(iii) .................................................................... 10, 15

47 U.S.C. § 227(b)(1)(B) ............................................................................. 10

47 U.S.C. § 227(b)(l)(B) .............................................................................. 15

47 U.S.C. § 227(d)(3)(A) ............................................................................. 15

47 U.S.C. § 227(e) ....................................................................................... 14

47 U.S.C. § 227(e)(1) ............................................................................. 10, 14

Okla. Stat. Ann. tit. 15, § 775C.3(A)................................................ 15, 16, 17

Okla. Stat. Ann. tit. 15, § 775C.3(B) ............................................................ 17

Okla. Stat. Ann. tit. 15, § 775C.4 ........................................................... 17, 18

Okla. Stat. tit.15, § 775A.2(1) ..................................................................... 18

**Other Authorities**

47 C.F.R. § 64.1200(a)(1)............................................................................ 10

47 C.F.R. § 64.1200(a)(1)(iii) ...................................................................... 15

47 C.F.R. § 64.1200(a)(3)............................................................................ 15

47 C.F.R. § 64.1200(b)(1) ........................................................................... 15

47 C.F.R. § 64.1604(a) .......................................................................... 10, 14

Fed. R. Civ. P. 4(k)(1)(A)-(C) ...................................................................... 3

Fed. R. Civ. P. 8..................................................................................... 1, 9

Fed. R. Civ. P. 8(a)(2) ............................................................................ 9, 10

Fed. R. Civ. P. 12(b)(2) ........................................................................... 1, 3

Fed. R. Civ. P. 12(b)(6) ..................................................................... 1, 4, 20

Fed. R. Civ. P. 12(d) .................................................................................. 20

Fed. R. Civ. P. 56....................................................................................... 20

4902-4306-9821, v. 5

Remarks of Sen. Hollings, 137 Cong. Rec. S. 18785 (November 27, 1991) .................... 12

Restatement (Second) of Torts § 652B cmt. d (1977) ........................................................ 18

Restatement (Third) of Agency § 1.01 (2006) ................................................................... 13

S. Rep. No. 102-178 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1977 ................. 12

Pursuant to Federal Rules of Civil Procedure 8, 12(b)(2), and 12(b)(6), Defendant Onvoy, LLC ("Onvoy"), respectfully moves to dismiss Plaintiff Anthony Trupia's ("Plaintiff") Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief, ECF No. 1 (the "Complaint") with prejudice for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

## I.    NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed a previous suit against Onvoy and various other defendants in Oklahoma State Court on April 22, 2024, which was removed and later dismissed by Judge Jones.[1]  Plaintiff now attempts to allege eleven counts against Onvoy (and all of the other defendants), including: Counts I-III purporting to allege violations of the Telephone Consumer Protection Act ("TCPA") (Compl. ¶¶ 26–36); Counts IV–X purporting to allege violations of the Oklahoma Telephone Solicitation Act (Compl. ¶¶ 37–55); and Count XI alleging invasion of privacy intrusion upon seclusion (Compl. ¶¶ 56–58).  Onvoy waived service on October 1, 2025, making Onvoy's deadline to respond December 1, 2025.  Onvoy now timely moves to dismiss each of Plaintiff's claims.

---

[1] Notably, this is Plaintiff's second attempt to bring TCPA and related claims against Onvoy.  *See Trupia v. Heritage Hard Assets LLC, et al.*, Case No. CIV-24-498-J, ECF 101.  In the prior case, Judge Jones dismissed the claims against Onvoy, holding that Plaintiff did not satisfy Rule 8 but providing Plaintiff an opportunity to amend on or before February 24, 2025.  Plaintiff did not file a motion to amend in line with the deadline set by Judge but now alleges similar claims against Onvoy in this new litigation.

## II.    FACTUAL BACKGROUND

Plaintiff alleges that "[b]eginning in early 2023 and continuing through 2024, Plaintiff received hundreds of unsolicited telemarketing calls to his cellular phone from or on behalf of Defendants[.]"  Compl. ¶ 17.  Plaintiff further alleges that "[t]hese calls were part of a coordinated campaign using spoofed caller IDs displaying local area codes or generic names, with numbers traced via reverse lookups to Defendants' common carrier services."  Compl. ¶ 17.

