UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ANTHONY TRUPIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1. ONVOY, LLC, et al., )<br>)<br>Defendants. ) | Case No. CIV-25-1134-D |

**DEFENDANT FORD MOTOR COMPANY'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Ford Motor Company ("FMC"), pursuant to Federal Rule of Civil Procedure 8(a)(2) and 12(b)(6), moves to dismiss Plaintiff Anthony Trupia's Complaint for failure to state a claim upon which relief can be granted. In support of its motion, FMC submits the following:

**I.  Background**

Plaintiff attempts to bring eleven claims against FMC and several other defendants, alleging violations of the Telephone Consumer Protection Act (Counts I-III, Compl. ¶¶ 26-36), violations of the Oklahoma Telephone Solicitation Act (Counts IV-X, Compl. ¶¶ 37-55), and invasion of privacy (Count XI, Compl. ¶¶ 56-58). Plaintiff contends that, "[b]eginnng in early 2023 and continuing through 2024, Plaintiff received hundreds of unsolicited telemarketing calls to his cellular phone from or on behalf of Defendants" and "[t]hese calls were part of a coordinated campaign using spoofed caller IDs displaying local area codes or generic names, with numbers traced via reverse lookups to Defendants' common carrier services." Compl. ¶ 17. He further alleges that this "telemarketing

1

campaign" involves three interrelated groups: (1) unidentified "ghost" robocallers who generate leads by making automated calls and selling those leads, including Plaintiff's phone number, to sellers; (2) seller Defendants who purchased and used these leads to make follow-up telemarketing calls promoting their product or service; and (3) common carrier Defendants who facilitated the operation by providing VoIP services that enabled caller ID spoofing and high-volume dialing. *Id.* at ¶ 18.

Throughout the entire Complaint, Plaintiff identifies only two specific phone calls he received: one on May 1, 2024, from a Ford dealership, Confidence Ford of Norman, and another on July 18, 2024, from LP Operating. *Id.* at ¶ 19. Notably, the only time FMC is mentioned within the Complaint's factual allegations is when Plaintiff is discussing the phone calls from Confidence. Plaintiff claims that he "received a call from Confidence … where the manager was incredibly rude, called back repeatedly to harass Plaintiff after he explained a demand letter was forthcoming, and claimed leads were provided by Ford Motor Company." *Id.* Specific to FMC, Plaintiff alleges that it "provid[es] leads and support[s] telemarketing for its dealerships, with operations affecting this District through unlawful calls." *Id.* at ¶ 14. Notably, and detrimental to Plaintiff's claims, there is no allegation within the entire Complaint that FMC made any such phone calls to Plaintiff or that it was responsible for the phone calls made by Confidence.

## II.    Legal Standard

A court should dismiss a plaintiff's pleading when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the Complaint "must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Complaint must also include "more than labels and conclusions" or a "formulaic recitation of the element to a cause of action." *Twombly*, 550 U.S. at 555. Although Plaintiff is proceeding *pro se*, the Court must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). He must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**III.    Argument**

Plaintiff's Complaint should be dismissed because it fails to meet basic pleading standards under Federal Rule of Civil Procedure 8(a)(2) and fails to state a claim upon which relief can be granted. There are no allegations that FMC is responsible for the actions of Confidence or that FMC had any involvement in the alleged phone calls. If Plaintiff received any prohibited phone calls, they were not from FMC. Plaintiff fails to allege that FMC is responsible for any actions that would violate the Telephone Consumer Protection Act or the Oklahoma Telephone Solicitation Act. And Plaintiff's invasion of privacy claim fails because Plaintiff does not allege that any conduct by FMC constitutes a nonconsensual, highly offensive intrusion. Accordingly, all claims against FMC should be dismissed.

### A. Plaintiff does not satisfy the ordinary notice pleading standard.

Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 8(a)(2), which requires that pleadings contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." *See Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765 (10th Cir. Jan. 3, 2007) (affirming district court's dismissal of complaint for failure to comply with Rule 8). He fails to distinguish between the Defendants for each of his causes of action, choosing instead to engage in impermissible group pleading. "When there are multiple defendants, as there are here, the complaint should 'explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.'" *Ricks v. Hughey*, No. CIV-24-739-PRW, 2025 WL 1161463, at *1 (W.D. Okla. Apr. 21, 2015) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 429 F.3d 1158, 1163 (10th Cir. 2007)). This ensures that Plaintiff has provided "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.* (citations omitted); *see also Price v. City of Broken Arrow*, No. 23-CIV-437-RAW, 2024 WL 3520806, at *1 (E.D. Okla. July 24, 2024) ("[I]t is particularly important that the complaint make clear *who* is alleged to have done *what* to *whom* to provide each individual with fair notice as to the basis of the claims against him or her." (citation omitted)).

