IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY TRUPIA, | ) |
|             Plaintiff, | ) |
| v. | ) Case No. CIV-25-1134-D |
| ONVOY, LLC, *et al.*, | ) |
|             Defendants. | ) |

**DEFENDANT ONVOY, LLC'S RESPONSE TO PLAINTIFF'S MOTION REGARDING AMENDMENT AS OF RIGHT AND EXTENSION OF TIME**

Defendant Onvoy, LLC, briefly responds to Plaintiff Anthony Trupia's (1) Notice of Amendment as a Matter of Course and (2) Motion for Extension of Time. *See* Doc. 31.[1]

*First*, Trupia may not amend his complaint as of right as to Onvoy. Under Fed. R. Civ. P. 15(a)(1), Trupia may amend as of right either (A) 21 days after serving his original pleading or (B) 21 days after, *inter alia*, service of a Rule 12(b) motion. Trupia filed his original complaint, Doc. 1, on September 29, 2025, and Onvoy waived service (at Trupia's request) on October 1, 2025. Onvoy thereafter moved to dismiss Trupia's complaint under Fed. R. Civ. P. 12(b)(2) and (b)(6) on December 1, 2025. *See* Doc. 9, Onvoy Motion to

---

[1] In his Motion, Trupia also seeks leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2). As discussed *infra*, Trupia may not amend his complaint as of right as to Onvoy. And Onvoy opposes Trupia's request for leave to amend on futility grounds (essentially for the reasons Onvoy has already briefed, *see* Doc. 9). Onvoy will fully brief its opposition to Trupia's request for leave either by responding to that portion of the motion within the standard, 21-day timeframe under LCvR 7.1(g) or, should the Court allow Trupia to file his amended pleading, by moving to dismiss under Fed. R. Civ. P. 12(b).

Dismiss. Trupia's response to Onvoy's Motion to Dismiss was due December 22, 2025.[2] *See* LCvR 7.1(g).

As is clear from these dates, Trupia is well past 21 days after service of his complaint and Onvoy's Motion to Dismiss and, therefore, cannot file an amended complaint as of right as to Onvoy.[3] If Trupia wants to amend, he must obtain Onvoy's consent or leave of court. *See* Fed. R. Civ. P. 15(a)(2). As stated, *see* note 1 *supra*, Onvoy does not consent and opposes granting Trupia leave because amendment would be futile.

*Second*, Trupia seeks, as an alternative to amendment, additional time (until January 28, 2026) to respond to the various dismissal motions that have been filed in this case. As noted above, Trupia's time to respond to Onvoy's pending Motion to Dismiss has passed, and this Court can and should deem confessed Onvoy's Motion. *See* LCvR 7.1(g) (Court may deem confessed any motion not responded to within 21 days). Trupia states that he attempted to confer with opposing counsel on December 15th, in advance of when his

---

[2] Because Trupia is *pro se* and not a registered CM/ECF user, he was served *via* U.S. Mail on December 1, 2025. *See* Doc. 9 at 29; Fed. R. Civ. P. 5(b)(2)(C) (service by mail "complete upon mailing").

[3] The multi-defendant posture of this case does not help Trupia. Rule 15(a)(1) operates defendant-by-defendant for purposes of calculating a plaintiff's window to amend once as of right. *See, e.g.*, *Culver v. Lithia Motors, Inc.*, No. CV 15-669 MCA/SCY, 2016 WL 7426587, at *7 (D.N.M. May 12, 2016) ("[W]here there are multiple defendants, and th[e] twenty-one day period has expired as to some defendants but not others, the plaintiff may amend the complaint as a matter of course ***as to those defendants for whom the twenty-one day period has not yet expired***." (citations omitted) (emphasis added)), *report and recommendation adopted,* No. CV 15-669 MCA/SCY, 2016 WL 7447552 (D.N.M. Jul. 19, 2016); *see also Nichols v. Livingston County*, No. 6:18-CV-06669 EAW, 2019 WL 3935998, at *4 (W.D.N.Y. Aug. 20, 2019) ("When a plaintiff seeks to amend his or her complaint against multiple defendants, each defendant is treated separately under Rule 15 for purposes of amending as of right." (citations omitted)).

opposition to Onvoy's Motion to Dismiss was due.[4] That communication makes clear Trupia was aware of the upcoming deadlines. In addition, while Trupia's filing (Doc. 31) suggests he attaches (as Exhibit C) a document evidencing a mailing to the Court on December 18th, no such document is attached or docketed. For these reasons, Onvoy asks this Court to deem its Motion to Dismiss confessed.

To the extent the Court does not deem confessed Onvoy's Motion to Dismiss, and does not allow Trupia leave to file an amended complaint, Onvoy does not oppose extending Trupia's response deadlines to January 28, 2026.

Dated: December 30, 2025          Respectfully submitted,

/s/ Gerard M. D'Emilio
Nicholas ("Nick") V. Merkley, OBA No. 20284
Gerard D'Emilio, OBA No. 33496
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
NMerkley@Gablelaw.com
GDemilio@Gablelaw.com

---

[4] Trupia represents that he "conferred with opposing counsel *via* email on December 15, 2025" about his requested extension of time but received no response. *See* Doc. 31 at 2. Nick Merkley, Onvoy's counsel, did not receive Trupia's email when it was originally sent. After reviewing Trupia's Motion, Mr. Merkley discovered that Trupia's email had routed to his "junk" email folder, received on December 14, 2025, at 11:50 P.M. That email demanded all counsel respond by "noon tomorrow [*sic*] (12-16-2025)" with their respective positions. To Onvoy's knowledge, Trupia made no other efforts to contact counsel. And he did not seek relief from this Court until December 29, 2025—a week after his response to Onvoy's Motion to Dismiss was due. In any event, Trupia's single email requesting a response within 24 hours does not constitute a meaningful attempt to "confer" with opposing counsel.

- and -

Heidi Rasmussen (*admitted pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Telephone: +1.713.890.5000
heidi.rasmussen@morganlewis.com

Natalie Georges (*admitted pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
natalie.georges@morganlewis.com

***Attorneys for Onvoy, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025, I electronically transmitted this document to the Clerk of Court using the Electronic Case Filing System. I also certify that I emailed a copy of this document to the following, *pro se* party, with a hard copy served *via* U.S. mail the following business day:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129

*/s/ Gerard M. D'Emilio*
Gerard M. D'Emilio
