# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA, )
)
    Plaintiff, )
)
v. )    Case No. CIV-25-1134-D
)
ONVOY, LLC, et al., )
)
    Defendants. )

## **ORDER**

Before the Court is Plaintiff's "Notice of Amendment as a Matter of Course and Motion for Leave to Amend Complaint, or in the Alternative, for Extension of Time" [Doc. No. 31].

Plaintiff first notifies the Court of his intent to amend his Complaint as a matter of course, pursuant to FED. R. CIV. P. 15(a)(1)(B). First, the Court finds that Plaintiff may amend as a matter of course as to Defendants Telnyx LLC, Confidence Ford of Norman, Ford Motor Company, and LP Operating, as Plaintiff's notice and proposed First Amended Complaint [Doc. No. 31-1] was filed within 21 days of those defendants' motions to dismiss. The Court further notes that Defendants LP Operating LLC, Reagan Gold Group, LLC, HLV Ventures, LLC, South Bay Galleries LLC, Heritage Hard Assets LLC, and Kyle Patton do not oppose Plaintiff amending his complaint [Doc. Nos. 40, 43, 44].

Remaining defendants, Onvoy, LLC and Level 3 Communications LLC, oppose Plaintiff's motion for leave to amend his complaint.[1] *See Frank v. U.S. West, Inc.*, 3 F.3d

---

[1] It does not appear that Defendant World Harvest Church, Inc. has been served in this action.

1357, 1365 (10th Cir. 1993) ("Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.").

Onvoy, LLC notified the Court that it will fully brief the futility issue "by moving to dismiss under FED. R. CIV. P. 12(b) should the Court allow Plaintiff to amend his complaint. [Doc. No. 38, at 1]. And, although Level 3 Communications LLC argues that amendment would be futile, Level 3 Communications LLC may similarly address the issues with Plaintiff's amended complaint by seeking dismissal under Rule 12. *See Corebank v. ABA Ins. Servs., Inc.*, No. CIV-25-209-J, Doc. No. 29, at *2 ("[T]he court finds that Defendant's futility arguments would be more properly addressed in the context of dispositive motions rather than the motion to amend."); *see also Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 2:19-cv-963-HCN-DAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) ("[I]t is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions.").

Upon consideration, the Court finds that Plaintiff's proposed amended complaint would be proper "as a matter of course" as to Defendants Telnyx LLC, Confidence Ford of Norman, Ford Motor Company, and LP Operating. *See* FED. R. CIV. P. 15(a)(1)(B). The Court further finds that justice requires that Plaintiff have an opportunity to amend his complaint under Rule 15(a)(2) against the remaining defendants, most of which do not object to an amended complaint.

For these reasons, Plaintiff's "Notice of Amendment as a Matter of Course and Motion for Leave to Amend Complaint, or in the Alternative, for Extension of Time" [Doc. No. 31] is **GRANTED**.

Plaintiff shall file his amended complaint within 14 days of this Order. **If Plaintiff fails to file his amended complaint within 14 days of this Order, this action will be dismissed without prejudice, without further notice to Plaintiff.**

Given this ruling, Defendants' motions to dismiss [Doc. Nos. 7, 9, 11, 12, 21, 27, 30, and 35] are **DENIED** as **MOOT**. Further, Plaintiff's Motion for Access to ECF/E-File [Doc. No. 3] is **DENIED**.

**IT IS SO ORDERED** this 22nd day of April, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge