**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| 1. ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FORD MOTOR COMPANY'S ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Ford Motor Company ("FMC"), Defendant in the above-styled matter, files its Answer to Plaintiff's First Amended Complaint, ECF No. 48 ("Complaint"), and respectfully shows the Court the following:

**I.     PRELIMINARY STATEMENT[1]**

1.     In response to the allegations in Paragraph 1 of the Complaint, FMC admits that Plaintiff has filed a lawsuit against FMC. All remaining allegations, except as expressly admitted herein, are denied.

2.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies the same.

---

[1] FMC has reproduced the headings utilized by Plaintiff in the Complaint for navigational purposes only and, by so doing, FMC does not admit any allegations contained in those headings.

4.      FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5.      FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6.      FMC denies the allegations contained in Paragraph 6 of the Complaint.

## II.    PARTIES

7.      FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

8.      FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies the same.

9.      FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies the same.

10.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

11.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies the same.

12.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies the same.

13.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies the same.

14.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies the same.

16. FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

17. FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore denies the same.

18. FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19. FMC admits that it is a Delaware corporation with its principal place of business in Michigan. FMC denies the remaining allegations of Paragraph 19 of the Complaint.

20. FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 20 of the Complaint and therefore denies the same.

21. FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 21 of the Complaint and therefore denies the same.

## III. JURISDICTION AND VENUE

22. FMC admits that Plaintiff has claimed an amount in controversy greater than $75,000. FMC denies that the Court has subject matter jurisdiction over this case based on diversity jurisdiction under 28 U.S.C. § 1332.

23. FMC admits that Plaintiff has filed a lawsuit against FMC based on claims under the Oklahoma Telephone Solicitation Act and the Telephone Consumer Protection Act. All remaining allegations, except as expressly admitted herein, are denied.

24.    FMC denies the allegations in Paragraph 24 of the Complaint, including subsections (a), (b), and (c).

25.    The allegations in Paragraph 25 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 25.

26.    FMC is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of the Complaint but does not contest Plaintiff's venue selection with this Court.

27.    The allegations in Paragraph 27 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 27 of the Complaint but does not contest this Court's exercise of jurisdiction over FMC in this case.

## IV.    THE ANATOMY OF THE BLACK MARKET

28.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 28 of the Complaint and therefore denies the same.

29.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore denies the same.

30.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 30 of the Complaint and therefore denies the same.

31.    FMC objects to averments, allegations, and causes of action that improperly refer to separate defendants by the omnibus label, "Defendants," thereby comingling allegations against FMC with those of other defendants. This pleading practice fails to

4

differentiate the purported conduct or wrongdoing alleged as to distinct defendants as well as the associated proximate cause for the alleged injuries. It also complicates defense responses by increasing the risk that one defendant will make averments that can be misinterpreted as applying to other defendants. Unless otherwise explicitly stated, FMC responds only for itself in this Answer and addresses Plaintiff's averments, allegations, and causes of action as if pled as to FMC. FMC denies the allegations in Paragraph 31 of the Complaint.

## V.    SPECIFIC DEFENDANT INTERACTIONS

FMC is without sufficient knowledge or information to either admit or deny the allegations contained in the unnumbered paragraph on Page 7 of the Complaint and therefore denies the same.

### A.    Seller Callers

32.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 32 of the Complaint, including subsections (a) and (b), and therefore denies the same.

33.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore denies the same.

34.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 34 of the Complaint and therefore denies the same.

35.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 35 of the Complaint, including subsections (a) and (b), and therefore denies the same.

36.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 36 of the Complaint and therefore denies the same.

37.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 37 of the Complaint and therefore denies the same.

38.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 38 of the Complaint and therefore denies the same.

39.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 39 of the Complaint and therefore denies the same.

40.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 40 of the Complaint and therefore denies the same.

41.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 41 of the Complaint, including subsections (a), (b), and (c), and therefore denies the same.

**B.    Common Carriers**

42.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 42 of the Complaint and therefore denies the same.

43.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 43 of the Complaint, including subsections (a), (b), (c), and (d), and therefore denies the same.

44.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 44 of the Complaint, including subsections (a), (b), (c), and (d), and therefore denies the same.

45.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 45 of the Complaint, including subsections (a), (b), and (c), and therefore denies the same.

46.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 46 of the Complaint and therefore denies the same.

47.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 47 of the Complaint and therefore denies the same.

48.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 48 of the Complaint and therefore denies the same.

49.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore denies the same.

## VI.    PERSONAL LIABILITY OF INDIVIDUAL ACTORS

50.     The allegations in Paragraph 50 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 50 of the Complaint.

51.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 51 of the Complaint and therefore denies the same.

52.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 52 of the Complaint and therefore denies the same.

53.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 53 of the Complaint and therefore denies the same.

