**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CIV-25-1134-D |
| | ) | |
| ONVOY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ONVOY, LLC'S RULE 12(B)(2) AND 12(B)(6)
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND
<u>BRIEF IN SUPPORT</u>**

Nicholas ("Nick") V. Merkley, OBA No. 20284
Gerard D'Emilio, OBA No. 33496
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
NMerkley@gablelaw.com
GDemilio@gablelaw.com

Heidi Rasmussen, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Telephone: +1.713.890.5000
heidi.rasmussen@morganlewis.com

Natalie Georges, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
natalie.georges@morganlewis.com

***Attorneys for Onvoy, LLC***

# TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF THE PROCEEDING ................................................ 1

II.  FACTUAL BACKGROUND ................................................................................. 1

III. LEGAL STANDARDS ........................................................................................ 3

    A.   RULE 12(B)(2) STANDARD ...................................................................... 3
    B.   RULE 12(B)(6) STANDARD ...................................................................... 3

IV.  ARGUMENT ....................................................................................................... 4

    A.   PLAINTIFF'S CLAIMS AGAINST ONVOY SHOULD BE
        DISMISSED FOR LACK OF PERSONAL JURISDICTION. ................... 4
        1.   ONVOY IS NOT SUBJECT TO GENERAL
             JURISDICTION IN OKLAHOMA. ................................................. 5
        2.   ONVOY IS NOT SUBJECT TO SPECIFIC JURISDICTION
             BASED ON PLAINTIFF'S ALLEGATIONS. ................................. 6

    B.   PLAINTIFF'S CLAIMS BASED ON A THEORY OF
        RATIFICATION EACH FAIL. ................................................................... 8

    C.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST ONVOY
        UNDER THE TCPA FOR USE OF A PRERECORDED VOICE............ 12
        1.   PLAINTIFF CANNOT ESTABLISH DIRECT LIABILITY
             AGAINST ONVOY UNDER THE TCPA. ................................... 12
        2.   PLAINTIFF FAILS TO PLEAD THAT ONVOY USED
             ARTIFICIAL OR PRE-RECORDED VOICE IN
             VIOLATION OF THE TCPA. ......................................................... 16

    D.   PLAINTIFF FAILS TO PLEAD FACTS TO SUPPORT AN
        INTRUSION UPON SECLUSION CLAIM............................................. 17

    E.   PLAINTIFF FAILS TO PLEAD FACTS TO SUPPORT A
        NEGLIGENCE PER SE CLAIM................................................................ 18

    F.   THIS MOTION IS RIPE FOR TREATMENT AS A MOTION FOR
        SUMMARY JUDGMENT....................................................................... 19

V.   CONCLUSION ................................................................................................. 20

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Adzhiosyan v. Callfire, Inc.*,
  2019 WL 7856759 (C.D. Cal. Nov. 20, 2019)...................................................... 14, 16

*Allen v. Worldwide Flight Servs., Inc.*,
  No. CIV-20-971-SLP, 2021 WL 1821718 (W.D. Okla. Jan. 12, 2021) ....................... 5

*Altstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.*,
  No. CIV-22-811-D, 2023 WL 6208550 (W.D. Okla. Sept. 22, 2023) ......................... 4

*Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*,
  480 U.S. 102 (1987)................................................................................................... 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................... 4

*Bliss v. Change Healthcare Operations LLC*,
  No. CIV-21-0048-R, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23,
  2021)  ......................................................................................................................... 5

*Braver v. Clear Sky Fin., LLC*,
  No. CIV-22-710-R, 2023 WL 5439224 (W.D. Okla. Aug. 23, 2023).......................... 8

*Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*,
  137 S. Ct. 1773 (2017) .............................................................................................. 6

*In re Brown*,
  412 F. Supp. 1066 (W.D. Okla. 1975)................................................................. 9, 11

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).............................................................................................. 3, 6

*Burnham v. Humphrey Hosp. Reit Tr., Inc.*,
  403 F.3d 709 (10th Cir. 2005) ................................................................................. 20

*C5 Med. Werks, LLC v. CeramTec GMBH*,
  937 F.3d 1319 (10th Cir. 2019) ................................................................................. 7

*Carr v. Okla. Student Loan Auth.*,
699 F.Supp.3d 1241, 1252 (W.D. Okla. 2023) ........................................................... 17

*Chapman v. Nat'l Health Plans & Benefits Agency, LLC*,
619 F. Supp. 3d 788 (E.D. Mich. 2022) ..................................................................... 15

*Childress v. Liberty Mut. Ins. Co.*,
No. 17-CV-1051 MV/KBM, 2018 WL 4684209 (D.N.M. Sept. 28,
2018) ......................................................................................................................... 12

*Clark v. Avatar Techs. Phl, Inc.*,
No. CIV.A. H-13-2777, 2014 WL 309079 (S.D. Tex. Jan. 28, 2014) ................... 14, 16

*Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*,
680 F.3d 1194 (10th Cir. 2011) ................................................................................. 4

*Conway v. Lone Star Transportation, LLC*,
No. 19-CV-0658-CVE-FHM, 2020 WL 609750 (N.D. Okla. Feb. 7,
2020) ......................................................................................................................... 19

*Cunningham v. Lifestyles Dev., LLC*,
No. 19-CV-0006, 2019 WL 4282039 (E.D. Tex. Aug. 8, 2019) ............................... 12

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ................................................................................................... 5

*Donaca v. Dish Network, LLC*,
303 F.R.D. 390 (D. Colo. 2014) ............................................................................... 12

