## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. CIV-25-1134-D |
| | ) | |
| ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT LEVEL 3 COMMUNICATIONS, LLC'S
### MOTION TO DISMISS AMENDED COMPLAINT AND BRIEF IN SUPPORT

Plaintiff Anthony Trupia's Amended Complaint [Doc. No. 48] is another unsuccessful attempt to state a plausible claim against Level 3 Communications, LLC over unwanted phone calls. Recognizing he is unable to allege direct liability, he pivots to a theory of vicarious liability: that telecommunications providers like Level 3 can be liable for any and all calls they transmit which may violate the Telephone Consumer Protection Act (TCPA). But this theory fails for familiar reasons: he has not alleged any facts supporting a plausible inference that Level 3 engaged in any unlawful conduct.

By Mr. Trupia's own allegations, the calls Level 3 transmitted did not violate the TCPA—they did not use an automated telephone dialing system (an autodialer), play a pre-recorded message, or display spoofed caller ID numbers. Nor does Mr. Trupia plausibly allege that Level 3 had an agency relationship with the parties that initiated the calls or any control or even involvement in the content of the calls. In short, Mr. Trupia still has no plausible claim against Level 3.

The Court should dismiss the Amended Complaint as to Level 3 with prejudice.

## BACKGROUND

### I.    The Parties

Mr. Trupia resides in Oklahoma. (Am. Compl. ¶ 7.) He purports to be an expert on filing *pro se* claims under the TCPA. *See* The Short Straw, *How I made $100,000 in One Year Suing Spam Callers, and You Could Too!* (YouTube, Oct. 7, 2024), https://www.youtube.com/watch?v=FfoNM9CHupY.

Level 3 Communications, LLC is a Delaware limited liability. (Am. Compl. ¶ 10.) It provides telecommunications services including Voice over Internet Protocol (VoIP). (*Id.*) VoIP is a technology that transmits phone calls over the Internet, as opposed to the traditional public switched telephone network. *See generally* 47 U.S.C. § 153(25); 47 C.F.R. § 9.3. The Amended Complaint refers to Level 3 as one of three "common carrier" defendants. (Am. Compl. ¶¶ 42, 46.)

### II.    Procedural History

This action is Mr. Trupia's second involving Level 3. In April 2024, Mr. Trupia filed a petition against Level 3, other named defendants, and 100 John Doe defendants [Doc. No. 1-1, *Trupia v. Heritage Hard Assets, LLC*, Case No. CIV-24-498 (D. Okla.)]. In February 2025, after the petition was removed, the Court dismissed the petition for failure to satisfy Rule 8, with permission to seek leave to amend [Doc. No. 101, Case No. CIV-24-498]. After Mr. Trupia did not seek leave to amend, the Court entered judgment dismissing the action without prejudice [Doc. No. 103, Case No. CIV-24-498].

In September 2025, Mr. Trupia commenced this action [Doc. No. 1]. In November 2025, Level 3 moved to dismiss under Rule 12(b)(6) [Doc. No. 7]. In April 2026, the

Court granted Mr. Trupia leave to amend his complaint [Doc. No. 47]. In May 2026, Mr. Trupia filed the Amended Complaint [Doc. No. 48].

### III.   Mr. Trupia's Allegations

The Amended Complaint asserts a broad "coordinated telesales arbitrage scheme" in which Mr. Trupia received "over 100 unsolicited phone calls and text messages" in 2023 and 2024. (Am. Compl. 7.) According to Mr. Trupia, there were three roles in this "scheme": (1) "John Doe" defendants who "sold" Mr. Trupia's cell phone number to others; (2) the "Seller Defendants" who made unwanted sales calls to Mr. Trupia; and (3) the "Carrier Defendants," including Level 3, who provide telecommunications services for phone calls to complete. (*Id.* ¶¶ 32-49, 66-68.)

The Amended Complaint identifies three calls by co-defendants that allegedly transmitted across Level 3's VoIP network:

1.   A call from Reagan Gold Group, LLC in November 2023. (*Id.* ¶ 34.)

2.   A call from Kyle Patton and counsel in February 2024. (*Id.* ¶ 32.)

3.   A call from Confidence Ford of Norman in May 2024. (*Id.* ¶ 38.)

The Amended Complaint also includes an Exhibit A purporting to be a "log" of "violating" calls and the "originating common carrier provider, where data was available." (Am. Compl. 7). Mr. Trupia claims that Level 3 "is responsible for at least 12 of these calls." (*Id.* ¶ 49.)[1] But the call log does not include any relevant details about the

---

[1] Exhibit A to the Amended Complaint reflects that the Confidence Ford call was transmitted by non-party Peerless Network, LLC, not Level 3 [Doc. No. 48-1, at 7].

calls, such as whether they were placed with an autodialer, played a prerecorded message, or had spoofed caller ID information [Doc. No. 48-1].

