**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

ANTHONY TRUPIA,

      Plaintiff,

v.                                      Case No. CIV-25-1134-D

HERITAGE HARD ASSETS LLC, et. al,

      Defendants.

_____/

**DEFENDANTS HERITAGE HARD ASSETS LLC AND KYLE PATTON'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT
AND MEMORANDUM OF LAW IN SUPPORT**

## TABLE OF CONTENTS

*Table of Contents* ...............................................................................................*i*

*Table of Authorities* ...........................................................................................*ii*

*Preliminary Statement* .......................................................................................*1*

   I.   **Background** ..............................................................................................1

   II.  **The Claims Against Defendants Should Be Dismissed With Prejudice** ..........3

*Argument*............................................................................................................*3*

   I.   **Legal Standards** .....................................................................................3
      A.  Rule 12(b)(2) Motions to Dismiss for Lack of Personal Jurisdiction.................3
      B.  Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim..........................4

   II.  **The Court Lacks Personal Jurisdiction over Defendants**................................4
      A.  Plaintiff Failed to Allege Specific Jurisdiction over Defendants........................5
      B.  Defendants Lack Minimum, Purposeful Contacts with Oklahoma ....................8

   III.  **Plaintiff Fails to State a Claim Against Defendants** .....................................8
      A.  The Claims Fail to Satisfy Ordinary Notice Pleading Standards........................8
      B.  The Amended Complaint Fails to Allege That Patton Is Liable for Heritage's Alleged Misconduct...............................................................................................10
      C.  The Complaint Fails to State a Claim Against Defendants ...............................12
         1.  Counts I, II, IV: Failure to Allege Ratification/Vicarious Liability..............12
         2.  Counts I, II, IV, and VI: Automated and Artificial Voice Calls and Failure to State Solicitors Name or Purpose .........................................................................13
         3.  Count VI: Failing to Transmit Caller's Telephone Number .........................14
         4.  Count V: Invasion of Privacy by Intrusion upon Seclusion.........................14
         5.  Count VI: Negligence Per Se ......................................................................15
         6.  Count VII: Personal Liability Against Patton ..............................................16

*Conclusion*.......................................................................................................*16*

*Certificate of Service*.......................................................................................*17*

<u>**T**ABLE OF **A**UTHORITIES</u>

**Page(s)**

<u>**Cases**</u>

*Aikens v. Synchrony Fin.*,
  2015 WL 5818911 (E.D. Mich. July 31, 2015)........................................................................14

*Amazon Fire Ins. Co. v. Bond*,
  165 P. 414 (Okla. 1917) ...........................................................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................................4, 8, 10

*Braver v. Clear Sky Fin., LLC*,
  No. CIV-22-710-R, 2023 WL 5439224 (W.D. Okla. Aug. 23, 2023) ..........................11

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ....................................................................................................................8

*Calder v. Jones*,
  465 U.S. 783, (1984) ..............................................................................................................5, 6

*Canal Ins. Co. v. Montello, Inc.*,
  822 F. Supp. 2d 1177 (N.D. Okla. 2011) ................................................................................11

*Clark v. Avatar Techs. PHL, Inc.*,
  No. H-13-2777, 2014 WL 1342033 (S.D. Tex. Apr. 3, 2014) ................................................15

*Coleman v. Farnsworth*,
  90 F. App'x 313 (10th Cir. 2004)...............................................................................................4

*Curry v. Synchrony Bank, N.A.*,
  2015 WL 7015311 (S.D. Miss. Nov. 12, 2015) ......................................................................14

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*,
  946 F.3d 1223 (10th Cir. 2020)........................................................................................5, 7, 8

*Doane v. Syed*,
  No. 1:19-CV-00111-JPB, 2020 WL 11191696 (N.D. Ga. Jan. 13, 2020) ......................15

*Doane v. Tele Cir. Net. Corp.*,
  852 F. App'x 404 (11th Cir. 2021).......................................................................................15

*Doyle v. JTT Funding, Inc.*,
  2019 WL 13037025 (C.D. Cal. Dec. 2, 2019)........................................................................11

*Eighteen Seventy, LP v. Jayson*,
  32 F.4th 956 (10th Cir. 2022).........................................................................................3, 4, 8

*Facebook, Inc. v. Duguid*,
  592 U.S. 395 (2021) ..................................................................................................................13

*Free Conferencing Corp. v. Comcast Corp.*,
  No. CV154076FMOPJWX, 2016 WL 7637664 (C.D. Cal. May 31, 2016)..................15

