**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the Court is Plaintiff's Renewed Motion for Leave to File a Consolidated Omnibus Response to Defendants' Motions to Dismiss [Doc. No. 76]. In a prior Order [Doc. No. 67], the Court denied Plaintiff's request to file a 100-page consolidated response to Defendants' motions to dismiss [Doc. Nos. 49, 51, 52, 56, 58, 60, 65], but the Court granted Plaintiff an extension to file individual responses to the motions to dismiss on or before June 16, 2026.

On June 16, 2026, Plaintiff filed the present renewed motion for leave, now requesting leave to file a consolidated response containing 193 pages of argument. Although Plaintiff's proposed response was filed as a separate document [Doc. No. 77], it appears that Plaintiff attempted to attach the proposed response to his motion for leave.[1] In his motion, Plaintiff states that he did not see the Court's Order denying his request to file

---

[1] For clarity of the record, Plaintiff's proposed 193-page response that was inadvertently filed as a standalone document [Doc. No. 77] is **STRICKEN**.

1

a 100-page consolidated response until he had already completed his response, and he thought that his request would be granted.[2]

As an initial matter, if Plaintiff expects to represent himself *pro se* in this Court, he must read and understand the Court's Local Rules and monitor his case—even without ECF access.[3] Filing a motion for leave to file a 193-page response brief on the response deadline is improper as such practice almost guarantees that Plaintiff will receive more time to prepare his response(s) without explicitly asking the Court for additional time.

Notwithstanding the above, the Court will give Plaintiff two options for responding to Defendants' motions to dismiss [Doc. Nos. 49, 51, 52, 56, 58, 60, 65]. As previously ordered, Plaintiff may file individual responses to each motion, keeping within the 25-page limitation of LCvR7.1(e). Alternatively, Plaintiff may file *one* consolidated response, **which shall not exceed 85 pages**. If, as Plaintiff suggests, Defendants' motions raise "materially identical legal theories" and "overlapping theories of intermediary and carrier liability," then there is no reason that a consolidated response needs to be 193 pages long. Plaintiff's 85-page consolidated response—or Plaintiff's individual responses capped at 25 pages each—**shall be filed on or before July 8, 2026**.

---

[2] The Court questions, then, why Plaintiff drafted a response containing 193 pages of argument if he thought he would be granted leave to file one 100-page response.

[3] Plaintiff's request for ECF access is not still pending, as Plaintiff suggests. The Court denied Plaintiff's request for ECF access in a prior Order [Doc. No. 47].

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion for Leave to File a Consolidated Omnibus Response to Defendants' Motions to Dismiss [Doc. No. 76] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 17th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE