**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| 1. ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FORD MOTOR COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO RESPOND OUT OF TIME TO DEFENDANT FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Defendant Ford Motor Company opposes Plaintiff's Motion for Leave to Respond Out of Time to FMC's Motion for Summary Judgment. Dkt. 100. Plaintiff has not demonstrated good cause or excusable neglect sufficient to justify his failure to timely respond. The relevant facts establish that Plaintiff had notice of FMC's filings, was actively monitoring the docket, and had been reminded by the Court of his obligation to monitor the docket. Accordingly, the Motion should be denied.

Plaintiff's motion is governed by Federal Rule of Civil Procedure 6(b)(1)(B), which permits a court to extend a deadline after it has expired only upon a showing of both good cause and excusable neglect. *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017). The decision whether to grant such relief lies within the Court's broad discretion. *Id.* While all requests for extension of time under Rule 6(b)(1) require a showing of good cause, a request made after the applicable deadline must also be the result of plaintiff's excusable neglect. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896-97 (1990).

Good cause requires the moving party to show that the deadline "cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The excusable neglect inquiry is an equitable one that requires the Court to consider all relevant circumstances, including: "(1) the danger of prejudice; the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether the party acted in good faith." *Gragg v. Roth*, No. CIV-19-1007-SLP, 2021 WL 5992287, at *2 (W.D. Okla. Feb. 12, 2021) (internal quotation marks and citations omitted). The Tenth Circuit has recognized that the reason for the delay and whether the missed deadline was within the movant's control are among the most important considerations. *Palzer v. CoxCom, LLC*, 833 F. App'x 192, 196-97 (10th Cir. 2020).

Plaintiff's sole explanation for his failure to timely respond is his assertion that FMC mailed its Motion for Summary Judgment to the correct address, but with the incorrect ZIP code of "73109" rather than "73129" and that he therefore did not receive the filing. Dkt. 100 at 2-3. But the surrounding circumstances lead FMC to believe the Plaintiff did in fact receive the Motion, or at the very least had notice through his monitoring of the docket.

First, FMC consistently used the same address and ZIP code for Plaintiff throughout this litigation, including before the filing of its Motion for Summary Judgment. FMC's Corporate Disclosure Statement, filed on December 30, 2025, reflects service on Plaintiff at "605 SE 21st Street, Oklahoma City, OK 73109." Dkt. 37 at 3. Likewise, FMC's entries of appearances filed on December 22, 2025, reflect service on Plaintiff at the same address.

Dkts. 26, 28. Plaintiff does not claim he failed to receive any of those prior filings and FMC never received notice that either mailing was returned as undeliverable. Nor has Plaintiff ever notified FMC of the error or requested a correction. Indeed, Plaintiff's own filing on May 19, 2026 confirms that he had notice of FMC's Corporate Disclosure Statement notwithstanding the ZIP code discrepancy. *See* Dkt. 63 at 1-2 ("Defendant Ford Motor Company stands alone as the single entity that correctly identified its corporate status and properly filed a standard federal corporate disclosure."). Plaintiff could not have made this representation without reviewing FMC's Corporate Disclosure Statement, which was served using the same address he now claims rendered service ineffective.

Second, Plaintiff has been reminded by the Court of his obligation to monitor the docket. In June 2026, this Court expressly held that Plaintiff "must read and understand the Court's Local Rules and monitor his case-even without ECF access." Dkt. 78 at 2. Plaintiff then quotes this language in his own Motion, acknowledging both the Court's instruction and his responsibility to comply with it. Dkt. 100 at 2. Yet Plaintiff concedes that he simply failed to notice FMC's Motion on the docket despite conducting the very docket review he is required to conduct. A litigant's failure to identify a filing that appears on the docket for several weeks does not constitute excusable neglect.

