**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, Plaintiff, | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| ONVOY, LLC, *et al.*, Defendants. | ) | |

**DEFENDANT ONVOY, LLC'S REPLY SUPPORTING ITS MOTION TO DEEM CONFESSED ITS RULE 12(B)(2) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT [DOC. 58]**

Onvoy moved to dismiss Trupia's Complaint on May 15, 2026. Over three months later, Trupia still hasn't filed a response to that motion. Instead, he has repeatedly failed to comply with the Court's orders and, instead of responding, frivolously sought sanctions against the defendants' attorneys. In light of Trupia's non-compliance, Onvoy sought relief under LCvR7.1(g). *See* Doc. 94 (the "Deemed Confessed Motion"). Rather than seek leave to file a response out of time or comply with the rules and this Court's orders, Trupia opposes Onvoy's Deemed Confessed Motion. That opposition is baseless.

Onvoy has shown why this Court lacks personal jurisdiction over it on Trupia's claims, as well as why those claims are meritless. The Court should grant Onvoy's pending motion to dismiss, Doc. 58, and dismiss all claims against Onvoy.

## ARGUMENTS AND AUTHORITIES

Trupia asks the Court to deny Onvoy's Deemed Confessed Motion for three reasons. *See* Doc. 98 at 2. All lack merit. The Court should dismiss Onvoy from this case.

## I. Trupia has not responded to Onvoy's motion to dismiss.

Trupia claims he has, in fact, responded to Onvoy's motion to dismiss. Doc. 98 at 4–7. The record shows that is untrue. Trupia first sought leave to (a) respond to Onvoy's motion by June 16, 2026 (which the Court granted) and (b) file a 100-page, omnibus response to all pending dismissal motions (which the Court denied). *See* Doc. 68 (Order dated May 28, 2026). Trupia followed this by filing a 209-page omnibus response on June 16th—in violation of the Court's May 28th order and the local rules—coupled with a renewed motion for leave to file an oversized, combined brief. *See* Docs. 76–77. Trupia also filed a standalone "declaration" opposing "Defendants' Motions to Dismiss." Doc. 75. The next day, the Court struck the response, denied the motion for leave, and gave Trupia until July 8, 2026, to file either (a) a single, consolidated brief not longer than 85 pages, *or* (b) separate response briefs complying with LCvR7.1(e). Doc. 78 (Order dated Jun. 17, 2026).

Undeterred, Trupia again asked to file oversized briefs, now as to each pending motion to dismiss. *See* Doc. 79. The Court permitted Trupia to file 30-page response briefs and "grant[ed] **one final extension** of Plaintiff's response deadline to July 22, 2026." Doc. 81 at 2 (Order dated Jul. 1, 2026). But the Court made clear it would "**not grant any further relief with respect to Plaintiff's response deadline or page limitations**, and any additional requests . . . will not toll Plaintiff's July 22 response deadline." *Id.*

Despite the Court's admonitions, Trupia filed response briefs on July 8, 2026, well over the extended, 30-page limit (in Onvoy's case, 56 pages). *See, e.g.*, Doc. 87. The Court struck these filings, Doc. 90 (Order dated Jul. 10, 2026) and reiterated that Trupia had until

July 22, 2026, to respond, *per* the Court's July 1st order. Nor would the Court "grant any further relief with respect to Plaintiff's response deadline or page limitations," and any "continued failure to adhere to the Court's case management orders . . . may result in appropriate sanctions." *Id.* at 2 n.2.

Since then, Trupia has filed no response to Onvoy's motion to dismiss (Doc. 58). Instead, he

- sought sanctions under 28 U.S.C. § 1927, Docs. 91–92—which the Court struck, Doc. 95 (Order dated Aug. 6, 2026, wherein the Court found it "hard" to "reach any other conclusion" than Trupia is "intentionally refusing to comply with the Court's orders," while warning Trupia that potential sanctions for his continued non-compliance "include dismissal of this action with prejudice"); *and*

- opposed Onvoy's Deemed Confessed Motion, *see* Doc. 98.

This procedural summary shows why Onvoy's Deemed Confessed Motion is meritorious. Trupia, to date, has not complied with the Court's orders or local civil rules. He's failed to successfully file a response to Onvoy's motion to dismiss, despite repeated opportunities to do so. He does not even seek leave now to file a rules-compliant brief out of time. Rather, he opposes Onvoy's Deemed Confessed Motion while simultaneously seeking sanctions against one of Onvoy's lawyers personally. *See* Doc. 108. Trupia's conduct wastes not only Onvoy's time and money, but the Court's time and resources, too. Trupia has not opposed Onvoy's motion to dismiss, so the Court should grant it.[1]

---

[1] Trupia points to his June 16, 2026, declaration, Doc. 75, as constituting a non-stricken response to Onvoy's motion to dismiss. *See* Doc. 98 at 1–2. But that declaration does not say a thing about Onvoy. Thus, even if the Court considered it a response in form, it is ***not*** a response to Onvoy's motion to dismiss in substance—and so still confesses that motion through its silence.

## II. The Court may treat Onvoy's motion to dismiss as unopposed and grant it on its own terms.

Trupia argues the Court cannot grant Onvoy's motion to dismiss simply because it is unopposed, citing *Issa v. Comp USA, Inc.*, 354 F.3d 1174 (10th Cir. 2003) in support. *See* Doc. 98 at 7–9; *see also Issa*, 354 F.3d at 1177–78 (concluding district courts "may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response,' and further advising that courts "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief may be granted" (alteration in original) (citation omitted)). While this may be true, it only gets Trupia so far.