As to Onvoy, Plaintiff's sparse allegations are listed below.

- "Defendant Onvoy, LLC is a Delaware limited liability company with its principal place of business in Minnesota, doing business as a common carrier providing Voice over Internet Protocol (VoIP) services, including the provision of phone numbers and routing for high-volume calling campaigns, nationwide, including in this District."  Compl. ¶ 4.

- "The campaign involved three interrelated groups: (a) unidentified 'ghost' robocallers (Does 1-5) who generated leads by making automated calls to confirm live answers and then hanging up, selling those leads (including Plaintiff's number misassociated with the name 'Howard Shipp') to sellers; (b) seller Defendants (HLV Ventures, Heritage Hard Assets LLC and Kyle Patton, Reagan Gold Group LLC, World Harvest Church Inc., South Bay Galleries LLC, Confidence Ford of Norman, Ford Motor Company, LP Operating, and Does 6-10) who purchased and used these illegally generated leads to make follow-up telemarketing calls promoting their respective services, as evidenced by agents consistently inquiring about 'Howard Shipp' despite Plaintiffs lack of consent or association with that name; and (c) common carrier Defendants (Onvoy, Level 3, Telnyx) who facilitated the entire operation by providing VoIP services that enabled spoofing, high-volume dialing, and illegal traffic, despite failing to implement effective Know Your Customer (KYC) practices, respond to complaints, or block known abusive traffic."  Compl. ¶ 18.

- Traces link spoofed caller IDs to "Defendants Onvoy, Level 3, and Telnyx as originating carriers, who knowingly route such traffic without adequate safeguards, as evidenced by their failure to act on Plaintiff's complaints." Compl. ¶ 20.d.

2

- "Defendants like LP Operating, Onvoy, and Telnyx refused or ignored requests to reveal lead sources, even when offered full releases from liability with no financial obligation, indicating knowledge that the leads originate from illegal, potentially criminal overseas operations." Compl. ¶ 21.[2]

Plaintiff's Complaint also includes a purported chart of other lawsuits against Onvoy much of which is illegible and some of which references other entities. Regardless, these cases have no apparent connection to Plaintiff's claims. Compl. at 12. Plaintiff's thin allegations are insufficient to state a claim against Onvoy.

### III.    LEGAL STANDARDS

#### A.    Rule 12(b)(2) Standard

Under the Federal Rules of Civil Procedure, a federal district court may exercise "personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . or . . . when authorized by a federal statue." Fed. R. Civ. P. 4(k)(1)(A)-(C). Oklahoma law "permits the exercise of any jurisdiction that is consistent with the United States Constitution." *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (citation and quotation marks omitted). Accordingly, in Oklahoma, the decision of whether to exercise personal jurisdiction over a defendant "collapses into a single due process analysis under the Constitution." *Id.* (internal quotation marks and citation omitted).

---

[2] Plaintiff also alleges that "Onvoy has been cited in FCC reports for facilitating robocall traffic[.]" Compl.¶ 23. This allegation, however, is completely divorced from any of the conduct at issue in this lawsuit.

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). There are two types of personal jurisdiction: "general" and "specific." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Even if sufficient minimum contacts exist, courts "still consider whether the exercise of personal jurisdiction over defendant would offend traditional notions of 'fair play and substantial justice.'" *Intercon, Inc.*, 205 F.3d at 1247 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

### B.     Rule 12(b)(6) Standard

Under Rule 12(b)(6), a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Altstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-22-811-D, 2023 WL 6208550, at *2 (W.D. Okla. Sept. 22, 2023) (cleaned up). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

In *Twombly*, the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

4

formulaic recitation of a cause of action's elements will not do." 550 U.S. at 545. In reviewing such a motion, "a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citation omitted). The Court must determine "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) (quotations omitted).