Plaintiff's Complaint contains nearly eight pages of "factual allegations," but then merely cites the statutory language as to each count and attributes the violation to "All Defendants." For example, Plaintiff's first cause of action alleges that "Defendants violated § 227(e)(1) by spoofing caller ID information with intent to defraud, cause harm, or

4

wrongfully obtain value, as evidenced by spoofed local numbers and generic names to deceive Plaintiff into answering." Compl. ¶ 27. Plaintiff fails to identify who he believes is responsible for "spoofing caller ID information." Count II provides another example: "Defendants violated § 64.1604(a) by providing misleading or inaccurate caller ID information, as spoofed IDs did not accurately reflect the originating party." *Id.* at ¶ 30. Again, it is unclear which Defendant allegedly provided misleading or inaccurate caller ID information.

It is impossible to determine which factual allegations are tied to which cause of action and to which Defendant. "Shotgun pleading" of this nature "'places an inordinate burden' on the parties responding to Plaintiffs' allegations and the Court in analyzing their claims" because "'the shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader.'" *Parks v. AIG*, No. CIV-23-41-R, 2024 WL 3070194, at *3 (W.D. Okla. June 20, 2024) (quoting *Jacobs v. Credit Suisse First Bos.*, 11-CV-00042, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011)). The nature of Plaintiff's claims demand clarity concerning the nature of and alleged factual basis for each and every claim. Plaintiff has failed to provide that clarity and the Complaint should be dismissed.

### B.    FMC is not liable for Confidence's alleged misconduct.

The sole allegation against FMC is that it provides leads and supports telemarketing for Ford dealerships. Even if FMC provided marketing leads to Confidence, there are no allegations that FMC directed, authorized, or participated in the specific calls at issue or any other alleged unlawful conduct. Further, Plaintiff's Complaint does not allege facts

5

indicating that FMC even had knowledge of, or involvement in, the dealership's telemarketing practices. FMC cannot be held liable for any alleged wrongdoing by Confidence.

For the same reasons, Plaintiff's argument that the holdings in *Summers v. Tice*, 199 P.2d 1 (Cal. 1948), and *Oliver v. Miles*, 110 So. 666 (Miss. 1926), are applicable here fails. Plaintiff cites these cases to argue that FMC can be held jointly and severally liable for the actions of the other Defendants. Compl. ¶ 26. First, neither case is binding authority and Oklahoma law does not recognize joint and several liability in civil actions. Okla. Stat. tit. 23, § 15. Thus, FMC may only be held liable for damages in proportion to its own percentage of fault, if any. Second, both cases are distinguishable from the Plaintiff's alleged facts. The *Summers* and *Oliver* cases involve hunting accidents where the two defendants shot guns and a third party was subsequently injured, but it was impossible to determine which defendant caused the injury. Plaintiff's reliance on these cases is misplaced because the Complaint does not allege any facts showing that FMC engaged in any wrongful conduct, acted in concert with other Defendants, or was part of a common plan. Without specific allegations of wrongful conduct by FMC, there is no basis to impose liability—joint, several, or otherwise—on FMC. Accordingly, all claims against FMC should be dismissed.

    **C.**    **Plaintiff fails to state a claim for relief under the TCPA and Related FCC Regulations (Claims I-III).**

Plaintiff fails to allege any facts that would entitle him to relief under the TCPA or the corresponding FCC Regulations. The TCPA generally prohibits use of an "automatic

telephone dialing system" for "calls" or prerecorded messages to any cell phone or other service without prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1). "To state a cause of action under the TCPA, a plaintiff must allege (1) that the defendant called the plaintiff's cellular telephone (2) using an [automatic telephone dialing system] or an artificial or prerecorded voice (3) without the plaintiff's prior express consent." *Ioszpe v. Unifin, Inc.*, 2025 WL 2487349, at *4 (W.D. Okla. Aug. 28, 2025) (quotation marks and citation omitted). The Court need not go beyond the first requirement: Plaintiff has not alleged that FMC called his cell phone.

> Count I alleges a violation of § 227(e)(1):
>
>> It shall be unlawful for any person … in connection with any voice service or text messaging service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value ….

Count II makes similar allegations based on a violation of the corresponding FCC Regulation:

> No person or entity … shall, with the intent to defraud, cause harm, or wrongfully obtain anything of value, knowingly cause, directly, or indirectly, any caller identification service to transmit or display misleading or inaccurate caller identification information in connection with any voice service or text messaging service.

47 C.F.R. § 64.1604(a). And Count III alleges a violation of 47 U.S.C. § 227(b)(1)(A)(iii):

> It shall be unlawful for any person … to make any call … using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ….