## VII.   FORENSIC EVIDENCE OF AUTOMATION

54.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 54 of the Complaint and therefore denies the same.

55.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 55 of the Complaint and therefore denies the same.

56.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 56 of the Complaint and therefore denies the same.

57.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 57 of the Complaint and therefore denies the same.

58.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 58 of the Complaint and therefore denies the same.

59.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 59 of the Complaint and therefore denies the same.

## VIII.  FORENSIC EVIDENCE OF PRERECORD VOICE MESSAGES

60.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 60 of the Complaint and therefore denies the same.

## IX.    THE "HOWARD SHIP" TRACER

61.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 61 of the Complaint and therefore denies the same.

62.    FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 62 of the Complaint and therefore denies the same.

63.     The allegations in Paragraph 63 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 63 of the Complaint.

64.     FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 64 of the Complaint and therefore denies the same.

65.     The allegations in Paragraph 65 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 65 of the Complaint.

## X.     CAUSES OF ACTION

66.     Paragraph 66 of the Complaint does not contain an allegation, thus no response by FMC is required. To the extent a response is required, FMC denies Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint does not contain an allegation, thus no response by FMC is required. To the extent a response is required, FMC denies Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint does not contain an allegation, thus no response by FMC is required. To the extent a response is required, FMC denies Paragraph 68 of the Complaint.

**COUNT I**

69.     FMC incorporates all paragraphs set forth in its Answer as if restated in their entirety in response to Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 70 of the Complaint.

71.     The allegations in Paragraph 71 of the Complaint, including subsections (a), (b), and (c), state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 71 of the Complaint.

72.     The allegations in Paragraph 72 of the Complaint, including subsections (a), (b), (c), and (d), state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 72 of the Complaint.

**COUNT II**

73.      FMC incorporates all paragraphs set forth in its Answer as if restated in their entirety in response to Paragraph 73 of the Complaint.

74.     The allegations in Paragraph 74 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 74 of the Complaint.

75.     The allegations in Paragraph 75 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 75 of the Complaint.

76.     The allegations in Paragraph 76 of the Complaint, including subsections (a), (b), and (c), state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 76 of the Complaint.

**COUNT III**

77. FMC incorporates all paragraphs set forth in its Answer as if restated in their entirety in response to Paragraph 77 of the Complaint.

78. The allegations in Paragraph 78 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 78 of the Complaint.

79. The allegations in Paragraph 79 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 79 of the Complaint.

80. FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 80 of the Complaint, including subsections (a) and (b), and therefore denies the same.

81. The allegations in Paragraph 81 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 81 of the Complaint.

**COUNT IV**

82. FMC incorporates all paragraphs set forth in its Answer as if restated in their entirety in response to Paragraph 82 of the Complaint.

83. FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 83 of the Complaint and therefore denies the same.

11

84.   The allegations in Paragraph 84 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 84 of the Complaint.

85.   The allegations in Paragraph 85 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 85 of the Complaint.

**COUNT V**

86.   FMC incorporates all paragraphs set forth in its Answer as if restated in their entirety in response to Paragraph 86 of the Complaint.

87.   The allegations in Paragraph 87 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 87 of the Complaint.

88.   FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 88 of the Complaint and therefore denies the same.

89.   FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 89 of the Complaint and therefore denies the same.

90.   FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 90 of the Complaint and therefore denies the same.

91.   FMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 91 of the Complaint and therefore denies the same.

92.     The allegations in Paragraph 92 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 92 of the Complaint.

93.     The allegations in Paragraph 93 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 93 of the Complaint.

**COUNT VI**

94.     FMC incorporates all paragraphs set forth in its Answer as if restated in their entirety in response to Paragraph 94 of the Complaint.

95.     The allegations in Paragraph 95 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 95 of the Complaint.

96.     The allegations in Paragraph 96 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 96 of the Complaint.

97.     The allegations in Paragraph 97 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 97 of the Complaint.

98.     The allegations in Paragraph 98 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 98 of the Complaint.

**COUNT VII**

99.    FMC incorporates all paragraphs set forth in its Answer as if restated in their entirety in response to Paragraph 99 of the Complaint.

100.    The allegations in Paragraph 100 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 100 of the Complaint.

101.    The allegations in Paragraph 101 of the Complaint state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 101 of the Complaint.

102.    The allegations in Paragraph 102 of the Complaint, including subsections (a) and (b), state a legal conclusion to which no response by FMC is required. To the extent a response is required, FMC denies the allegations in Paragraph 102 of the Complaint.

**COUNT VIII**

103.    FMC incorporates all paragraphs set forth in its Answer as if restated in their entirety here in response to Paragraph 103 of the Complaint.