*Gilmore v. Enogex, Inc.*,
878 P.2d 360 (Okla. 1994) ........................................................................................ 17

*Gomez v. Campbell-Ewald Co.*,
768 F.3d 871 (9th Cir. 2014), *aff'd*, 136 S. Ct. 664 (2016) ....................................... 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ............................................................................................. 3, 11

*Gray v. Feed the Children, Inc.*,
No. CIV-09-662-D, 2010 WL 356398 (W.D. Okla. Jan. 22, 2010) ............................. 9

*Guadnola v. Hawaii Dep't of Educ.*,

4931-7972-6252, v. 4

No. CIV-19-1114-G, 2021 WL 1093099 (W.D. Okla. Mar. 22, 2021)........................ 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)................................................................................ 6

*Hood v. Am. Auto Care, LLC*,
    21 F.4th 1216 (10th Cir. 2021) ......................................................... 8

*Institute for Business Planning, Inc. v. Standard Life & Acc. Ins. Co.*,
    242 F.Supp 100 (W.D. Okla. 1965) ................................................ 10

*Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*,
    205 F.3d 1244 (10th Cir. 2000) ...................................................... 3

*Jarell v. Haaji*,
    800 F.Supp.3d 1197 (W.D. Okla. 2025) ......................................... 18

*In re Joint Petition filed by Dish Network, LLC*,
    28 FCC Rcd. 6574 (2013) ....................................................... 11, 12, 15

*Jones v. Royal Admin. Servs., Inc.*,
    887 F.3d 443 (9th Cir. 2018) .......................................................... 11

*Kauffman v. CallFire, Inc.*,
    141 F. Supp. 3d 1044 (S.D. Cal. 2015)........................................... 14

*Meeks v. Buffalo Wild Wings, Inc.*,
    17-CV-07129-YGR, 2018 WL 1524067 (N.D. Cal. Mar. 28, 2018)..................... 14, 15

*Mendez v. Optio Sols., LLC*,
    219 F. Supp. 3d 1012 (S.D. Cal. 2016)........................................... 15

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*,
    149 F.3d 1086 (10th Cir. 1998) ..................................................... 6

*Payton v. Kale Realty, LLC*,
    164 F. Supp. 3d 1050, 2016 WL 703869 (N.D. Ill. Feb. 22, 2016)............................ 14

*United States ex rel. Reed v. KeyPoint Gov't Sols.*,
    923 F.3d 729 (10th Cir. 2019) ....................................................... 20

*Rinky Dink, Inc. v. Elec. Merch. Sys.*,
    No. C13-1347-JCC, 2015 WL 778065 (W.D. Wash. Feb. 24, 2015)................... 14, 16

4931-7972-6252, v. 4

*Rush v. Savchuk*,
    444 U.S. 320 (1980) ................................................................................................ 8

*In re Salmon*,
    No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5 ................................................. 18

*Selou v. Integrity Sol. Servs. Inc.*,
    No. CV 15-10927, 2016 WL 612756 (E.D. Mich. Feb. 16, 2016) .............................. 14

*Shero v. City of Grove*,
    510 F.3d 1196 (10th Cir. 2007) .................................................................................. 4

*Smith v. Barker*,
    419 P.3d 327 (Okla. Civ. App. 2017) ........................................................................ 19

*Statser v. Chickasaw Lumber Co.*,
    327 P.2d 686 (Okla. 1958) ........................................................................................ 10

*United States v. Botefuhr*,
    309 F.3d 1263 (10th Cir. 2002) .................................................................................. 3

*World-Wide Volkswagen Corp. v. Woodson*
    444 U.S. 286 (1980) .................................................................................................. 6

**Statutes**

47 U.S.C. § 153(50) ...................................................................................................... 13

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................................ 9, 12, 16, 17

47 U.S.C. § 227(b)(l)(B) ................................................................................................ 17

47 U.S.C. § 227(d)(3)(A) ............................................................................................... 17

47 U.S.C. § 227(e) ............................................................................................... 18, 19, 20

Oklahoma Telephone Solicitation Act ................................................................ 1, 2, 8, 11

Telephone Consumer Protection Act ................................................................... *passim*

v

**Other Authorities**

47 C.F.R. § 64.1200(a)(1)(iii) ........................................................................................ 17

47 C.F.R. § 64.1200(a)(3) ............................................................................................... 17

47 C.F.R. § 64.1200(b)(1) ............................................................................................... 17

Fed. R. Civ. P. 4(k)(1)(A) .................................................................................................. 3

Fed. R. Civ. P. 4(k)(1)(B) .................................................................................................. 3

Fed. R. Civ. P. 4(k)(1)(C) .................................................................................................. 3

Fed. R. Civ. P. 12(b)(2) ..................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1, 4, 20

Fed. R. Civ. P. 12(d) ........................................................................................................ 20

Fed. R. Civ. P. 56 ............................................................................................................. 20

Remarks of Sen. Hollings, 137 Cong. Rec. S. 18785 (November 27, 1991) .................... 13

Restatement (Third) of Agency § 1.01 (2006) ................................................................. 11

S. Rep. No. 102-178, at 9 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968,
     1977 ........................................................................................................................... 13

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Onvoy, LLC ("Onvoy"), respectfully moves to dismiss Plaintiff Anthony Trupia's ("Plaintiff") First Amended Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief, ECF No. 48 (the "FAC") with prejudice for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

## I.    NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed a previous suit against Onvoy and various other defendants in Oklahoma State Court on April 22, 2024, which was removed and later dismissed by Judge Jones.