Based on the three calls described in the Amended Complaint, and the others generically listed in Exhibit A, Mr. Trupia asserts six claims against Level 3:

- Alleged violations of the Oklahoma Telephone Solicitation Act (OTSA) for unlawful use of an automated system and caller ID spoofing (Counts I and II);

- Alleged violations of the TCPA for unlawful use of an autodialer and pre-recorded voice (Counts III and IV);

- Invasion of privacy and negligence under Oklahoma law (Counts V and VI).

Notably, Mr. Trupia does not allege that Level 3 ever placed any of the phone calls at issue in this action. Instead, Mr. Trupia alleges that Level 3 has "vicarious liability" for the calls placed by others under a "ratification" theory. (Am. Compl. ¶¶ 72, 76, 85.)

**LEGAL STANDARD**

To overcome a Rule 12(b)(6) motion, the Amended Complaint "must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Allegations that are "legal conclusions," "threadbare recitals of the elements of a cause of action," or "conclusory statements" are "not entitled to the assumption of truth." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018). "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). A claim is plausible only "when the pleaded factual content allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

**ARGUMENT**

**I.    The Amended Complaint Does Not Allege That Level 3 Transmitted Calls That Were Unlawful (Counts I-IV).**

Mr. Trupia does not identify any specific call transmitting across Level 3's network that violated any provision of the TCPA or the OTSA. These statutes prohibit certain calls made with spoofed caller ID information, the use of an auto-dialer, and pre-recorded messages. *See* 47 U.S.C. §§ 227(b)(1)(A), 227(b)(1)(B); Okla. Stat. tit. 15 § 775C.1 et seq. But none of those prohibitions are implicated by the three calls specifically referenced in the Amended Complaint.

First, Plaintiff does not allege that Level 3 "cause[d] a commercial telephonic sales call to be made to fail to transmit or cause not to be transmitted the originating telephone number." Okla. Stat. tit. 15 § 775C.3(B).

- The Amended Complaint does not identify the caller ID information for the Patton call. (Am. Compl.¶ 32.) Exhibit A lists a call from Patton on the relevant date (February 11, 2024) as involving non-party Vonage Holdings Corporation, not Level 3 [Doc. No. 48-1].

- The Reagan Gold Group call was placed from phone number (310) 424-4206. (Am. Compl. ¶ 34.) "310" is a Los Angeles area code, and Reagan Gold Group is based in Los Angeles. See Reagan Gold Group, https://www.reagangoldgroup.com (last visited May 11, 2026).

- The Confidence Ford of Norman call was placed from phone number (405) 217-0169. (Am. Compl. ¶ 38.) "405" is an Oklahoma area code, and Confidence Ford of Norman is based in Norman. (*Id.* ¶ 18.)

5

Nothing in the Amended Complaint indicates that the caller ID number for these calls was not the originating number, let alone that Level 3 "caused" it.

Second, the Amended Complaint's autodialer theory—that many callers who dialed Mr. Trupia's phone number asked to speak with a "Howard Ship" (*id.* ¶¶ 3-4)—does not appear to cover the three specific calls transmitted across Level 3's network. (*Id.* ¶¶ 32, 34, 38.) But even if it did, the allegations are inadequate to show the use of an unlawful autodialer generally, or Level 3's role with it as to these calls. The TPCA and OTSA prohibit certain calls made using "any automatic telephone dialing system" or "an automated system for the selection or dialing of telephone numbers." 47 U.S.C. § 227(a)(1)(A); Okla. Stat. tit. 15 § 775C.3(A). As the Supreme Court has explained when construing the meaning of an "automatic" dialing "system," the prohibition extends only to machines that "in all cases, whether storing or producing numbers to be called, . . . use a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 404 (2021). In other words, "[t]he key criteria is that calls are made to telephone numbers created through the use of a random or sequential number generator." *Jones v. Safr Tech.'s, Inc.*, 793 F. Supp. 3d 362, 368 (D. Mass. 2025).

It is not plausible that a disparate group of telemarketing firms each separately used an autodialer, every time, that randomly generated Mr. Trupia's phone number— and that everyone decided to ask to speak with a "Howard Ship." Instead, when the same individual receives multiple contacts of the same type, the only plausible inference to draw is that the customer's number was not generated sequentially or randomly. *See id.* ("The text messages Defendants sent were clearly targeted to operators of NEMT

businesses, a niche audience that cannot be effectively targeted using telephone numbers generated randomly") Therefore, it is not plausible that any of the Howard Ship calls could be the basis for liability under the TCPA or OTSA for use of an autodialer.