*Gould v. Wyse*,
No. 22-2075, 2023 WL 4994511 (10th Cir. Aug. 4, 2023)............................................4

*Grajales v. Genesco, Inc.*,
No. 8:23-CV-420-SCB-TGW, 2023 WL 5522698 (M.D. Fla. Aug. 28, 2023).............14

*Guadnola v. Hawaii Dep't of Educ.*,
No. CIV-19-1114-G, 2021 WL 1093099 (W.D. Okla. Mar. 22, 2021) ...............4, 5, 7, 8

*Hart v. Salois*,
605 F. App'x 694 (10th Cir. 2015)..................................................................10

*In re White*,
No. 20-12251-SAH, 2021 WL 450992 (Bankr. W.D. Okla. Feb. 8, 2021) ...................10

*Integrated Bus. Techs.*,
2016 WL 4742306 ......................................................................................14

John Does.  *Gregory v. Lindamood Heavy Hauling, Inc.*,
No. CIV-22-327-R, 2022 WL 2792203 (W.D. Okla. July 15, 2022) ......................12, 13

*Legacy Funeral Grp., LLC v. Damiano*,
No. 4:19-CV-04686, 2020 WL 6731472 (S.D. Tex. July 20, 2020)..............................7

*Magluta v. Samples*,
256 F.3d 1282 (11th Cir. 2001) .......................................................................9

*Mighty Siren, LLC v. Bates*,
No. CIV-21-788-R, 2022 WL 844200 (W.D. Okla. Mar. 21, 2022) ..............................6

*Montgomery v. Cap. One Bank (USA), N.A.*,
No. CV 22-347-SDD-SDJ, 2023 WL 2705860 (M.D. La. Mar. 14, 2023)....................13

*Rambo v. Am. S. Ins. Co.*,
839 F.2d 1415 (10th Cir. 1988) ........................................................................5

*Robbins v. Oklahoma*,
519 F.3d 1242 (10th Cir. 2008) ........................................................................8

*Salmon v. CRST Expedited, Inc.*,
No. 14-CV-0265-CVE-TLW, 2016 WL 47876 (N.D. Okla. Jan. 4, 2016)....................15

*Segal v. Forastero, Inc.*,
322 So. 3d 159 (Fla. Dist. Ct. App. 2021).........................................................11

*Shaffer v. Heitner*,
433 U.S. 186 (1977) ......................................................................................5

*Southwell v. Allstate Prop. & Cas. Co.*,
No. 20-CV-01272-PAB-KMT, 2020 WL 4287194 (D. Colo. July 27, 2020) ...........9, 10

*St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*,
605 F.2d 1169 (10th Cir. 1979) .........................................................................1

*Trumper v. GE Capital Retail Bank*,
Civ. No. 2:14–cv–01211 (WJM), 2014 WL 7652994 (D.N.J. July 7, 2014).................14

*Williams v. Johnson*,
No. 6:24-CV-241-JAR, 2026 WL 1182022 (E.D. Okla. Apr. 30, 2026).......................13

*XMission, L.C. v. Fluent LLC*,
955 F.3d 833 (10th Cir. 2020).....................................................................4, 7, 8

**Statutes**

47 U.S.C. § 227(e) ..................................................................................... 15, 16

Oklahoma Statutes Title 15, § 775C.3 ............................................................. 12

**Rules**

Federal Rule of Civil Procedure 8 .................................................................. 1, 2

Federal Rule of Civil Procedure 12 ........................................................ 1, 2, 3, 4

Tenth Circuit Rule 42.1 .................................................................................... 2

Defendants Heritage Hard Assets LLC ("Heritage") and Kyle Patton, individually and as Manager/Officer of Heritage ("Patton"), (collectively, "Defendants"), by and through undersigned counsel of record, and, pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(2), and 12(b)(6), hereby respectfully request that this Court enter an Order dismissing the First Amended Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief (Dkt. 48) (the "Amended Complaint") against them with prejudice[1] for the reasons stated herein.