Third, the timing of Plaintiff's own filings further demonstrates that the missed deadline was within his control. FMC filed its Motion for Summary Judgment on June 30, 2026. Dkt. 80. During the response period, Plaintiff actively litigated the case. As Plaintiff acknowledges, he filed eight separate documents on July 8, 2026. Dkts. 82-89. Plaintiff again filed documents on July 21, 2026, the same day his response to FMC's Motion was

due. Dkt. 91. These filings demonstrate that Plaintiff was actively monitoring and participating in the litigation during the period in which his response was due. His failure to identify FMC's Motion under these circumstances does not amount to excusable neglect but instead reflects a lack of diligence, which cannot support relief under Rule 6(b)(1)(B).

The remaining *Pioneer* factors likewise weigh against Plaintiff's requested relief. FMC has already incurred the expense of filing a Notice of Plaintiff's Failure to Respond and this present filing. The delay was substantial, extending nearly a month beyond Plaintiff's response deadline. Most significantly, the reason for the delay was entirely within Plaintiff's control because the Motion was on the docket throughout the response period and Plaintiff had been expressly warned by the Court that he was required to monitor the docket. These facts preclude a finding of excusable neglect.

## CONCLUSION

Plaintiff has failed to satisfy his burden of establishing either good cause or excusable neglect under Rule 6(b)(1)(B). Because the circumstances demonstrate that Plaintiff's failure to timely respond resulted from his own lack of diligence despite the Court's direction to monitor the docket, FMC respectfully requests that the Court deny Plaintiff's Motion for Leave to Respond Out of Time. Dkt. 100.

Should the Court grant Plaintiff's motion, however, FMC is prepared to file a Reply in Support of its Motion for Summary Judgment promptly.

WHEREFORE, FMC requests the Court deny Plaintiff's Motion for Leave to Respond to Defendant Ford Motor Company's Motion for Summary Judgment.

Respectfully submitted,

By: *s/ Kathy R. Neal*

Kathy R. Neal, OBA #674
Kirsten A. Pfeiffer, OBA #35711
MCAFEE & TAFT, P.C.
2 West 2nd Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
kathy.neal@mcafeetaft.com
kirsten.pfeiffer@mcafeetaft.com

***Attorneys for Defendant***
***Ford Motor Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System, transmitting a copy to all ECF System registrants, and served a copy via First Class U.S. Mail to the following individual who is not a registered participant of the ECF system:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129
***Pro Se Plaintiff***

Jason A. Sansone
PHILLIPS MURRAH P.C.
424 NW 10th Street, Ste 300
Oklahoma City, OK 73103
jasonsone@phillipsmurrah.com
***Attorney for Defendant,***
***Confidence Ford of Norman***

Zachary A.P. Oubre
MCAFEE & TAFT, P.C.
Eight Floor, Two Leadership Square
211 North Robinson Ave.
Oklahoma City, OK 73102
Zach.oubre@mcafeetaft.com
***Attorney for Defendant,***
***LP Operating LLC***

Kerry R. Lewis
RHODES, HIERONYMUS, JONES, TUCKER & GABLE, PLLC
P.O. Box 21100
Tulsa, OK 74121-1100
klewis@rhodesokla.com
***Attorney for Defendant,***
***Level 3 Communications, LLC***

Aaron C. Tifft
Blake H. Gerow
HALL, ESTILL, HARDWICK, GABLE GABLE, GOLDEN & NELSON, P.C.
521 E. 2nd Street, Ste 1200
Tulsa, OK 74120
atifft@hallestill.com
bgerow@hallestill.com
***Attorneys for Defendants,***
***Reagan Gold Group, LLC,***
***HLV Ventures, LLC, and***
***South Bay Galleries, LLC***

Jacob C. Swanson
Brooks A. Richardson
GABLEGOTWALS
BOK Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK 73102
jswanson@gablelaw.com
brichardson@gablelaw.com
***Attorney for Defendant,***
***Telnyx LLC***

Gerard M. D'Emilio
GABLEGOTWALS
BOK Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK 73102
gdemilio@gablelaw.com
***Attorney for Defendant,***
***Onvoy, LLC***

*s/ Kathy R. Neal*