As courts within this circuit have observed, *Issa* is silent on motions to dismiss for lack of jurisdiction—and lack of personal jurisdiction is one of two dismissal grounds Onvoy has raised. *Velasquez v. Lucero*, No. 2:24-CV-01162-MIS-JHR, 2025 WL 3208305, at *1 (D.N.M. Nov. 17, 2025) (noting "the Tenth Circuit has affirmed non-merits-based dismissals based on the application of local rules permitting district courts to grant motions as uncontested following a party's failure to respond," and granting an uncontested motion to dismiss for lack of personal jurisdiction under the local rule); *accord Abney v. Philip Morris USA Inc.*, No. 223CV01136MISGJF, 2024 WL 915008, at *4 (D.N.M. Mar. 4, 2024); *see also Lopez v. Delta Int'l Mach. Corp.*, No. CIV 15-0193 JB/GBW, 2016 WL 1408152, at *2–3 (D.N.M. Mar. 15, 2016) (explaining that, because "motions to dismiss under rule 12(b)(2) place the initial burden on the plaintiff," courts may treat them as uncontested under local rules "if the plaintiff fails to respond"). Thus, Trupia's failure to

contest that portion of Onvoy's motion to dismiss does warrant the Court deeming it confessed and granting it given Trupia's lack of response.[2]

In any event, regardless of whether it formally deems Onvoy's motion to dismiss confessed or not, the Court should grant the motion on its own, ***uncontested*** terms. Such a result is well supported by local practice and caselaw. *See, e.g.*, *Lovings v. Okla. Heart Hosp. S., LLC*, No. CIV-26-383-SLP, 2026 WL 915692, at *1 (W.D. Okla. Apr. 3, 2026) (deeming confessed an unresponded-to, partial Rule 12(b)(6) motion to dismiss, ***and also*** granting it "on the merits"); *Robinson v. Tinker A.F.B. Okla.*, No. CIV-23-494-D, 2024 WL 1625762, at *1 (W.D. Okla. Apr. 15, 2024) ("consider[ing] only" the defendants' motion to dismiss and the complaint where plaintiff "ha[d] not filed a response, nor . . . shown good cause for his failure to do so," and further dismissing with prejudice); *cf. Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (affirming district court where it "deemed [the plaintiff's] lack of response [to the defendant's motion to dismiss] a concession of [the defendant's] arguments").

The Court has made clear Trupia is out of chances to comply with the rules, and he is weeks past his last, extended deadline to respond. The Court should treat Onvoy's motion to dismiss as uncontested and, based on the arguments therein, grant it.

---

[2] Again, Trupia points to his declaration in contending Onvoy's personal jurisdiction arguments are not substantively confessed. *See* Doc. 98 at 14–18. And again, that declaration says nothing about Onvoy, so it fails to carry Trupia's *prima facie* burden of establishing this Court has personal jurisdiction over Onvoy on Trupia's claims. *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988) ("The plaintiff bears the burden of establishing personal jurisdiction over the defendant." (citation omitted)); *cf. United States v. Hopson*, 150 F.4th 1290, 1297–98 (10th Cir. 2025) (federal courts presume they lack jurisdiction over a case unless the jurisdictional proponent shows otherwise).

## III. Onvoy does not seek dismissal as a sanction—though it would be warranted.

Trupia asserts the Court must analyze the *Meade* factors before dismissing his complaint "as a sanction." Doc. 98 at 10. Onvoy does not seek dismissal as a sanction—they simply ask the Court to treat its motion to dismiss as uncontested and, accordingly, grant it. That said, as the procedural summary above evinces, the Court has admonished Trupia twice that his failure to comply with Court orders may warrant sanctions—up to and including dismissal with prejudice. Likewise, the very factors Trupia invokes, *id.* at 10 (prejudice to Onvoy, Trupia's interference with the judicial process, and Trupia's culpability), counsel in favor of dismissal. Trupia has shown himself unwilling to comply with the Court's directives. He has caused Onvoy to incur litigation expenses—many unnecessary, as his filings have been stricken after Onvoy's counsel began work opposing them. The docket entries already number over 100, and the parties haven't even gotten past the pleading stage yet. This is attributable solely to Trupia's litigation conduct. While Onvoy does not believe it needs to request a sanction to achieve dismissal, the Court would be well within its discretion if it imposed a dismissal sanction.

## CONCLUSION

For the reasons above, in its motion to dismiss, and in its Deemed Confessed Motion, Onvoy requests this Court dismiss all claims brought by Trupia against it.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Gerard M. D'Emilio*
Nicholas ("Nick") V. Merkley, OBA No. 20284
Gerard D'Emilio, OBA No. 33496
**GABLEGOTWALS**
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
NMerkley@gablelaw.com
GDemilio@gablelaw.com

- *and* -

Heidi Rasmussen, *pro hac vice*
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Telephone: +1.713.890.5000
heidi.rasmussen@morganlewis.com

Natalie Georges, *pro hac vice*
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
natalie.georges@morganlewis.com

***Attorneys for Onvoy, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing and served on the following via First-Class United States Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129

*/s/ Gerard M. D'Emilio*
Gerard M. D'Emilio