## IV.    ARGUMENT

### A.    Plaintiff's Claims against Onvoy Should Be Dismissed for Lack of Personal Jurisdiction.

From the outset, it is important to note that "[t]he plaintiff bears the burden of establishing personal jurisdiction." *Guadnola v. Hawaii Dep't of Educ.*, No. CIV-19-1114-G, 2021 WL 1093099, at *1 (W.D. Okla. Mar. 22, 2021). When Onvoy provides long-distance services, as are at issue in Plaintiff's claims, it acts as middleman or bridge in the telecommunications chain: it connects calls from an upstream telecommunications provider to other providers in the call.[3] *See* Ex. 1, Graham Decl. ¶ 4. Plaintiff's solitary jurisdictional allegation regarding Onvoy's connection to Oklahoma is that it provides "phone numbers and routing for high-volume calling campaigns, nationwide, including in

_____

[3] For example, when a calling party makes a call, the call will be delivered to the calling party's provider (e.g., AT&T Mobility or T-Mobile); that provider could send the call to a carrier such as Verizon, who in turn could send the call to Onvoy. Onvoy, in its role as a common carrier and acting as a bridge, could then deliver the call to the terminating carrier (e.g., also T-Mobile or AT&T Mobility). *See* Ex. 1, Graham Decl. ¶¶ 4–5.

this District."  Compl. ¶ 4.  This conclusory allegation is insufficient to establish either general or specific jurisdiction over Onvoy in Oklahoma.

### 1.    Onvoy is not subject to general jurisdiction in Oklahoma.

General jurisdiction for a corporation exists where the corporation is considered to be "at home."  *Daimler AG v. Bauman*, 571 U.S. 117, 136 n. 16 (2014); *see also Allen v. Worldwide Flight Servs., Inc.*, No. CIV-20-971-SLP, 2021 WL 1821718, at *3–4 (W.D. Okla. Jan. 12, 2021) (applying *Daimler* and finding that the defendant was not at home in Oklahoma even though the defendant had operations in Oklahoma).

Plaintiff does not allege, nor could he, that Onvoy is incorporated in Oklahoma.  Compl. ¶ 4.  Plaintiff alleges that Onvoy "is a Delaware limited liability company with its principal place of business in Minnesota[.]"  Compl. ¶ 4.  Likewise, Plaintiff does not allege, nor could he, that Onvoy has sufficient "continuous and systematic" contacts to justify general jurisdiction in Oklahoma.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  Therefore, jurisdiction can only be maintained if Onvoy is properly subject to specific jurisdiction within the state of Oklahoma.

### 2.    Onvoy is not subject to specific jurisdiction based on Plaintiff's allegations.

As explained by the Supreme Court, specific jurisdiction requires that the suit "arise out of or relate to the defendant's contacts with the *forum*."  *Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*, 137 S. Ct. 1773, 1779–80 (2017) (citation omitted) (emphasis in original).  "In other words, there must be 'an affiliation between the forum and the

6

underlying controversy, principally, an activity or an occurrence that takes place in the forum [s]tate and is therefore subject to the [s]tate's regulation." *Id.* (citation omitted).

"First, [the court] must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297). "Within this inquiry [the court] must determine whether the defendant purposefully directed its activities at residents of the forum," *id.* (citing *Burger King Corp.*, 471 U.S. at 472), "and whether the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.'" *Id.* (quoting *Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (emphasis in original)).

Plaintiff does not attempt to satisfy this analysis for specific jurisdiction, but instead relies on his sole allegation that Onvoy provides "phone numbers and routing for high-volume calling campaigns, nationwide, including in this District." Compl. ¶ 4. But this bare and conclusory allegation fails to show any connection between Onvoy transacting business in Oklahoma and any alleged harm suffered by Plaintiff. Even still, "merely interacting with a plaintiff 'known to bear a strong connection to the forum state' is not enough to establish jurisdiction." *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1324 (10th Cir. 2019) (quoting *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014)). Here, Plaintiff does not plead a strong connection with Oklahoma.

7

Even where the plaintiff has alleged that he received the calls in Oklahoma, courts have found that alone is not sufficient to warrant the exercise of personal jurisdiction over a defendant. *See Guadnola,* 2021 WL 1093099, at *3 ("Plaintiff asserts that he resides in Oklahoma, where the automated calls were allegedly received. But this alone is insufficient to support a finding that the HDOE purposefully directed the automated phone calls to Oklahoma, as Plaintiff does not supply any facts indicating that the HDOE was aware or should have been aware of his Oklahoma residency.") (internal citations omitted).