7

Fatal to Plaintiff's first claim, there is no private cause of action under 47 U.S.C. § 227(e)(1). *See, e.g., Clark v. Avatar Techs. Phl, Inc.*, No. CIV.A. H-13-2777, 2014 WL 1342033 at *4 (S.D. Tex. Apr. 3, 2014) (determining there is no private cause of action under § 227(e) after "carefully consider[ing] the language of the statute, the legislative history, governing legal authorities, and the absence of any case law holding that there is a private right of action"). Further, there is no allegation that FMC caused any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value or used any automatic telephone dialing system or an artificial or prerecorded voice.[1] Thus, there are no allegations that FMC called Plaintiff's cell phone and Claims I through III brought under the TCPA should be dismissed.

**D.  Plaintiff fails to state a claim for relief under the Oklahoma Telephone Solicitation Act (Claims IV-X).**

Plaintiff's bare-bones factual allegations against FMC are insufficient to state a claim under the Oklahoma Telephone Solicitation Act. The OTSA prohibits a "commercial telephonic sales call" using an automated system where there is no prior express written consent and where the caller attempts to conceal its identity. Okla. Stat. tit. 15, § 774C.3. Plaintiff has not alleged any facts which indicate that FMC used an automated system for selecting or dialing telephone numbers without consent (Count IV); played a recorded message without consent (Count V); used misleading or inaccurate caller ID information

---

[1] Additionally, the only two phone calls identified by Plaintiff, neither made by FMC, appear to have had appropriate area codes based on the location of the businesses and Plaintiff spoke with a live person, not a recording.

to disguise the call's origin (Count VI); made calls outside the 8:00 a.m. to 8:00 p.m. window (Count VII); made more than three calls in a 24-hour period (Count VIII); failed to clearly state its name and the purpose of the call within the first 30 seconds (Count IX); or failed to transmit accurate caller ID information, including name and telephone number. There are no allegations that FMC made *__any__* phone calls to Plaintiff.

Even assuming Plaintiff's allegations are true for purposes of this motion, such allegations merely claim that FMC provided Confidence with leads and supported its telemarketing; neither of those alleged actions violate the OTSA. Further, the actions alleged against Confidence likewise do not violate the OTSA. Confidence called Plaintiff from an identifiable phone number with an appropriate area code based on the company's location. The phone call was placed at 12:35 p.m., which falls within the appropriate time window. And there was no recording; Plaintiff spoke with the manager. Because there are no allegations that FMC violated the OTSA, Claims IV through IX should be dismissed.

E.  **Plaintiff fails to state a claim for relief under Oklahoma law for invasion of privacy based on intrusion upon seclusion (Count XI).**

Plaintiff's claim for invasion of privacy based on intrusion upon seclusion likewise fails. Oklahoma law recognizes claims for invasion of privacy based on intrusion upon seclusion where: "(1) a nonconsensual intrusion occurred that (2) was highly offensive to the reasonable person." *Iospez v. Unifin, Inc.*, 2025 WL 2487349, at *5 (W.D. Okla. Aug. 28, 2025) (collecting cases). "The tort is not available to every intrusion upon a person's privacy, and the Oklahoma Supreme Court has noted that '[t]here is simply no room in the framework of our society for permitting one party to sue on the event of every intrusion

9

into the psychic tranquility of an individual.'" *Salmon v. CRST Expedited, Inc.*, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016) (citation omitted). Further, "[a]n intrusion occurs only when an actor believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act." *Id.* (internal quotation marks and citation omitted).

Again, Plaintiff has failed to allege that FMC made or was responsible for any of Confidence's phone calls to Plaintiff. There is no allegation that FMC had knowledge of Confidence's actions or the alleged phone calls made to Plaintiff. And where a "complaint do[es] not support an inference that [Defendant] had any responsibility for the calls received by plaintiff," the claim for invasion of privacy must be dismissed. *Id.*

## IV. Conclusion

For the foregoing reasons, FMC respectfully requests that the Court grant its motion and dismiss Plaintiff's claims against it with prejudice.

                                  Respectfully submitted,

By:   *s/ Kathy R. Neal*
       Kathy R. Neal, OBA #674
       Kirsten A. Pfeiffer, OBA #35711
       MCAFEE & TAFT, P.C.
       2 West 2nd Street, Suite 1100
       Tulsa, Oklahoma 74103
       Telephone: (918) 587-0000
       Facsimile: (918) 599-9317
       kathy.neal@mcafeetaft.com
       kirsten.pfeiffer@mcafeetaft.com

       ***Attorneys for Defendant***
       ***Ford Motor Company***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of December 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Natalie Georges
Nicholas Merkley
Heidi Rasmussen
Lyndon W. Whitmire
Jason A. Sansone
John H. Tucker
Nathan E. Clark

      I also certify that on this 22nd day of December 2025, I mailed a copy of the attached document by First Class US Mail on the following, who are not participants of the ECF system:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73109

                                                *s/ Kathy R. Neal*