104.    FMC denies the allegations in Paragraph 104 of the Complaint.

105.    FMC denies the allegations in Paragraph 105 of the Complaint.

**IX.    PRAYER FOR RELIEF**

In response to Plaintiff's "WHEREFORE" Paragraph and subsections (A), (B), (C), and (D), FMC denies that Plaintiff is entitled to statutory, actual, and/or punitive damages and injunctive relief. FMC also requests a jury trial on issues to be tried to a jury.

14

## DEFENSES

FMC, for its additional claims and affirmative defenses in this action, alleges and states as follows:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Any calls alleged were placed, if at all, by independent dealerships.

3.      The damages allegedly sustained by Plaintiff were caused by persons or entities, including any settling parties or non-parties, over whom FMC exercises no control, and for whose actions FMC is not legally responsible.

4.      Upon information and belief, after an adequate period of investigation and discovery, FMC will show that it does not obtain marketing leads in the manner alleged in Plaintiff's Complaint.

5.      FMC lacked control over the manner or means of any independent dealership's marketing activities.

6.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's purported injuries were proximately caused by persons or entities other than FMC and without good cause or reason for FMC to have known.

7.      At all times relevant to Plaintiff's Complaint, FMC acted in good faith to comply with applicable federal and state telecommunications laws and other applicable laws, and with reasonable grounds to believe that it was in compliance with such laws.

8.      Plaintiff failed to mitigate damages by continuing to engage with callers.

9.      Plaintiff's claims are barred, in whole or in part, because he sustained no damage.

15

10.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff consented to the conduct he alleges.

11.     Plaintiff lacks standing for injunctive relief because he alleges only past harm and no real or immediate threat of future injury traceable to FMC.

12.     Plaintiff's claim asserting invasion of privacy in Count V is barred, in whole or in part, because Plaintiff fails to identify conduct that would be highly offensive to the reasonable person.

13.     Any claim for "exemplary" or punitive damages by Plaintiff, as it regards FMC, is constitutionally defective and otherwise improper and should be dismissed for one or more of the following reasons:

a.  Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate FMC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

b.  Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law subject to no pre-determined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate FMC's due process rights under the United

16

States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

c.  Plaintiff's claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Oklahoma law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate FMC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

d.  Plaintiff's claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damages award under Oklahoma law and because Oklahoma law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate FMC's due process rights under the United States and Oklahoma Constitutions.

e.  Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment

17

would violate FMC's due process rights under the common law and public policies of the State of Oklahoma and other applicable laws and statutes.

f.   Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of FMC, would violate FMC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

g.   Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages which is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards would violate FMC's due process rights under the United States and Oklahoma Constitutions and would be improper under common law and public policies of the State of Oklahoma and other applicable laws and statutes.

h.   Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law, without proof of every element beyond a reasonable doubt, would violate FMC's rights under Amendments IV, V, VI, and XIV of the United States Constitution and

the related provisions of the Oklahoma Constitution and would be improper under common law and public polices of the State of Oklahoma and other applicable laws and statutes.

i. Plaintiff's claim for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect FMC against multiple punishments for the same alleged wrong in future cases. Therefore, any award of punitive damages based on anything other than FMC's conduct in connection with the sale of the subject leads would violate FMC's due process rights under the United States and Oklahoma Constitutions and other applicable laws and statutes.

14. Plaintiff's claims are barred by the statute of limitations, laches, or are otherwise untimely.

15. FMC asserts all affirmative defenses listed in 12 O.S. §§ 2008, 2009, and 2012, subject to appropriate discovery and proof.

16. FMC asserts that choice of law rules should determine which jurisdiction's laws govern particular issues that may arise in this case and expressly reserve the right to supplement this answer with any defenses that may be available to it under the law of the jurisdictions determined to apply to it in accordance with choice of law rules.

17. FMC reserves the right to seek contributions and indemnification from other parties whose actions contributed to or caused the damages of Plaintiff, whose alleged damages are specifically denied.

19

18.    FMC reserves the right to add additional claims and defenses upon the substantial completion of discovery.

WHEREFORE, Defendant Ford Motor Company, having fully answered Plaintiff's Complaint, prays to be discharged therefrom with its costs herein laid out and expended, and for such other further relief as the Court deems just and equitable.

Respectfully submitted,

By:    *s/ Kathy R. Neal*
Kathy R. Neal, OBA #674
Kirsten A. Pfeiffer, OBA #35711
MCAFEE & TAFT, P.C.
2 West 2nd Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:  (918) 587-0000
Facsimile:  (918) 599-9317
kathy.neal@mcafeetaft.com
kirsten.pfeiffer@mcafeetaft.com

**Attorneys for Defendant**
**Ford Motor Company**

20

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 15th day of May 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmitting a Notice of Electronic Filing to all ECF registrants for this case.

I also certify that on this 15th day of May 2026, I emailed and mailed via first class mail a copy of the attached document on the following, who is not a participant of the ECF system:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73109
trupiaar@gmail.com
***Pro Se Plaintiff***

*s/ Kathy R. Neal*

21