Here, Plaintiff filed his original complaint on September 29, 2025, alleging eleven counts against Onvoy (and all other defendants). On December 1, 2025, Onvoy moved to dismiss Plaintiff's claims, and Plaintiff sought leave to amend. ECF No. 9; ECF No. 31. Plaintiff then filed this amended complaint against Onvoy and other defendants on May 1, 2026, and now attempts to allege six counts against Onvoy, including: Counts I–II purporting to allege violations of the Oklahoma Telephone Solicitation Act ("OTSA") (FAC ¶¶ 69–76); Counts III–IV purporting to allege violations of the Telephone Consumer Protection Act ("TCPA") (FAC ¶¶ 77–85); Count V alleging invasion of privacy intrusion upon seclusion (FAC ¶¶ 86–93); and Count VI alleging negligence per se (FAC ¶¶ 94–98). Onvoy now timely moves to dismiss each of Plaintiff's claims.

## II.    FACTUAL BACKGROUND

Plaintiff alleges that "[i]n 2023 and 2024, [he] received over 100 unsolicited phone calls and text messages as part of a coordinated telesale arbitrage scheme." *See* FAC.

1

Plaintiff further alleges that "[t]hese calls were placed by various telemarketing 'Seller' defendants after purchasing 'dirty' leads created by TCPA and OTSA violating calls placed to plaintiff by unknown John Doe selling outfits." *See* FAC.

Plaintiff's conclusory allegations that are specific to Onvoy and that relate to Plaintiff's claims are listed below.[1]

- "Defendant Onvoy, LLC is a Delaware limited liability company with its principal place of business in Minnesota, doing business as a common carrier providing Voice over Internet Protocol (VoIP) services, including the provision of phone numbers and routing for high-volume calling campaigns, nationwide, including in this District." FAC ¶ 9.

- Plaintiff alleges that Onvoy was a VoIP provider for HLV Ventures, World Harvest Church, and South Bay Galleries LLC. FAC ¶¶ 33, 35, 36.

- "The illegal robocalls plaguing Plaintiff are not the result of isolated rogue actors, but the product of a symbiotic relationship between predatory telemarketers and the Carrier Defendants—Onvoy, LLC (d/b/a Inteliquent), Level 3 Communications, LLC (a Lumen Technologies subsidiary), and Telnyx LLC. These carriers function as 'Gateway Providers,' knowingly monetizing high-volume, illegal traffic while systematically dismantling the safety protocols designed to protect American consumers." FAC ¶ 42.

- "The 'Shell Game' with HLV Ventures: Onvoy facilitates traffic for Defendant HLV Ventures, identified as an 'unregistered New York company.' By selling access to unregistered shell entities, Onvoy allows downstream fraudsters to operate with anonymity, shielding the true beneficiaries of the fraud—Defendants Heritage Hard Assets and Reagan Gold Group—from direct liability." FAC ¶ 44.d.

- "Onvoy, LLC (SINCH, FKA INTELIQUENT) is responsible for at least 69 of these calls, see Exhibit A." FAC ¶ 47.

Plaintiff's thin and conclusory allegations are insufficient to state a claim against

---

[1] Plaintiff makes other claims that are unclear and lack a connection to any claim in his complaint.

2

Onvoy.

### III.    LEGAL STANDARDS

#### A.    Rule 12(b)(2) Standard

A federal district court may exercise "personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . or . . . when authorized by a federal statute." Fed. R. Civ. P. 4(k)(1)(A)-(C). In Oklahoma, the decision of whether to exercise personal jurisdiction over a defendant "collapses into a single due process analysis under the Constitution." *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (citation and quotation marks omitted).

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (citation omitted). There are two types of personal jurisdiction: "general" and "specific." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Even with sufficient minimum contacts, courts "still consider whether the exercise of personal jurisdiction over defendant would offend traditional notions of 'fair play and substantial justice.'" *Intercon, Inc.*, 205 F.3d at 1247 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

#### B.    Rule 12(b)(6) Standard

Under Rule 12(b)(6), a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 570 (2007); *accord Altstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-22-811-D, 2023 WL 6208550, at *2 (W.D. Okla. Sept. 22, 2023). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"[A] court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citation omitted). The Court must determine "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) (internal quotation marks and citation omitted).

## IV.    ARGUMENT

### A.    Plaintiff's Claims against Onvoy Should Be Dismissed for Lack of Personal Jurisdiction.

"The plaintiff bears the burden of establishing personal jurisdiction." *Guadnola v. Hawaii Dep't of Educ.*, No. CIV-19-1114-G, 2021 WL 1093099, at *1 (W.D. Okla. Mar. 22, 2021) (citation omitted). According to Plaintiff's allegations, Onvoy is a common carrier. FAC ¶ 9. Onvoy acts as the middleman or bridge in the telecommunications chain: it connects calls from an upstream telecommunications provider to other providers in the call.[2] *See* Ex. 1, Graham Decl. ¶ 4. Plaintiff's solitary allegation regarding Onvoy's

---

[2] For example, operating as a common carrier, Onvoy acts purely as a bridge: receiving a

4

connection to Oklahoma is that it provides "phone numbers and routing for high-volume calling campaigns, nationwide, including in this District." FAC ¶ 9. Plaintiff's broad jurisdiction allegations against "Defendants" fail to explain how the allegations attributed to "Defendants" relate to Onvoy. FAC ¶ 24. These generalized and conclusory allegations are insufficient to establish personal jurisdiction over Onvoy in Oklahoma.