Third, Mr. Trupia does not allege that any of the three specific calls transmitted by Level 3 used "an artificial or prerecorded voice to deliver a message" or "the playing of a recorded message." 47 U.S.C. § 227(b)(1)(B); Okla. Stat. tit. 15 § 775C.3(A). It is not plausible that a VoIP provider like Level 3 knows the purpose of any given phone call that may transmit across its network, let alone that the call involves a prerecorded voice.

In sum, the Amended Complaint does not allege any basis to plausibly infer that Level 3 violated the TCPA or OTSA in connection with any calls it transmitted. Counts I-IV fail to state a claim for direct liability.

## II. The Amended Complaint Does Not Show That Level 3 Has "Vicarious Liability" For "Ratifying" Any Calls (Counts I, II, and VI).

Unable to establish any direct liability under the TCPA or OTSA, Mr. Trupia pivots to a novel "vicarious liability" theory against Level 3 and other carriers. (Am. Compl. ¶¶ 72, 76, 85.) But here too, the Amended Complaint fails to allege sufficient facts to support a plausible inference of liability.

According to Mr. Trupia, Level 3 is liable for ratifying unspecified "ghost calls" and "neighbor spoofing" calls made at unspecified times by unknown John Doe defendants. (*See, e.g.*, *id.* ¶¶ 70, 72, 74.) This theory requires stacking multiple inferences—that unspecified calls by unknown persons to Mr. Trupia's number were all made using an autodialer, a prerecorded voice, and/or spoofed caller ID information in

7

violation of the TCPA; and that Level 3 knew all that and did not prevent the calls from transmitting. But, of course, this is all speculation—no facts support these conclusions.

Courts have recognized circumstances where federal common law agency principles may support extending liability under the TCPA to a person who did not make or initiate a call. *See, e.g.*, *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1072 (9th Cir. 2019); *Usanovic v. Americana, L.L.C.*, 775 F. Supp. 3d 1133 (D. Nev. 2025), appeal filed *Usanovic v. Americana, LLC*, No. 25-2263 (9th Cir. Apr. 8, 2025); *In re Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013). But Mr. Trupia does not allege an actual agency relationship between Level 3 and any of the John Doe defendants—and he cannot, as an agency relationship requires some showing of how Level 3 could have controlled or had the right to control the "manner and means" of unknown defendants' unspecified calls. *Usanovic*, 775 F. Supp. 3d at 1140.

Nor can Mr. Trupia show that Level 3 "ratified" the unknown callers' actions by accepting the benefits of these specific calls with either full knowledge or willful ignorance of their illegality. *Id.* at 1141 ("Plaintiffs do not allege that [Defendant] knew that the real estate agents were making calls that violated the TCPA."); *Henderson*, 918 F.3d at 1075. The Amended Complaint offers no plausible basis to infer Level 3 knew that every (or any) call it transmitted to Mr. Trupia's number was unlawful under the TCPA or OTSA. Generic allegations about industry "tracebacks" of certain robocalls in an unrelated period, services provided to a non-party, unrelated civil proceedings, and online customer service complaints are irrelevant. (Am. Compl. ¶ 45.) And this pleading void cannot be overcome with the conclusory allegation that Level 3 "had actual

knowledge" about the general possibility that bad actors may employ an autodialer or spoof caller ID information in an unlawful manner. (*Id.* ¶¶ 72(c), 76(b), 85.)

The Amended Complaint's theory of vicarious liability is conclusory. There is no plausible basis to infer how or why Level 3 has liability for "ratifying" the specific calls received by Mr. Trupia. Counts I, II, and IV fail to state a claim for vicarious liability.

## III.    The Remaining State Law Tort Claims Also Fail (Counts V-VI).

### A.    Common law invasion of privacy.

Mr. Trupia alleges that the handful of calls Level 3 transmitted were part of "a singular, massive, and coordinated invasion of privacy." (Am. Compl. ¶ 87.) He further alleges that Level 3's conduct "was 'highly offensive to a reasonable person' due to the volume of surveillance calls." (*Id.* ¶ 93.)

The tort of intrusion upon seclusion requires a showing of "(a) a nonconsensual intrusion (b) which was highly offensive to a reasonable person." *Gilmore v. Enogex, Inc.*, 878 P.2d 360, 366 (Okla. 1994). "Th[e] tort is not available [to] every intrusion upon a person's privacy." *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016). Courts must balance the legitimate interests served by the alleged conduct against the privacy concerns implicated to determine whether an alleged intrusion was highly offensive. *See Gilmore*, 878 P.2d at 366-67; *see also Munley v. ISC Fin. House, Inc.*, 584 P.2d 1336 (Okla. 1978) (collection agents' repeated attempts to contact debtor not highly offensive).