PRELIMINARY STATEMENT

### I.    Background

Plaintiff Anthony Trupia ("Plaintiff") is a self-described "professional" plaintiff who files complaints against dozens of defendants in courts throughout the country, with all fifty states' attorneys general, and state bar grievance committees.  On April 22, 2024, Plaintiff filed a complaint[2] in Oklahoma state court.[3]  That case was subsequently removed

---

[1] For the Court's edification, this is Defendants' third motion to dismiss the claims against it asserted by Plaintiff Anthony Trupia.  In the first action, 5:24-cv-00498, Defendants moved to dismiss on many of the same grounds raised in this motion (Dkt. 60 in 5:24-cv-00498).  The Court ultimately granted the motions on the basis of Rule 8 violations without reaching the threshold question of if Plaintiff had even pleaded personal jurisdiction over Defendants. (Dkt. 101 in 5:24-cv-00498).  In this action, Defendants also moved to dismiss Plaintiff's first Complaint (Dkts. 11, 12), which was then mooted by the Court's Order granting Plaintiff leave to amend (Dkt. 47).  Now, for a third time, Defendants move to dismiss Plaintiff's claims, now with prejudice.

[2] Plaintiff stylized the Complaint as a "Petition."

[3] In *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979), the Tenth Circuit noted that "Further, it has been that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  Given that Plaintiff noted in ¶ 1 that "Plaintiff believes State Jurisdiction is more appropriate for TCPA related claims, but this claim was dismissed without prejudice February 25, 2025, under FRCP 8, see *Trupia v. Heritage et al, 5:24-cv-00498-SLP*,

to federal court. *See Trupia v. Heritage et al*, Case No. 5:24-cv-00498-SLP (W.D. Ok. 2024). On June 27, 2024, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). *See id*. at Dkt. 60. In response, Plaintiff failed to challenge Defendants' grounds for dismissal based on personal jurisdiction. *See id*. at Dkt. 61. On February 3, 2025, the Court issued an order granting Defendants' motion to dismiss on the grounds that Plaintiff failed to satisfy Rule 8. *Id*. at Dkt. 101. However, the Court allowed Plaintiff to "file a motion—on or before February 24, 2025—for leave to amend his pleading to comply with Rule 8." *Id*. at Dkt. 102. "The Court warned Plaintiff that if he failed to do so, it would enter judgment dismissing this action." *Id*. Plaintiff did not move for leave to amend within the deadline. *Id*. Thereafter, Judgment was entered wherein Plaintiff's action was dismissed without prejudice. *Id*. at Dkt. 103.[4]

Rather than amending his pleading, after first appealing to the Tenth Circuit, *Trupia v. Heritage Hard Assets*, Case No. 24-6229 (10th Cir. 2024), Plaintiff filed the instant action which includes most of the same claims against Defendants arising from the same transaction or occurrence.

---

without remand, and thus Plaintiff submits to the jurisdiction of OKWD as required and refiles as allowed," this Court may properly take notice of the first action initiated by Plaintiff against Defendants.

[4] Moreover, Plaintiff filed a notice of appeal which was subsequently dismissed for lack of prosecution pursuant to Tenth Circuit Rule 42.1. *Id*. at Dkts 95, 98.

[2846859/2]                                   2

**II.      The Claims Against Defendants Should Be Dismissed With Prejudice**

The Amended Complaint should be dismissed with prejudice for the following reasons.  First, Plaintiff failed to meet even his *initial pleading burden* to establish personal jurisdiction over Defendants despite the first Motion to Dismiss.  None of the Defendants are domiciled in Oklahoma for general jurisdiction, and Plaintiff makes no allegations to establish specific jurisdiction.  Second, the Amended Complaint is an impermissible "shotgun pleading" as the claims improperly reference all defendants collectively, making it nearly impossible for Defendants to discern which claims and allegations apply to them.[5] Third, Plaintiff failed to allege that *these* Defendants utilized auto dialer or that any purported call from *these* Defendants calls were emblematic of unattended calls.  Fourth, the elements of each cause of action are inadequately pled.

For these and other reasons, Defendants and the claims against them should be dismissed with prejudice.

**ARGUMENT**

**I.      Legal Standards**

**A.      Rule 12(b)(2) Motions to Dismiss for Lack of Personal Jurisdiction**

On Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to prove personal jurisdiction over *each* defendant.  *See Eighteen Seventy,*

---

[5] For instance, though Plaintiff alleges "hundreds" of calls in multiple places in the Amended Complaint (Dkt. 48 ¶¶ 54, 59, 70, 87, § V), it takes a relative parsing of the Amended Complaint to see that he is suing Defendants over just *one* call that was made prior to his sending a demand to resolve.  Instances such as this merit dismissal as a shotgun pleading or reference to the prior action to see that there is not adequate pleading of personal jurisdiction of Defendants.