Instead, cases focus on the conduct of the defendant. *See Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1227 (10th Cir. 2021) ("Mr. Hood's uncontradicted assertion that AAC directs telemarketing calls at Colorado satisfied the purposeful-direction requirement."); *Braver v. Clear Sky Fin., LLC*, No. CIV-22-710-R, 2023 WL 5439224, at *2 (W.D. Okla. Aug. 23, 2023) (noting that "there are no facts showing that Mr. Francisco was personally involved in placing the calls, authorizing the calls, supervising the vendor's activities, crafting scripts for the calls, or ratifying the vendor's conduct"). Here, Onvoy is an intermediary without insight into the content, placement, or purpose of the calls it receives from one carrier and then passes to other telecommunications carriers. *See* Ex. 1, Graham Decl. ¶¶ 4–5.

Regardless, Plaintiff does not (1) plead that Onvoy as an intermediate carrier, passed any calls directly to Plaintiff's phone line in Oklahoma (nor could he, as that is not the role of an intermediate carrier), or (2) identify other conduct by Onvoy aimed at Oklahoma. Plaintiff does not even attempt allege specific facts to link Onvoy to the alleged spoofers. As such, Plaintiff has not pled that Onvoy has the minimum contacts with Oklahoma

8

necessary to satisfy the first step of the specific jurisdiction analysis. Plaintiff's claims against Onvoy should be dismissed for lack of personal jurisdiction.

### 3. Plaintiff's Complaint Fails to Satisfy General Pleading Standards and Should Be Dismissed for Failure to State a Claim.

Plaintiff fails to satisfy the requirements of Rule 8(a)(2) and provide fair notice of his claims. Plaintiff alleges each of his 11 claims against the 12 named defendants along with Does 1-10 who are unnamed. To support these numerous claims against the numerous defendants, Plaintiff offers only conclusory facts that are largely stated against all Defendants.

The Tenth Circuit has made clear that a plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Plaintiff's factual allegations do not provide fair notice as to the alleged actions each defendant is alleged to have taken. Plaintiff's Complaint fails to provide Onvoy (and the other defendants) with fair notice of the specific claims asserted against them and the basis for those claims. *Stillwell v. Benson*, No. CIV-25-259-J, 2025 WL 1634898, at *4 (W.D. Okla. May 2, 2025) ("In short, Plaintiff's complaint fails to provide fair notice of the specific claims asserted against each named individual. Dismissal under Rule 8 is therefore appropriate.").

In other words, "[w]hen there are multiple defendants, as there are here, the complaint should 'explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.'" *Ricks v. Hughey*, No. CIV-24-739-PRW, 2025

9

WL 1161463, at *1 (W.D. Okla. Apr. 21, 2025).  Onvoy seeks dismissal of Plaintiff's Complaint for failure to satisfy the requirements of Rule 8(a)(2) and for the separate and independent reasons described below.

### B. Plaintiff Fails to Plead a Cognizable Theory of Liability against Onvoy under the TCPA (Counts I-III).

In Counts I-III, Plaintiff attempts to argue that Onvoy violated various provisions of the TCPA and a related regulation.  Specifically, Plaintiff argues that Onvoy and other defendants violated (1) 47 U.S.C. § 227(e)(1) "by spoofing caller ID information with intent to defraud, cause harm, or wrongfully obtain value, as evidenced by spoofed local numbers and generic names to deceive Plaintiff into answering" (Count I); (2) 47 C.F.R. § 64.1604(a) "by providing misleading or inaccurate caller ID information, as spoofed IDs did not accurately reflect the originating party" (Count II); and (3) 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), and 47 C.F.R. § 64.1200(a)(1) by initiating calls to Plaintiff's cellular phone and residential line "using an artificial or prerecorded voice" without consent (Count III).  Compl. ¶¶ 27–36.

Plaintiff includes Onvoy in generalized and conclusory paragraphs that make no mention of any action specifically taken by Onvoy to commit TCPA violations.  *See* Compl. ¶¶ 4, 18, 20.d, 23.