### 1.    *Onvoy is not subject to general jurisdiction in Oklahoma.*

General jurisdiction for a corporation exists where the corporation is considered to be "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 136 n. 16 (2014); *see also Allen v. Worldwide Flight Servs., Inc.*, No. CIV-20-971-SLP, 2021 WL 1821718, at *3–4 (W.D. Okla. Jan. 12, 2021) (applying *Daimler* and finding that the defendant was not at home in Oklahoma even though the defendant had operations in Oklahoma). The same is true for limited liability companies. *Bliss v. Change Healthcare Operations LLC*, No. CIV-21-0048-R, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) ("Courts have held that *Daimler* applies with equal force to limited liability companies.").

Plaintiff alleges that Onvoy "is a Delaware limited liability company with its principal place of business in Minnesota." FAC ¶ 9. Plaintiff does not allege, nor could he, that Onvoy has sufficient "continuous and systematic" contacts to justify general jurisdiction in Oklahoma. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Therefore, jurisdiction can only be maintained if Onvoy is properly subject to specific jurisdiction within the state of Oklahoma.

---

call from an upstream provider such as Verizon, and passing it along to the downstream terminating provider, such as T-Mobile. *See* Ex. 1, Graham Decl. ¶¶ 4–5 .

5

### 2. *Onvoy is not subject to specific jurisdiction based on Plaintiff's allegations.*

As explained by the Supreme Court, specific jurisdiction requires that the suit "arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*, 137 S. Ct. 1773, 1780 (2017) (citation omitted). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum [s]tate and is therefore subject to the [s]tate's regulation." *Id.* (citation omitted).

"First, [the court] must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "Within this inquiry [the court] must determine whether the defendant purposefully directed its activities at residents of the forum," *id.* (citing *Burger King Corp.*, 471 U.S. at 472), "and whether the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.'" *Id.* (quoting *Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987)).

Plaintiff relies on generalized allegations against "Defendants" and further alleges that Onvoy provides "phone numbers and routing for high-volume calling campaigns, nationwide, including in this District." FAC ¶¶ 9, 24. These allegations fail to show any connection between Onvoy transacting business in Oklahoma and any alleged harm suffered by Plaintiff. Even still, "merely interacting with a plaintiff 'known to bear a strong

6

connection to the forum state' is not enough to establish jurisdiction." *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1324 (10th Cir. 2019) (citation omitted). Here, Plaintiff does not plead a connection with Oklahoma specific to Onvoy.

Plaintiff alleges that he received the calls in Oklahoma, and that "Defendants intentionally dialed a number with a '405' (Oklahoma) area code."[3] FAC ¶ 24a. But as Plaintiff has acknowledged, Onvoy is a common carrier. FAC ¶ 9. Plaintiff does not allege that Onvoy made any calls, so even if Plaintiff's generalized allegation against "Defendants" was sufficient, Plaintiff fails to allege that Onvoy made or originated calls that were purposefully targeting Oklahoma residents. At best, Plaintiff alleges that Onvoy provided VoIP services to HLV Ventures, World Harvest Church, and South Bay Galleries LLC who then called Plaintiff's 405 area code. FAC ¶¶ 33, 35, 36. But this is factually inaccurate, as none of those entities are Onvoy's customers.[4] *See* Ex. 1, Graham Decl. ¶ 6.

Importantly, personal jurisdiction cases focus on the conduct of the defendant. *See Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1227 (10th Cir. 2021) ("Mr. Hood's uncontradicted assertion that AAC directs telemarketing calls at Colorado satisfied the

---

[3] Plaintiff alleges additional facts in his jurisdiction section including that (1) "Defendants utilized 'Neighbor Spoofing technology to display false '4-5' area code Caller IDs . . . ." and (2) "Defendants participated in 'Ping Post' or substantially similar auctions . . . ." FAC ¶¶ 24b-c. Plaintiff does not specifically allege any connection between these allegations and Onvoy.

[4] One type of customer that Onvoy provides services to is a wholesale provider. In many, if not most, cases, those wholesale providers themselves have customers that are not visible to Onvoy. It is possible that one of Onvoy's wholesale provider customers serves HLV Ventures, World Harvest Church, or South Bay Galleries LLC, but that would not be visible to Onvoy. *Id.* ¶ 7

7

purposeful-direction requirement."); *Braver v. Clear Sky Fin., LLC*, No. CIV-22-710-R, 2023 WL 5439224, at *2 (W.D. Okla. Aug. 23, 2023) (noting that "there are no facts showing that Mr. Francisco was personally involved in placing the calls, authorizing the calls, supervising the vendor's activities, crafting scripts for the calls, or ratifying the vendor's conduct"). Here, Onvoy is an intermediary without insight into the content, placement, or purpose of the calls it receives from one carrier and then passes to other telecommunications carriers. *See* Ex. 1, Graham Decl. ¶¶ 4–5.

Further, Plaintiff lumps all defendants together in his allegations that they engaged in commercial activities purposefully directed at Oklahoma, FAC ¶ 24, but fails to assess each defendants' contacts with the forum individually, as required by the personal jurisdiction analysis. *See Rush v. Savchuk*, 444 U.S. 320, 331–32 (1980) (holding that considering the "defending parties" together when assessing contacts and aggregating their contacts in determining jurisdiction was improper). Plaintiff's allegations of commercial activity, aimed broadly at all "Defendants," fail to plead facts sufficient to show how Onvoy specifically targeted Oklahoma or its residents, such that this Court can assert personal jurisdiction over Onvoy in this suit.