Count V fails to state a claim. The Amended Complaint does not allege facts showing that Level 3 repeatedly called Mr. Trupia's phone number, or that Level 3 had

any knowledge of who initiated any calls to his number or whether he did or did not consent to receiving any such calls. All that is alleged is that Level 3 offered VoIP services to transmit calls made by other persons. Mr. Trupia does not allege any facts to support an inference that a reasonable person with a cellular phone would find the transmission of the three calls identified in the Amended Complaint, or the few others listed in Exhibit A, were so obviously invasive as to be "highly offensive." *See also Salmon*, 2016 WL 47876, at *5 (noting Oklahoma law looks to the Restatement (Second) of Torts § 652B which suggests that there should be "no liability" for intrusion upon seclusion for "knocking at plaintiff's door, or calling him to the telephone on one occasion or even two or three").

### B.    Negligence per se (Count VI)

Finally, Mr. Trupia asserts a claim of negligence per se, alleging that Level 3 breached a statutory duty under the TCPA by transmitting "misleading caller identification information with the intent to defraud or cause harm." (Am. Compl. ¶ 95.) Level 3 has not identified any authority supporting that an alleged violation of 47 U.S.C. § 227(e) could be a basis for a state-law negligence claim. But even if such a tenuous legal theory were viable, there is no factual support for this claim. Mr. Trupia has not identified, either in the Amended Complaint or Exhibit A, any calls transmitted by Level 3 which contained "misleading or inaccurate caller identification information." 47 U.S.C. § 227(e)(1). Nor does the Amended Complaint plausibly show that Level 3 provided VoIP telecommunications services "with the intent to defraud, cause harm, or wrongfully obtain anything of value." *Id*. Count VI also fail to state a claim.

**CONCLUSION**

Mr. Trupia has still failed to allege any plausible claim for relief against Level 3.

The Court should dismiss the Amended Complaint as to Level 3 with prejudice.

Dated:  May 15, 2026                              Respectfully submitted,


                                                  By:  s/
                                                       JOHN H. TUCKER, OBA 9110
                                                       jtucker@rhodesokla.com
                                                       RHODES HIERONYMUS JONES TUCKER &
                                                       GABLE
                                                       P.O. Box 21100
                                                       Tulsa, Oklahoma 74121-1100
                                                       (918) 582-1173; (918) 592-3390 [fax]
                                                       Attorney for Defendant, Level 3
                                                       Communications, LLC

                                                       Andrew M. Unthank (CO Bar #36832)
                                                       (Pro hac vice anticipated)

                                                       Wheeler Trigg O'Donnell LLP
                                                       370 Seventeenth Street, Suite 4500
                                                       Denver, CO 80202-5647
                                                       Telephone:  303.244.1800
                                                       Facsimile:  303.244.1879
                                                       Email:      unthank@wtotrial.com

                                                       Attorneys for Level 3 Communications, LLC

12

<u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on May 15, 2026, I electronically transmitted the above and foregoing to the Plaintiff, Pro Se, via email at his email address, and to the Clerk of the Court using the Court's ECF system for filing and transmittal of a Notice of Electronic Filing to the ECF registrants:

*Plaintiff Pro Se*:
Anthony Trupia                                   trupiaar@gmail.com
605 SE 21st St.
Oklahoma City, OK 73129

*Counsel for Defendant, HLV Ventures, Reagan Gold Group LLC, and South Bay Galleries LLC*:
Mark Banner                                      mbanner@hallestill.com
Aaron C. Tifft                                   atifft@hallestill.com
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON
521 E. 2nd Street, Suite 1200
Tulsa, OK  74120

*Counsel for Defendant Telnyx, LLC*:
Brooks A. Richardson                             brichardson@gablelaw.com
GABLEGOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK  73102

*Counsel for Defendants, Heritage Hard Assets LLC, Kyle Patton, Zachary D. Ludens, and Zebersky Payne Shaw Lewenz, LLP*:
Zachary D. Ludens                                zludens@zpllp.com
ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 Southeast 6th Street, Ste. 2900
Fort Lauderdale, FL  33301

*Counsel for Defendant, Onvoy, LLC*:
Nicholas V. Merkley                              nmerkley@gablelaw.com
Gerard M. D'Emilio                               gdemilio@gablelaw.com
GABLE GOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK  73102

Heidi Rasmussen                                  Heidi.rasmussen@morganlewis.com

1

MORGAN LEWIS & BOCKIUS LLP
1000 Louisiana St., Ste 4000
Houston, TX 77002-5005

Ezra D. Church                                                    ezra.church@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921


s/ _____