[2846859/2]                                              3

*LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022); *Gould v. Wyse*, No. 22-2075, 2023 WL 4994511, at *2 (10th Cir. Aug. 4, 2023).  If the Court rules on such a motion without an evidentiary hearing, the plaintiff must make a *prima facie* showing of jurisdiction based on "uncontested" factual allegations, and conclusory allegations are ignored.  *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020); *see also Jayson*, 32 F.4th at 964; *Gould*, 2023 WL 4994511, at *2.  Allegations in the Complaint are not accepted as true if controverted by defendant's affidavits, but factual disputes in conflicting affidavits are resolved in Plaintiff's favor.  *Guadnola v. Hawaii Dep't of Educ.*, No. CIV-19-1114-G, 2021 WL 1093099, at *1 (W.D. Okla. Mar. 22, 2021).

> **B.**    **Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim**

Under Rule 12(b)(6), a Complaint should be dismissed unless it alleges sufficient facts to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts must accept all factual allegations as true, but legal "conclusions[] and a formulaic recitation of the elements of cause of action will not do," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007), nor will "allegations [that] are contradicted by [] other allegations," *Coleman v. Farnsworth*, 90 F. App'x 313, 316 (10th Cir. 2004).

## II.    The Court Lacks Personal Jurisdiction over Defendants

The Court should dismiss Defendants and the claims against them with prejudice for lack of personal jurisdiction.  The Amended Complaint concedes that Defendants are domiciled only in Florida, so Oklahoma lacks general jurisdiction over them.  (Dkt. 48 ¶¶ 13–14); *see also Guadnola*, 2021 WL 1093099, at *2.  Thus, only specific jurisdiction

[2846859/2]                                4

could apply, but as shown below, the Court lacks specific jurisdiction over Defendants. *See id.* (noting that jurisdiction is "either general . . . or specific").

### A. Plaintiff Failed to Allege Specific Jurisdiction over Defendants

The two-part legal analysis for specific jurisdiction "collapses into the single due process inquiry" because the jurisdictional reach of Oklahoma's long-arm statute and the United States Constitution is the same. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). For personal jurisdiction to satisfy due process: (1) the "defendant must have 'purposefully established minimum contacts within the forum state'"; and (2) "the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020). Plaintiff failed to allege either of these elements as to Defendants.

As noted above, though Plaintiff claims *hundreds* of phone calls in numerous places (Dkt. 48 ¶¶ 54, 59, 70, 87, § V)—why the Amended Complaint must be dismissed as an impermissible shotgun pleading—the fact is that Plaintiff received *one single phone call* from Heritage prior to him sending a demand to Heritage. But, a reference to the prior complaint (Case No. 5:24-cv-00498-J at Dkt. 1-1) reveals that Plaintiff has only ever alleged that Heritage made *one* pre-demand phone call to Plaintiff. (5:24-cv-00498-J at Dkt. 1-1 ¶ 109 "HERITAGE contacted plaintiff via telephone on February 7th 2024, from 561-941-9685 to attempt to 'close' one of these unsolicited sales calls."). It is well established that "[i]n judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783, 783, (1984) (citing *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977)). In other words,

[2846859/2]                                        5

"[e]ach defendant's contacts with the forum State must be assessed individually." *Mighty Siren, LLC v. Bates*, No. CIV-21-788-R, 2022 WL 844200, at *3 (W.D. Okla. Mar. 21, 2022) (*Calder v. Jones*, 465 U.S. 783, 790 (1984)).  So, at bottom the Court needs to determine if this single phone call to Plaintiff from Defendants is sufficient to give rise to personal jurisdiction for the instant lawsuit.  It is not.  Especially when the Court is given the crucial fact that Defendants *did not call an Oklahoma phone number*.  In other words, the sole case that Defendants purposely availed themselves of *Oklahoma* is making a *single phone call to a New York area code*.

Additionally, the conclusory and false allegations that Defendants transact business in Oklahoma are insufficient to support jurisdiction.  Especially when, as is the case here, each of such allegations lumps multiple Defendants together and does not specify which Defendant did what or has what contacts with Oklahoma.  (Dkt. 48 ¶ 24 (lumping all Defendants together), ¶ 41 (lumping "Seller Defendants" together).  Nonetheless, as to Hertiage and Patton, these allegations lack merit and are refuted by the fact that the *one* pre-demand phone call to Plaintiff by Heritage was to a phone number with a New York area code.  *See* Decl. of Kyle Patton ("Patton Decl.") attached hereto as **Exhibit A** at ⁋ 9.  As to Patton, Plaintiff alleges same and that he "participated" or "escalated" the situation.  (Dkt. 48 ⁋⁋ 53, 100.)  Again, this allegation is meritless as the *one* phone call by Patton to Plaintiff was to the New York phone number provided in Plaintiff's demand letter to Heritage—to try to see if a resolution could be reached.  *See* Patton Decl. at ⁋⁋ 4–6, 9.  Moreover, Plaintiff does not allege the date or substance any purported call by Defendants in this action.  Therefore, the allegations of the Amended Complaint must be ignored as