### 1. Plaintiff cannot establish direct liability against Onvoy under the TCPA.

First, courts require some level of detail in order to allege a TCPA violation.  *See Chapman v. Nat'l Health Plans & Benefits Agency, LLC*, 619 F. Supp. 3d 788, 796 (E.D. Mich. 2022) (noting that courts require "plaintiffs to provide some details" in describing a

prerecorded message and sufficient information to give rise to the reasonable belief that an ATDS was used); *Mendez v. Optio Sols., LLC*, 219 F. Supp. 3d 1012, 1015–16 (S.D. Cal. 2016) ("The failure to include some information to assist Optio in identifying potentially relevant calls renders Mendez's TCPA claims just shy of a plausible entitlement to relief that cannot be cured through the discovery process.") (citation and internal quotation marks omitted).  While Plaintiff alleges that he received prerecorded calls, Plaintiff's Complaint does not contain a single detailed allegation attributing any of the allegedly prerecorded calls to Onvoy.  *See generally* Compl.

Under the TCPA, direct liability only applies when someone physically "makes" or "initiates" a telephone call.  *See, e.g., Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018); *Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 394-96 (D. Colo. 2014); *see also In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013) ("[A] seller is not directly liable for a violation of the TCPA unless it initiates a call . . . .").  "Initiating" a telephone call means that the entity "takes the steps necessary to physically place a telephone call."  *Cunningham v. Lifestyles Dev., LLC*, No. 19-CV-0006, 2019 WL 4282039, at *3 (E.D. Tex. Aug. 8, 2019) (citing *Dish Network, LLC*, 28 FCC Rcd. at 6583).  Congress never intended to impose direct TCPA liability upon entities like Onvoy, which, in its capacity as a common carrier, merely transmits calls from one entity in the call chain to another entity in the chain.

The legislative history of the TCPA makes clear that the statute is not intended to target an entity that merely transmits the call: "The regulations concerning the use of these machines apply to the persons initiating the telephone call or sending the message and do

11

not apply to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message." S. Rep. No. 102-178, at 9 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1977; *see also* Remarks of Sen. Hollings, 137 Cong. Rec. S. 18785 (November 27, 1991) ("It is not our intention that a carrier should be held liable for transmitting over the carrier's network any call or message in violation of this legislation made by an entity other than the carrier . . . . [C]arriers should not be responsible for the content delivered over their networks."). Onvoy is precisely the type of carrier the legislative history makes clear cannot be liable since it does not originate or control the content of any call or message.

Plaintiff even acknowledges that other entities used Onvoy's platform to make the alleged phone calls at issue, meaning that Onvoy did not initiate any phone call. *E.g.* Compl. ¶ 4 (alleging that Onvoy provides Voice over Internet Protocol (VoIP) services). As noted above, none of Plaintiff's thin allegations specific to Onvoy would support that Onvoy had any control over the timing, content, or method of making the calls. *See* Compl. ¶ 18, 20.d, 21. An entity that does not originate the calls cannot be liable for "making" those calls under the TCPA. *See, e.g.*, *Clark v. Avatar Techs. PHL, Inc.*, No. H-13-2777, 2014 WL 309079, at *3 (S.D. Tex. Jan. 28, 2014) (granting motion to dismiss by telecommunications carrier on grounds that TCPA did not impose liability on a carrier whose systems were used to make an unlawful call or message); *Adzhikosyan v. Callfire, Inc.*, No. CV 19-246 PSG, 2019 WL 7856759, *3 (C.D. Cal. Nov. 20, 2019) (same); *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. C13-1347-JCC, 2015 WL 778065, *9 (W.D. Wash. Feb. 24, 2015) (granting summary judgment in favor of carrier on grounds that TCPA did

12

not impose liability on a carrier whose systems were used to make an unlawful call or message).

### 2. Plaintiff cannot establish vicarious liability against Onvoy under the TCPA.

Plaintiff suggests that even if Onvoy did not initiate the phone calls, Onvoy and all Defendants are liable because "the coordinated campaign makes it impossible to apportion fault precisely among ghost robocallers, sellers, and carriers without discovery." Compl. ¶ 26. This theory fails as Plaintiff has alleged no facts to support a theory that any of the defendants "coordinated a campaign." To the extent Plaintiff seeks to hold Onvoy vicariously liable for the alleged actions of others, such claims fail. Vicarious liability, in the context of the TCPA, requires a plaintiff to establish "an agency relationship" between two parties. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), *aff'd*, 136 S. Ct. 664 (2016). An agency relationship is akin to a "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." *See Dish Network, LLC*, 28 FCC Rcd. at 6586 (quoting Restatement (Third) of Agency § 1.01 (2006)). Under the TCPA, courts have widely recognized vicarious liability cannot attach without the "essential ingredient" of control. *See, e.g.*, *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018).