### B.    Plaintiff's Claims Based on a Theory of Ratification Each Fail.

Plaintiff alleges three claims against Onvoy on a theory of ratification, including two violations of the OTSA (Counts I, II); and a violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA (Count IV). FAC ¶¶ 69-76, 82-85. Plaintiff fails to allege sufficient facts to support a claim that Onvoy is liable under a theory of ratification.

As it relates to Plaintiff's ratification theory, Plaintiff alleges that HLV Ventures,

8

4931-7972-6252, v. 4

World Harvest Church, and South Bay placed calls "through VoIP provider ONVOY, LLC." FAC ¶¶ 33, 35, 36. Plaintiff further alleges that "Onvoy facilitates traffic for Defendant HLV Ventures . . . Onvoy allows downstream fraudsters to operate with anonymity, shielding the true beneficiaries of the fraud—Defendants Heritage Hard Assets and Raegan Gold Group –from direct liability."[5] FAC ¶ 44d.

"Ratification in agency is an adoption or confirmation by one person of an act performed on his behalf by another." *In re Brown*, 412 F. Supp. 1066, 1071 (W.D. Okla. 1975). "The essential elements of a ratification are (1) acceptance by the principal of the benefits of the agent's acts, (2) with full knowledge of the facts, and (3) circumstances or affirmative election indicating an intention to adopt the unauthorized arrangement." *Id.* Put another way, the essential elements of ratification are: "the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another, who at the time assumed to act as his agent in doing the act or making the contract without authority to do so." *Gray v. Feed the Children, Inc.*, No. CIV-09-662-D, 2010 WL 356398, at *5 (W.D. Okla. Jan. 22, 2010) (citation omitted). However, ratification will not be found where the actor is not an agent of the principal or does not purport to be one. *See Statser v. Chickasaw Lumber Co.*, 327 P.2d 686, 690 (Okla. 1958).

Plaintiff's claims based on a theory of ratification fail. First, Plaintiff fails to state

---

[5] Onvoy has not provided VoIP services to HLV Ventures, World Harvest Church, and South Bay Galleries LLC, and they are not Onvoy's customers. *See* Ex. 1, Graham Decl. ¶ 6. As noted *supra*, it is possible that Onvoy provides services to a wholesale provider/customer who then services other customers, one or more of whom may be these named entities. That would not be knowable by Onvoy. *Id.* ¶ 7.

facts to support that Onvoy accepted the benefits of the alleged acts. Plaintiff expressly alleges that some of the other defendants are sellers. *See* FAC ¶ 66. Plaintiff does not (and indeed cannot) allege that Onvoy accepted the benefits of these purported sales calls. Plaintiff's allegation that Onvoy makes a profit from providing services routing calls misses the mark. *See* FAC ¶ 72. That Onvoy makes a profit from providing services does not support that Onvoy received some benefit from any of the alleged violations such as use of an automated system to place calls to Plaintiff, "neighbor spoofing" the 405-area code, and use of an ATDS to generate a lead list. FAC ¶¶ 70, 74, 83.

Plaintiff also attempts to allege that Onvoy had knowledge of the violations due to the "repeated notices [Onvoy] received from government regulators (tracebacks), the Plaintiff, and private watchdogs (BBB)." FAC ¶ 72c. Such generalized notices are untethered from the alleged violations at issue in Plaintiff's FAC and have no relationship to the alleged calls referenced in Plaintiff's FAC. *See Institute for Business Planning, Inc. v. Standard Life & Acc. Ins. Co.*, 242 F .Supp. 100, 109 (W.D. Okla. 1965) ("[M]aterial facts must be brought home to the principal before he can be said to have ratified a previous unauthorized act. In other words, he must have been in possession of all the facts . . . ."). Additionally, Onvoy cannot be said to have full knowledge when even Plaintiff does not know the identities of the John Does.

Finally, Plaintiff fails to state facts that support a claim that Onvoy intended to adopt any unauthorized arrangement, whether it be a violation of the TCPA, OTSA, or Oklahoma common law. To state a claim for ratification, plaintiff needed to allege "circumstances or affirmative election indicating an intention to adopt the unauthorized arrangement." *See*

10

*Brown*, 412 F. Supp. at 1071. Plaintiff states no facts to support that Onvoy intended to adopt the arrangement. Further, the court in *Brown* noted that the substance of the doctrine of ratification is "confirmation after conduct." *Id.* Plaintiff points to no acts of confirmation by Onvoy after the alleged calls.

Separately, Plaintiff appears to attempt to hold Onvoy vicariously liable under the TCPA (Count IV). FAC ¶¶ 82–85. To the extent Plaintiff seeks to hold Onvoy vicariously liable for the alleged actions of others, such claims fail. Vicarious liability, in the context of the TCPA, requires a plaintiff to establish "an agency relationship" between two parties. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), *aff'd*, 136 S. Ct. 664 (2016). An agency relationship is akin to a "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." *See In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6586 (2013) (quoting Restatement (Third) of Agency § 1.01 (2006)). Under the TCPA, courts have widely recognized vicarious liability cannot attach without the "essential ingredient" of control. *See, e.g.*, *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018).