[2846859/2]                                    6

conclusory. *See XMission*, 955 F.3d at 839, and are refuted by Plaintiff's allegations in the prior action. There, Plaintiff alleged that Defendants called Plaintiff on February 7 and 8, 2023. *See Trupia v. Hertiage et al*, Case No. 5:24-cv-00498-SLP at Dkt. 1-1 ¶¶109. The only call placed by Patton to Plaintiff was on February 8, 2023, in response to, and to the New York phone number noted in, the demand letter sent by Plaintiff to Heritage. *See* Patton Decl. at ¶¶ 4–6, 9. Given that Patton's phone call to Plaintiff was in response to a demand letter from Plaintiff, that communication cannot form the basis of a TCPA claim.

To the extent that this allegation pertains to alleged actions by Heritage, not Patton personally, Patton's role as a principal of a business is insufficient for personal jurisdiction over him. *See Legacy Funeral Grp., LLC v. Damiano*, No. 4:19-CV-04686, 2020 WL 6731472, at *2 (S.D. Tex. July 20, 2020). Finally, Plaintiff's claims do not arise from the alleged "business transactions" of Patton, so the transactions cannot support personal jurisdiction. *See Dental Dynamics*, 946 F.3d at 1229 (requiring that injury arise from forum-related activity).

Plaintiff does not allege any other contacts between Defendants and the state of Oklahoma (there are none). For the foregoing reasons, with each Defendant's jurisdiction evaluated separately, the *single* phone call from Heritage is insufficient to create minimum contacts with Oklahoma for personal jurisdiction over Defendants, so the claims against those defendants should be dismissed with prejudice. *See Dental Dynamics*, 946 F.3d at 1229 (requiring further analysis only "[i]f the minimum contacts test is met); *Guadnola*, 2021 WL 1093099, at *3 (dismissing FCPA defendant based solely on minimum contacts test).

[2846859/2]                                      7

### B.       Defendants Lack Minimum, Purposeful Contacts with Oklahoma

The first element, minimum contacts, requires that (1) the defendant "purposefully directed its activities at residents of the forum state" and (2) "the plaintiff's injuries [arose] out of [those] forum-related activities." *Id.*  For purposeful direction, the "contacts with the forum State must be such that the defendant 'should reasonably anticipate being haled into court there.'" *XMission*, 955 F.3d at 839–40.  That requires a "'fair warning'—[that is,] knowledge that 'a particular activity may subject [it] to the [state's] jurisdiction.'" *Jayson*, 32 F.4th at 966 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  Thus, "solely . . . random, fortuitous, or attenuated contacts" are insufficient, and "mere foreseeability of causing injury in another state is insufficient" as well.  *Dental Dynamics*, 946 F.3d at 1229.  Here, neither requirement for minimum contacts is satisfied. Indeed, as a single pre-demand phone call was made to Plaintiff by Defendants—to a New York phone number, there simply is not personal jurisdiction in this Court.  Simply stated, Defendants never made a call to Plaintiff's alleged Oklahoma phone number and have no relation to Oklahoma.  *See* Patton Decl. at ¶ 8.

### III.    <u>Plaintiff Fails to State a Claim Against Defendants</u>

### A.       The Claims Fail to Satisfy Ordinary Notice Pleading Standards

The Amended Complaint fails to give defendants "fair notice" of the claims because it is a shotgun pleading with vague and confusing allegations that address all defendants collectively.  *Twombly*, 550 U.S. at 545; *see Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (dismissing claim because "the collective term 'Defendants' . . . with no distinction as to what acts are attributable to whom" make it "impossible for any of these

individuals to ascertain what particular unconstitutional acts they are alleged to have committed"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").  Compounding the confusion, the various causes of action listed in the Amended Complaint do not specify any of the many defendants to which each Count is directed.