Plaintiff has not, and cannot, allege any control between Onvoy and any other defendant or unnamed party to support a claim for vicarious TCPA liability. Plaintiff's allegations, with respect to TCPA liability, are grounded in the alleged presence of Onvoy

in the telecommunications call chain, acting as one of many providers of VoIP services. *See* Compl. ¶¶ 4, 18, 20.d. With no identifiable relationship between Onvoy and the other defendants—much less the agency relationship required to demonstrate vicarious liability—and no allegations that Onvoy has any control over the message, sending or is otherwise so involved in any call made by those entities, Plaintiff's theory of some type of combined liability as to Onvoy fails definitively.

### 3. Plaintiff failed to plead that Onvoy spoofed caller information or provided misleading or inaccurate caller ID information.

Regardless of Plaintiff's theory of liability, Plaintiff's Complaint fails to state a claim for violation of 47 § 227(e)(1).[4] Plaintiff's allegations related to Onvoy's alleged participation in spoofing include: (1) common carrier defendants "facilitated the entire operation by providing VoIP services that enabled spoofing . . ." (Compl. ¶ 18); (2) "Caller IDs were spoofed to display local area codes or generic names, but traces link them to Defendants Onvoy, Level 3, and Telnyx as originating carriers, who knowingly route such traffic without adequate safeguards, as evidenced by their failure to act on Plaintiff's complaints" (Compl. ¶ 20.d.); and (3) "Common carrier Defendants were contacted about the illegal calls but refused to respond or take action, despite the majority of their traffic involving unlawful activities, their awareness from industry reports and complaints, and

---

[4] In his first two counts, Plaintiff purports to allege two separate causes of action. He allege that Count I is based on the alleged violation of 47 § 227(e)(1), and Count II is based on the alleged violation of 47 C.F.R. § 64.1604(a). These claims are one in the same. Section 64.1604(a) is the regulation implementing 47 § 227(e). *See United States v. Rhodes*, No. CV 21-110-M-DLC, 2024 WL 1269182, at *1 (D. Mont. Feb. 20, 2024) (citing to 47 C.F.R. § 64.1604(a) as the regulation "implementing § 227(e) . . . .").

their failure to enforce KYC or monitor for spoofing and robocalling." (Compl. ¶ 23). However, Plaintiff fails to allege specific facts to explain how Onvoy, "facilitated the entire operation by providing VoIP services that enabled spoofing[.]" *See* Compl. ¶ 18. Plaintiff pleads no facts to connect allegedly spoofed calls that he received to Onvoy.

> **4.    Plaintiff failed to plead that Onvoy used artificial or pre-recorded voice in violation of the TCPA.**

Plaintiff's Complaint also fails to state a cognizable TCPA claim in Count III because Plaintiff pleads no specific facts whatsoever to suggest Onvoy used an artificial or prerecorded voice. Plaintiff attempts to plead specific facts related to the use of an artificial or pre-recorded voice. Compl. ¶ 20.b. However, Plaintiff's attempt to allege specific facts to support such claims make no reference to Onvoy. Compl. ¶ 20.b. Count III, by its plain language, requires Plaintiff to prove that Onvoy used "artificial or prerecorded voices." *See* 47 C.F.R. §§ 64.1200(a)(3), 64.1200(a)(1)(iii), 64.1200(b)(1); 47 U.S.C. §§ 227(b)(l)(B), 227(b)(1)(A)(iii), 227(d)(3)(A). Plaintiff offers no details as to how Onvoy, the VoIP provider in the middle of the call chain, made use of or caused an artificial or prerecorded voice to play. Count III should be dismissed for these separate reasons.