Plaintiff has not, and cannot, allege any control between Onvoy and any other defendant or unnamed party to support a claim for vicarious TCPA liability. Plaintiff's allegations, with respect to TCPA liability, are grounded in the alleged presence of Onvoy in the telecommunications call chain, acting as one of many providers of VoIP services. *See* FAC ¶¶ 9, 40, 42, 44. Plaintiff identifies no relationship between Onvoy and the other defendants—much less the agency relationship required to demonstrate vicarious

11

liability—and does not allege that Onvoy has any control over the message, sending, or is otherwise so involved in any call made by those entities.

Plaintiff fails to state a claim based under Counts I, II, and IV.

### C. Plaintiff Fails to State a Claim Against Onvoy under the TCPA for Use of a Prerecorded Voice.

#### 1. *Plaintiff cannot establish direct liability against Onvoy under the TCPA.*

In Count III, Plaintiff attempts to allege that Onvoy and other Carrier Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by "knowingly transferring and routing calls containing prerecorded messages to Plaintiff's cellular device." FAC ¶¶ 77–81.

Under the TCPA, direct liability only applies when someone physically "makes" or "initiates" a telephone call. *See, e.g.*, *Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018); *Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 394-96 (D. Colo. 2014); *see also Dish Network, LLC*, 28 FCC Rcd. at 6582 ¶ 24 ("[A] seller is not directly liable for a violation of the TCPA unless it initiates a call . . . ."). "Initiating" a telephone call means that the entity "takes the steps necessary to physically place a telephone call." *Cunningham v. Lifestyles Dev., LLC*, No. 19-CV-0006, 2019 WL 4282039, at *3 (E.D. Tex. Aug. 8, 2019) (citing *Dish Network, LLC*, 28 FCC Rcd. at 6583). Congress never intended to impose direct TCPA liability upon entities like Onvoy, which, in its capacity as a common carrier, merely transmits calls from one entity in the call chain to another entity in the chain.

The legislative history of the TCPA makes clear that the statute is not intended to target an entity that *merely transmits* the call: "The regulations concerning the use of these

12

machines apply to the persons initiating the telephone call or sending the message and do not apply to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message." S. Rep. No. 102-178, at 9 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1977; *see also* Remarks of Sen. Hollings, 137 Cong. Rec. S. 18785 (November 27, 1991) ("It is not our intention that a carrier should be held liable for transmitting over the carrier's network any call or message in violation of this legislation made by an entity other than the carrier . . . . [C]arriers should not be responsible for the content delivered over their networks."). Onvoy is precisely the type of carrier the legislative history makes clear cannot be liable since it does not originate or control the content of any call or message.

Onvoy is a carrier "that transmit[] the call[s] or message[s] and that [are] not the originator or controller of the content of the call[s]." S. REP. 102-178, 9, 1991 U.S.C.C.A.N. 1968, 1977. Onvoy simply "transm[its], between or among points specified by the user, [] information of the user's choosing, without change in the form or content of the information as sent and received." 47 U.S.C. § 153(50) (definition of "telecommunications").

There is no allegation that Onvoy originated any calls. Absent pleading and proof that a carrier controls the content of the calls or whether, to whom, or when the calls are made, a common carrier, like Onvoy, that does not originate the calls cannot be liable for "making" those calls under the TCPA.[6] Plaintiff does not allege facts that would suggest

---

[6] *See, e.g.*, *Clark v. Avatar Techs. Phl, Inc.*, No. CIV.A. H-13-2777, 2014 WL 309079, at *3 (S.D. Tex. Jan. 28, 2014) (granting motion to dismiss by carrier on grounds that TCPA

4931-7972-6252, v. 4

that Onvoy controls the use of a prerecorded voice and whether, to whom, and when the calls were made.

Courts routinely dismiss TCPA claims against common carriers (and entities that function as carriers) when they are simply involved in call transmission. For example, in *Selou v. Integrity Sol. Servs. Inc.*, a plaintiff sued LiveVox, a contact center platform, for spoofed calls placed through the platform. 2016 WL 612756 (E.D. Mich., Feb. 16, 2016). Plaintiff alleged that LiveVox was "liable for enabling the [spoofer's] collection calls to plaintiff." *Id*. at *3. The court ruled otherwise, granting LiveVox's motion to dismiss the action with prejudice. *Id*. at *2. Because LiveVox provided "technological services through which its customers can make phone calls," the court reasoned that LiveVox functioned as a "carrier with no liability under the TCPA." *Id.* at *2; *see also Adzhikosyan*, 2019 WL 7856759 at *3 (granting a motion to dismiss a TCPA action by CallFire, a provider of mass SMS messaging services; the court stated that the "[p]laintiff's claim fails because he does not allege that [CallFire] decided whether, when, or to whom to send the messages").