A complaint can also be a "shotgun pleading" by "recit[ing] an extended narrative at the beginning of the pleading, and proceed[ing] to state numerous claims by simply reciting the formulaic elements of the claim and referring holistically to the preceding narrative as support," for which "courts in this District have admonished litigants." *Southwell v. Allstate Prop. & Cas. Co.*, No. 20-CV-01272-PAB-KMT, 2020 WL 4287194, at *2 (D. Colo. July 27, 2020) (citing cases).  Plaintiff admits that not every call to him was automated, so any alleged call by Defendants might not even be alleged as unlawful.  *See, e.g.*, Dkt. 48 ¶ 60 (emphasis added) ("*Several* calls played prerecorded messages[.]").

A complaint can also be a "shotgun pleading" by "recit[ing] an extended narrative at the beginning of the pleading, and proceed[ing] to state numerous claims by simply reciting the formulaic elements of the claim and referring holistically to the preceding narrative as support," for which "courts in this District have admonished litigants." *Southwell v. Allstate Prop. & Cas. Co.*, No. 20-CV-01272-PAB-KMT, 2020 WL 4287194, at *2 (D. Colo. July 27, 2020) (citing cases).  Here, the Amended Complaint is far worse

[2846859/2]                                                9

because it recites an extended narrative at the beginning and vaguely incorporates all above allegations without specifying or expressly alleging which of *any of those facts* applies to in *any* of the Counts and does not even recite all of the elements of each claim. *See id.*; *In re White*, No. 20-12251-SAH, 2021 WL 450992, at *5 (Bankr. W.D. Okla. Feb. 8, 2021) (dismissing complaint involving only one defendant because "Plaintiff makes no effort to connect the Amended Complaint's multiple collective fact allegations to the elements of each of her **separate** claims for relief . . . , unnecessarily leaving Defendant and the Court to decipher Plaintiff's jumble of facts, law, and claims. This type of shotgun pleading contravenes Rule 8's notice pleading standard.") (citing *Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015)); Compl. at 17–26. Further, and as a result, the claims are also conclusory. *See Twombly*, 550 U.S. at 545 (holding that legal "conclusions[] and a formulaic recitation of a cause of action's elements will not do"). Moreover, on numerous occasions, Plaintiff lumps in Heritage with the "Seller Defendants" (Dkt. 48 ¶¶ 41, 51, 66, 71, 75, 84, 91, 96, 101, 102, § V) and loops in both Heritage and Patton with "all Defendants" (Dkt. 48 ¶¶ 62, 92).

For any of these reasons, the claims should be dismissed.

**B.      The Amended Complaint Fails to Allege That Patton Is Liable for Heritage's Alleged Misconduct**

The Amended Complaint fails to allege that Patton is liable for his company's alleged misconduct simply because he is a manager of a limited liability company.

For "[i]ndividual officers of an entity violating the TCPA [to] be personally liable," they must have "direct, personal participation in or personally authorized the conduct" that

violated the statute.  *Braver v. Clear Sky Fin., LLC*, No. CIV-22-710-R, 2023 WL 5439224, at *2 (W.D. Okla. Aug. 23, 2023) (quoting *Doyle v. JTT Funding, Inc.*, 2019 WL 13037025, at *9 (C.D. Cal. Dec. 2, 2019)).  To pierce the corporate veil of a Florida company, the Complaint must allege that Patton: (i) so "dominated and controlled the LLC" that it had "no existence independent of [him]" and was a "mere instrumentality or alter-ego" of him; (ii) "used the LLC's corporate form fraudulently or for an improper purpose"; and (iii) "fraudulent or improper use of the LLC's corporate form caused injury to [Plaintiff]." *Segal v. Forastero, Inc.*, 322 So. 3d 159, 162–63 (Fla. Dist. Ct. App. 2021); *see Canal Ins. Co. v. Montello, Inc.*, 822 F. Supp. 2d 1177, 1184 (N.D. Okla. 2011) ("[W]hen a conflict of laws arises with regard to piercing the corporate veil, the law of the state of incorporation will be applied to determine whether piercing the corporate veil is appropriate.").

Here, the allegations in the Amended Complaint state that Patton is "personally liable for the torts and violations herein because he personally participated in the harassment[.]" (Dkt. 48 ⁋ 100.)  The Amended Complaint is devoid of any allegation that Patton "(i) so "dominated and controlled the LLC" that it had "no existence independent of [him]" and was a "mere instrumentality or alter-ego" of him; (ii) "used the LLC's corporate form fraudulently or for an improper purpose"; and (iii) "fraudulent or improper use of the LLC's corporate form caused injury to [Plaintiff]," as required to pierce the corporate veil.  *See Segal*, 322 So. 3d at 162–63.