> **C.    Each of Plaintiff's Claims Based on Oklahoma Law Fails (Counts IV-XI).**

>> **1.    Plaintiff does not allege facts sufficient to state a claim under the Oklahoma Telephone Solicitation Act (Counts IV-X).**

Plaintiff fails to allege facts sufficient to state a claim under the Oklahoma Telephone Solicitation Act ("OTSA"). Plaintiff alleges seven counts of violation of the OTSA. As to Count IV, Plaintiff alleges that all defendants "violated § 775C.3(A) by using

an automated system for selecting or dialing telephone numbers without consent, as evidenced by high-volume sequential calls and pauses/clicks." Compl. ¶ 38. This claim fails for several reasons. First, Okla. Stat. Ann. tit. 15, § 775C.3(A) states that a "person may not make or knowingly allow a commercial telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Plaintiff does not allege any facts to support a claim that Onvoy was aware of any of the content, timing, or method of dialing the calls. Therefore, Plaintiff alleges no facts to support a claim that Onvoy either made or knowingly allowed a commercial telephonic sales call to be made involving an automatic system for dialing numbers.

Second, Plaintiff conclusorily alleges that "[t]he high volume—hundreds of calls from varying spoofed numbers tied to the same 'Howard Shipp' lead name—exceeds what manual dialing could plausibly achieve, indicating automated sequential generation and dialing." Compl. ¶ 20.c. Plaintiff further alleges that he received these calls beginning in "early 2023 and continuing through 2024." Compl. ¶ 17. Accordingly Plaintiff alleges that he received hundreds of calls, but that those calls occurred over a nearly two-year period. Compl. ¶ 17. The Complaint includes no explanation of how this volume of calls over a two year period somehow supports his theory that the calls were made using an automated system for selecting or dialing telephone numbers.

Finally, Plaintiff's allegations specific to Onvoy contain no support for any argument that Onvoy used automated dialing or was otherwise involved in any auto-dialed

16

calls. *See generally* Compl. Accordingly, Plaintiff has not alleged facts sufficient to state a claim for a violation of 15-775C.3(A).

In Count V, Plaintiff alleges that all defendants "violated § 775C.3(A) by playing a recorded message without consent, as in the 'Lisa with Rapid Funding' voicemails." Compl. ¶ 41. However, Plaintiff's allegations specific to Onvoy contain no support for any argument that it was Onvoy that played any recorded message without consent. *See generally* Compl. Indeed, Plaintiff has not made any allegations that Onvoy has control over the content of any of the calls. Accordingly, Plaintiff has not alleged facts sufficient to state a claim for a violation of 15-775C.3(A).

In Count VI, Plaintiff alleges that all Defendants "violated § 775C.3(B) by using misleading or inaccurate caller ID information to disguise the call's origin." Compl. ¶ 44. Okla. Stat. Ann. tit. 15, § 775C.3(B) makes it unlawful "for any person who makes a commercial telephonic sales call or causes a commercial telephonic sales call to be made to fail to transmit or cause not to be transmitted the originating telephone number . . . ." As noted above and essentially admitted by Plaintiff, Onvoy (as the carrier in the middle of the call chain) does not make calls or cause calls to be made and certainly does not make "commercial telephonic sales calls." Accordingly, Plaintiff's claim under Section 775C.3(B) fails.

In Counts VII - IX, Plaintiff alleges that all Defendants violated each of the four subsections of Section 775C.4. Compl. ¶¶ 44–55. Section 775C.4(A) prohibits "commercial telephone seller or salesperson" from engaging in various types of conduct.

Under the OTSA, a "commercial telephone seller" or "seller" "means a person who, in the course of such person's business, vocation or occupation, on the person's own behalf or on behalf of another person, causes or attempts to cause a commercial telephone solicitation to be made . . . ."  Okla. Stat. tit.15, § 775A.2(1).  Here, Plaintiff fails to state a claim for violation under the OTSA against Onvoy because Plaintiff does not allege that Onvoy is a commercial seller or attempted to sell him any good or service as would be required under the OTSA. Plaintiff alleges that Onvoy is a common carrier that provides "Voice over Internet Protocol (VoIP) services, including the provision of phone numbers and routing for high-volume calling campaigns, nationwide, including in this District." Compl. ¶ 4.  No where in his Complaint does Plaintiff allege that Onvoy acts as or engages telephone sellers or salespeople.  *See generally* Compl.  Accordingly, Plaintiff fails to state a claim against Onvoy as to § 775C.4.

> ### 2.    Plaintiff fails to plead facts to support an intrusion upon seclusion claim.