Similarly, in *Meeks*, a plaintiff sued Yelp, an entity that provided a text messaging

---

did not impose liability on a carrier whose systems were used to make an unlawful call or message); *Adzhikosyan v. Callfire, Inc.*, No. CV 19-246 PSG (GJSX), 2019 WL 7856759, at *3 (C.D. Cal. Nov. 20, 2019) (same); *Selou v. Integrity Sol. Servs. Inc.*, No. CV 15-10927, 2016 WL 612756, at *5 (E.D. Mich. Feb. 16, 2016) (same); *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-CV-07129-YGR, 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018); *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. C13-1347-JCC, 2015 WL 778065, at *9 (W.D. Wash. Feb. 24, 2015) (granting summary judgment in favor of carrier on grounds that TCPA did not impose liability on a carrier whose systems were used to make an unlawful call or message); *Kauffman v. CallFire, Inc.*, 141 F. Supp. 3d 1044, 1047 (S.D. Cal. 2015) (same); *Payton v. Kale Realty, LLC*, 164 F. Supp. 3d 1050, 2016 WL 703869, at *1–2, *5–6 (N.D. Ill. Feb. 22, 2016) (same).

platform for text messages sent by a restaurant through the Yelp app to check the plaintiff's place in line. 2018 WL 1524067, at *2. Yelp moved to dismiss the TCPA action, arguing that the plaintiff failed to state a claim because Yelp, as an app provider, was not the entity that took the steps necessary to physically send the text message, but rather a "person[] or entit[y] . . . that might merely have some role, however minor, in the causal chain that results in the" sending of the message. *Id.* at *4 (citing *Dish Network, LLC*, 28 FCC Rcd. at 6583, ¶ 26). As such, Yelp argued that it did not initiate the text messages at issue. *Meeks*, 2018 WL 1524067, at *2. The court agreed, granting Yelp's motion to dismiss the action with prejudice. *Id.* at *4. Even though Yelp facilitated the transfer of the messages, the court reasoned that "app users, i.e., the Buffalo Wild Wings restaurants . . . and not Yelp, decided whether, when, and to whom to send the text messages." *Id.* The same reasoning applies with even more force in the present action, involving intermediate carriers well removed from either the original sender or recipient of the calls at issue.

Additionally, courts require some level of detail in order to allege a TCPA violation. *See Chapman v. Nat'l Health Plans & Benefits Agency, LLC*, 619 F. Supp. 3d 788, 796 (E.D. Mich. 2022) (noting that courts require "plaintiffs to provide some details" in describing a prerecorded message and sufficient information to give rise to the reasonable belief that an ATDS was used); *Mendez v. Optio Sols., LLC*, 219 F. Supp. 3d 1012, 1015–16 (S.D. Cal. 2016) ("The failure to include some information to assist Optio in identifying potentially relevant calls renders Mendez's TCPA claims just shy of a plausible entitlement to relief that cannot be cured through the discovery process.") (citation and internal quotation marks omitted). While Plaintiff alleges that he received prerecorded calls,

15

Plaintiff's FAC does not contain a single detailed allegation attributing any of the allegedly prerecorded calls to Onvoy. *See generally* FAC. Instead, Plaintiff alleges that Onvoy and other Carrier Defendants are liable under the TCPA for "knowingly transferring and routing calls containing prerecorded messages," but 47 U.S.C. § 227(b)(1)(A)(iii) only prohibits the making of such telephone calls; it does not include language prohibiting "knowingly transferring" such calls. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

As noted above, none of Plaintiff's thin allegations in Count III that are specific to Onvoy would support that Onvoy had any control over the timing, content, or method of making the calls. *See* FAC ¶ 40, 42, 44. An entity that does not originate the calls cannot be liable under the TCPA. *See, e.g.*, *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. C13-1347-JCC, 2015 WL 778065, *9 (W.D. Wash. Feb. 24, 2015) (granting summary judgment in favor of carrier on grounds that TCPA did not impose liability on a carrier whose systems were used to make an unlawful call or message); *Clark*, 2014 WL 309079, at *3 (granting motion to dismiss by telecommunications carrier on grounds that TCPA did not impose liability on a carrier whose systems were used to make an unlawful call or message); *Adzhikosyan*, 2019 WL 7856759, *3 (same).

### 2.     *Plaintiff fails to plead that Onvoy used artificial or pre-recorded voice in violation of the TCPA.*

Plaintiff's FAC also fails to state a cognizable TCPA claim in Count III because Plaintiff pleads no specific facts whatsoever to suggest Onvoy used an artificial or prerecorded voice. Plaintiff attempts to plead specific facts related to the use of an artificial or pre-recorded voice but makes no specific or independent reference to Onvoy. FAC

16

¶¶ 60, 79. Count III, by its plain language, requires Plaintiff to prove that Onvoy used "artificial or prerecorded voices." *See* 47 C.F.R. §§ 64.1200(a)(3), 64.1200(a)(1)(iii), 64.1200(b)(1); 47 U.S.C. §§ 227(b)(l)(B), 227(b)(1)(A)(iii), 227(d)(3)(A). Plaintiff offers no details as to how Onvoy, the VoIP provider in the middle of the call chain, made use of or caused an artificial or prerecorded voice to play. Count III should be dismissed for these separate reasons.

### D.    Plaintiff Fails to Plead Facts to Support an Intrusion upon Seclusion Claim.

In Oklahoma, intrusion upon seclusion is part of the general tort of invasion of privacy and has two elements: "(a) a nonconsensual intrusion (b) which was highly offensive to a reasonable person." *Gilmore v. Enogex, Inc.*, 878 P.2d 360, 366 (Okla. 1994). Intrusion upon seclusion requires allegations that the defendant's conduct was intentionally intrusive. *Carr v. Okla. Student Loan Auth.*, 699 F. Supp. 3d 1241, 1252 (W.D. Okla. 2023).