### C.    The Complaint Fails to State a Claim Against Defendants

### 1.  Counts I, II, IV: Failure to Allege Ratification/Vicarious Liability

Plaintiff first alleges liability against Heritage (and others defined as the "Seller Defendants & Carrier Defendants") under the OTSA, § 775C.3(A), which prohibits "mak[ing] or knowingly allow[ing] a commercial telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers." Okla. Stat. tit. 15, § 775C.3(A).  Then, in Count II, Plaintiff alleges liability against Heritage (and others defined as the "Seller Defendants & Carrier Defendants") under the OTSA, § 775C.3(B), which prohibits "fail[ing] to transmit or caus[ing] not to be transmitted the originating telephone number and, when made available by the telephone solicitor's carrier, the name of the telephone solicitor to any caller identification service in use by a recipient of a commercial telephonic sales call."  And, lastly, in Count IV, Plaintiff alleges liability against Heritage (and others defined as the "Seller Defendants & Carrier Defendants") under 47 U.S.ZC. § 227(b)(1)(A)(iii), which deals with calls made using an "automatic telephone dialing system."[6]    Importantly, Plaintiff alleges only "Vicarious Liability/Ratification" against Heritage, which is dependent on the "Primary Liability" of the John Does.  *Gregory v. Lindamood Heavy Hauling, Inc.*, No. CIV-22-327-R, 2022 WL 2792203, at *4 (W.D. Okla. July 15, 2022) ("Ratification requires that one person acting on behalf of another 'assumed to act as his agent in doing the act ... without authority to do so,' and for ratification to be 'valid and binding,' 'it is essential that the principal have full

---

[6]  This, too, is reason for dismissal of all of these claims because the Amended Complaint fails to allege that Heritage used an "automatic voice dialing system.  *See* § III(C)(3).

knowledge of all material facts and circumstances relative to the unauthorized act or transaction.'") (citing *Amazon Fire Ins. Co. v. Bond*, 165 P. 414, 418 (Okla. 1917)).

Because Plaintiff's claims against Heritage rest entirely on a ratification/vicarious liability theory, and because Plaintiff has failed to plausibly allege the same (including given Plaintiff's shotgun pleading and failure to provide any indication of what Heritage allegedly did itself (*see* § III(A))), the Court should dismiss the claims under Rule 12(b)(6). *See, e.g.*, G*regory*, 2022 WL 2792203, at *4 (granting dismissal where the plaintiff "failed to state a plausible claim for ratification" against a defendant for another's tortious conduct); *Williams v. Johnson*, No. 6:24-CV-241-JAR, 2026 WL 1182022, at *5 (E.D. Okla. Apr. 30, 2026) (noting that a pleading failed to state a claim upon which relief can be granted because "The bare assertion that Alcli is 'vicariously liable' is a legal conclusion, not a factual allegation. Without facts showing an agency, employment, or other relationship that could give rise to vicarious liability, the allegation is insufficient.").

### 2. Counts I, II, IV, and VI: Automated and Artificial Voice Calls and Failure to State Solicitors Name or Purpose

Counts I, IV, and VI fail because the allegations in the Amended Complaint fail to allege that any purported call from Defendants used an artificial or prerecorded voice or an "automatic telephone dialing system or an artificial or prerecorded voice" (an "ATDS"). Such an ATDS "must have the capacity to either store or call a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 398 (2021); *see Montgomery v. Cap. One Bank (USA), N.A.*, No. CV 22-347-SDD-SDJ, 2023 WL 2705860, at *6 (M.D. La. Mar. 14, 2023), *report and recommendation adopted*, No.

CV 22-347-SDD-SDJ, 2023 WL 2700707 (M.D. La. Mar. 29, 2023) (dismissing TCPA claim for unalleged ATDS); *Trumper v. GE Capital Retail Bank*, Civ. No. 2:14–cv–01211 (WJM), 2014 WL 7652994, at *2 (D.N.J. July 7, 2014) (dismissing claim for insufficiently alleging prerecorded voice); *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015) (same, noting lack of "'sufficient contextual details to determine whether [plaintiff] spoke to a human or merely heard a recording'") (quoting *Aikens v. Synchrony Fin.*, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015)).  Likewise, Count II fails to state a claim because Plaintiff failed to allege that Defendants failed to identify themselves or the purpose of the call.  Accordingly, Counts I, II, IV, and VI should be dismissed.