Plaintiff's claim for intrusion upon seclusion likewise fails.  In Oklahoma, intrusion upon seclusion is part of the general tort of invasion of privacy and has two elements: "(a) a nonconsensual intrusion (b) which was highly offensive to a reasonable person."  *Gilmore v. Enogex, Inc.*, 878 P.2d 360, 366 (Okla. 1994).  This tort has a high bar that Plaintiff cannot clear.  First, Oklahoma courts have relied on the Restatement, which requires the intrusion to be "a substantial one, of a kind that would be highly offensive to the ordinary reasonable man."  *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016) (quoting Restatement (Second) of Torts § 652B

cmt. d (1977)).  Second, "[t]his tort is not available for every intrusion upon a person's privacy, and the Oklahoma Supreme Court has noted that 'there is simply no room in the framework of our society for permitting one party to sue on the event of every intrusion into the psychic tranquility of an individual.'"  *Id.* (quoting *Munley v. ISC Fin. House, Inc.*, 584 P.2d 1336, 1338 (Okla. 1978)) (alterations accepted).  Further, intrusion upon seclusion requires allegations that the defendant's conduct was intentionally intrusive.  *Carr v. Okla. Student Loan Auth.*, No. CIV-23-99-R, 2023 WL 6929853, at *6 (W.D. Okla. Oct. 19, 2023).

Other than bald conclusory assertions, the Complaint is devoid of particularized allegations to support a claim for intrusion upon seclusion, and the claim should be dismissed for failing to meet the federal pleading standard.  *See Iqbal*, 556 U.S. at 683-684.  Plaintiff's intrusion upon seclusion claim makes no specific mention of Onvoy: the Complaint is devoid of any particularized allegations regarding Onvoy's alleged intrusion upon his seclusion, and fails to allege any facts showing Onvoy engaged in intentional conduct.  *See Compl.* ¶¶ 56–58.  In *Salmon*, the Northern District of Oklahoma dismissed a similar claim where plaintiff failed to allege that the defendant was responsible for any of the calls.  *Salmon*, 2016 WL 47876, at *5.  The court stated that "the allegations of the amended complaint do not support an inference that [defendant] had any responsibility for the calls received by plaintiff.  Even if plaintiff viewed the calls as an invasion of privacy, he must sufficiently allege that the defendant actually committed an intrusive act."  *Salmon*, No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5.  The Court should dismiss Count XI as it relates to Onvoy.

19

**D.      This Motion Is Ripe for Treatment as a Motion for Summary Judgment.**

Alternatively, this Court should grant summary judgment in favor of Onvoy under Rule 56 of the Federal Rules of Civil Procedure.  Onvoy's attached declaration establishes Onvoy's position as an intermediate carrier that does not initiate calls.  Ex. 1, Graham Decl. ¶¶ 4–5.  Accordingly, this case is ripe for dismissal whether treated as a motion to dismiss or summary judgment motion.  *See United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 753 (10th Cir. 2019) ("When a district court relies on material outside the complaint to resolve a Rule 12(b)(6) motion, it ordinarily must convert that motion 'into a motion for summary judgment.'") (quoting *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005); *see also* Fed. R. Civ. P. 12(d)).  Additional discovery or development of this case is unnecessary to resolve the claims against Onvoy because the attached declaration dispositively establishes that Onvoy was simply acting as an intermediate carrier.

## V.      CONCLUSION

For the foregoing reasons, the Court should grant Onvoy's motion and dismiss Plaintiff's claims against it with prejudice.

20

Dated: December 1, 2025

Respectfully submitted,

*/s/ Nicholas V. Merkley*
Nicholas ("Nick") V. Merkley, OBA No. 20284
Gerard D'Emilio, OBA No. 33496
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
NMerkley@Gablelaw.com
GDemilio@Gablelaw.com

    and

Heidi Rasmussen, *pro hac vice forthcoming*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Telephone: +1.713.890.5000
heidi.rasmussen@morganlewis.com

Natalie Georges, *pro hac vice forthcoming*
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
natalie.georges@morganlewis.com

**Attorneys for Onvoy, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2025, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing and served on the following via First-Class United States Mail:

> Anthony Trupia
> 605 SE 21st St.
> Oklahoma City, OK 73129

*/s/ Nicholas V. Merkley*
Nicholas ("Nick") V. Merkley

4902-4306-9821, v. 5