The FAC is devoid of particularized allegations to support a claim for intrusion upon seclusion against Onvoy. *See* FAC ¶¶ 86–93. The FAC is devoid of any particularized allegations regarding Onvoy's alleged intrusion and fails to allege any facts showing Onvoy engaged in intentionally intrusive conduct. *See* FAC ¶¶ 86–93. Though Plaintiff claims Onvoy routed 69 calls, he fails to allege that Onvoy had any awareness that the calls were directed to the same person, let alone specifically directed to Plaintiff. *See* FAC ¶ 47. In *Salmon v. CRST Expedited, Inc.*, the Northern District of Oklahoma dismissed a similar claim where plaintiff failed to allege that the defendant was responsible for any of the calls. No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016). The court

stated that "the allegations of the amended complaint do not support an inference that [defendant] had any responsibility for the calls received by plaintiff. Even if plaintiff viewed the calls as an invasion of privacy, he must sufficiently allege that the defendant actually committed an intrusive act." *Id*. The Court should dismiss Count V as it relates to Onvoy.

> E.    **Plaintiff Fails to Plead Facts to Support a Negligence Per Se Claim.**

Plaintiff alleges that 47 U.S.C. § 227(e) imposes a statutory duty on Onvoy and other defendants. To state a claim for negligence per se, "a plaintiff must show that the statutory violation caused the injury, the injury was the type intended to be prevented by the statute, and the injured party must be one of the class intended to be protected by the statute." *See Jarell v. Haaji*, 800 F. Supp. 3d 1197, 1200–01 (W.D. Okla. 2025) (internal quotation marks and citation omitted). A negligence per se claim will "borrow the underlying statutory standard of care" and replace the reasonable care standard only if the statute imposes positive objective standards. *Id*.

Plaintiff alleges that the Truth in Caller ID Act creates a statutory duty not to "transmit misleading caller identification information with the intent to defraud or cause harm." FAC ¶ 95. However, the plain language of the Truth in Caller ID Act is dual pronged; it prohibits persons from "*knowingly* transmit[ting] misleading or inaccurate caller identification information with the *intent* to defraud [or] cause harm." *See* 47 U.S.C. § 227(e) (emphasis added).

Plaintiff fails to allege sufficient facts to show that Onvoy knowingly transmitted

18

4931-7972-6252, v. 4

misleading or inaccurate caller ID information with an intent to defraud or cause harm. FAC ¶¶ 94–98. Plaintiff alleges that Onvoy breached this duty by "failing to authenticate call origins" and "knowingly facilitating the transmission of spoofed calls." FAC ¶ 97. These claims fall short of alleging any intent on the part of Onvoy. Plaintiff's allegations merely attempt to answer the knowledge requirement, without making any reference to Onvoy's intent. Further, Plaintiff's allegations that Onvoy acted knowingly are also insufficient as Plaintiff alleges no other facts as to Onvoy's knowledge regarding the transmission of accurate caller ID information. FAC ¶ 97. In short, Plaintiff's bare allegations are deficient, and Count VI should be dismissed.

Additionally, while Oklahoma courts may allow federal statutes to serve as the basis for a negligence per se claim, they may only do so where the standard imposed is fixed and objective. *See Smith v. Barker*, 419 P.3d 327 (Okla. Civ. App. 2017) ("A negligence per se instruction is not appropriate where the terms of the statute do not impose positive objective standards."). The standard imposed by 47 U.S.C. § 227(e) requires intent, which is not a fixed and objective standard. *See Conway v. Lone Star Transportation, LLC*, No. 19-CV-0658-CVE-FHM, 2020 WL 609750, at *3 (N.D. Okla. Feb. 7, 2020) (holding that "driving a vehicle 'in willful or wanton disregard for the safety of persons or property' is not a positive objective standard"). Because 47 U.S.C. § 227(e) does not impose a fixed and objective standard, Plaintiff's negligence per se claim fails.

> **F.     This Motion Is Ripe for Treatment as a Motion for Summary Judgment.**

Alternatively, this Court should grant summary judgment in favor of Onvoy under

19

Rule 56 of the Federal Rules of Civil Procedure. Onvoy's attached declaration establishes Onvoy's position as an intermediate carrier that does not initiate calls. Ex. 1, Graham Decl. ¶¶ 4–5. Further, HLV Ventures, World Harvest Church, and South Bay Galleries LLC are not customers of Onvoy, and Onvoy has not provided any of these entities with VoIP services. *Id.* ¶ 6. Accordingly, this case is ripe for dismissal whether treated as a motion to dismiss or summary judgment motion. *See United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 753 (10th Cir. 2019) ("When a district court relies on material outside the complaint to resolve a Rule 12(b)(6) motion, it ordinarily must convert that motion 'into a motion for summary judgment.'") (quoting *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005)); *see also* Fed. R. Civ. P. 12(d). Additional discovery or development of this case is unnecessary to resolve the claims against Onvoy because the attached declaration dispositively establishes that Onvoy was simply acting as an intermediate carrier.

## V.   CONCLUSION

For the foregoing reasons, the Court should grant Onvoy's motion and dismiss Plaintiff's claims against it with prejudice.

Dated: May 15, 2026

Respectfully submitted,


*/s/ Nicholas V. Merkley*
Nicholas ("Nick") V. Merkley, OBA No. 20284
Gerard D'Emilio, OBA No. 33496
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
NMerkley@gablelaw.com
GDemilio@gablelaw.com

and

Heidi Rasmussen, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Telephone: +1.713.890.5000
heidi.rasmussen@morganlewis.com

Natalie Georges, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
natalie.georges@morganlewis.com

***Attorneys for Onvoy, LLC***

21

4931-7972-6252, v. 4

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing and served on the following via First-Class United States Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129

*/s/ Nicholas V. Merkley*
Nicholas V. Merkley

4931-7972-6252, v. 4