### 3.  Count VI: Failing to Transmit Caller's Telephone Number

Count VI should be dismissed because Plaintiff failed to allege that Defendants failed to transmit accurate caller ID information.  Here, Plaintiff alleges that the "Seller Defendants & Carrier Defendants" "utilize[ed] leads generated by dialing systems that relied on spoofed local numbers to deceive Plaintiff."  (Dkt. 48 ¶ 96.)  Even if these allegations were directed specifically to the Defendants at issue in this Motion, those allegations are conclusory, and Count VI fails to allege: "how" Plaintiff could know that; "when" the call was made; the number that displayed; and all other information to satisfy heightened pleading.  *See Integrated Bus. Techs.*, 2016 WL 4742306, at *4.  The claims also fail to allege that (1) Plaintiff attempted to call Heritage at the phone number that displayed and (2) that either (a) the number is not "capable of receiving telephone calls" or (b) his call did not connect him "to the telephone solicitor or to the seller."  *Grajales v.*

*Genesco, Inc.*, No. 8:23-CV-420-SCB-TGW, 2023 WL 5522698, at *3 (M.D. Fla. Aug. 28, 2023) (discussing identical statute under Florida law).  Accordingly, Count VI should be dismissed.

### 4.  Count V: Invasion of Privacy by Intrusion upon Seclusion

Count V fails to state a claim for invasion of privacy by intrusion upon a person's seclusion, which requires: "(a) a nonconsensual intrusion (b) which was highly offensive to a reasonable person."  *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016).  To be highly offensive, "the telephone calls [must be] repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded."  *Id.*  While Plaintiff alleges this degree of telephone calls, he admits that they are from many businesses, not just Defendants.  (Dkt. 48 at ¶¶ 32–40.)  Plaintiff fails to allege that Defendants specifically have called so many times as to be highly offensive and a substantial burden to his existence. (Dkt. 48 at ¶¶ 32–40.)  In addition, any response to a demand letter sent by Plaintiff himself should not be considered an intrusion upon seclusion.  *See* Patton Decl. at ¶¶ 4–6, 9.  Thus, the claims against all of those defendants should be dismissed.

### 5.  Count VI: Negligence Per Se

In an attempt to get around his prior pleading deficiency of no private right of action for violations of 47 U.S.C. § 227(e),[7] Plaintiff now attempts to bring a negligence per se

---

[7] *Doane v. Syed*, No. 1:19-CV-00111-JPB, 2020 WL 11191696, at *2 (N.D. Ga. Jan. 13, 2020) (discussing 47 U.S.C. § 227(e)(1)), *vacated and remanded on other grounds sub*

action, which hinges on an alleged violation of 47 U.S.C. § 227(e).  For the reasons already set forth herein, Plaintiff does not properly allege that Heritage violated any duty imposed by 47 U.S.C. § 227(e).  Therefore, Count VI should be dismissed.

### 6.  Count VII: Personal Liability Against Patton

For the reasons already set forth in Section III(B) above, the Amended Complaint fails to state a cause of action for personal liability against Patton.  Therefore, Count VII should be dismissed.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion, dismiss all claims against Defendants with prejudice, and grant such other and further relief as the court deems just and proper.

---

*nom. Doane v. Tele Cir. Net. Corp.*, 852 F. App'x 404 (11th Cir. 2021) (dismissing claims) (citing *Clark v. Avatar Techs. PHL, Inc.*, No. H-13-2777, 2014 WL 1342033, at *4 (S.D. Tex. Apr. 3, 2014)); *Free Conferencing Corp. v. Comcast Corp.*, No. CV154076FMOPJWX, 2016 WL 7637664, at *7 (C.D. Cal. May 31, 2016) (citing cases) ("There is no private right of action for violations of 47 U.S.C. § 227(e).").

[2846859/2]                                    16

## CERTIFICATE OF SERVICE

I hereby certify that, on May 26, 2026, I filed the foregoing document with the Court's CM/ECF system and served it by First Class U.S. Mail and e-mail on the following person, who is not a registered participant of the Electronic Filing System:

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
E-mail: trupiaar@gmail.com

Dated: May 26, 2026                    Respectfully submitted,

**SHAW LEWENZ**

By:    _/s/ Zachary D. Ludens_
       Zachary Dean Ludens, Esq.
       W.D. Okla. Bar No. 24-78
       110 Southeast 6th Street, Suite 2900
       Fort Lauderdale, FL 33301
       Tel.: (954) 595-6075
       E-mail: ZLudens@shawlewenz.com