**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA,<br><br>Plaintiff,<br><br>v.<br><br>ONVOY, LLC;<br>LEVEL 3 COMMUNICATIONS, LLC;<br>TELNYX LLC; HLV VENTURES;<br>HERITAGE HARD ASSETS LLC;<br>KYLE PATTON; REAGAN GOLD GROUP,<br>LLC; WORLD HARVEST CHURCH, INC.;<br>SOUTH BAY GALLERIES LLC;<br>CONFIDENCE FORD OF NORMAN;<br>FORD MOTOR COMPANY;<br>LP OPERATING; DOES 1 through 10,<br><br>Defendants. | ) | Case No. CIV-25-1134-D |

**DEFENDANT CONFIDENCE FORD OF NORMAN'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS UNDER <u>28 U.S.C. § 1927 AGAINST JASON A. SANSONE AND BRIEF IN SUPPORT</u>**

COMES NOW Defendant Confidence Ford of Norman ("Confidence Ford"), and responds herein to Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 Against Jason A. Sansone [Doc. 107] and Brief in Support ("Motion"). For the reasons set forth hereinafter, Plaintiff's Motion should be denied.

## SUMMARY OF ARGUMENT

Plaintiff's entire thirteen-page Motion concerns the omission of three ellipses following the language Confidence Ford quoted from one case regarding ratification of contracts. Confidence Ford did not insert ellipses following the wording it quoted. But Confidence Ford did not end the quote with a period to suggest that the quoted wording

was the complete sentence. Rather, Confidence Ford did not insert any punctuation at the end of the quote. From this grammatical uncertainty, Plaintiff relies on incorrect standards to suggest that Confidence Ford somehow lacked candor with the Court or sought to mislead the Court regarding the law on ratification of contracts. Plaintiff fails entirely to establish that the lone quote in question warrants imposition of any sanctions.

## ARGUMENT AND AUTHORITIES

### I. The Legal Standards Governing An Award Of Sanctions Under 28 U.S.C. § 1927 Are Different From The Standards Governing Sanctions Under Fed.R.Civ.P. 11.

Plaintiff argues that "Rule 11(b) supplies the baseline norms." Motion, p. 5. Plaintiff relies on case law concerning Rule 11 sanctions in support of his quest to have § 1927 sanctions imposed by this Court. Plaintiff is misguided in this regard as the standards are different and concern different conduct.

#### A. Section 1927 Standards.

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)[1], the Court described § 1927 standards as follows:

[1] While *Braley* provides a detailed analysis of § 1927, the Court ultimately reversed the award of sanctions because the sanctioned attorney was not afforded due process. *Id.* at 1515.

> We believe the proper standard under either Rule 38 or § 1927 is that excess costs, expenses, or attorney's fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.
>
> In reaching its conclusion, the Tenth Circuit reasoned:
>
> We recognize the importance of ensuring that § 1927 "in no way will dampen the legitimate zeal of an attorney in representing his client." H.R.Conf.Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S.Code Cong. & Ad.News 2716, 2781, 2782 (discussing 1980 amendments that provided for assessment of attorney's fees as well as costs under § 1927). We have stated that the "power to assess costs against an attorney under § 1927 ... is a power that must be strictly construed and utilized only in instances evidencing a 'serious and standard [sic] disregard for the orderly process of justice.'" *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir.1985) (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir.1968) (§ 1927 sanction for "serious and studied disregard" of judicial process), cert. denied, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969)).

*Id.* (alteration in original). *See also Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1244 (10th Cir. 2022) ("We have described [§ 1927] as an 'extreme standard,' and cautioned that a district court should act under § 1927 'only in instances evidencing a serious and standard disregard for the orderly process of justice.'").

In *Hidahl v. Gilpin County Dept. of Social Services*, 699 F.Supp. 846, 849 (D. Colo. 1988), the trial court noted that:

> Three substantial requirements must be met before liability may be imposed under § 1927: (1) a multiplication of proceedings by an attorney or other person; (2) by conduct that can be characterized as unreasonable and vexatious; and (3) a resulting increase in the cost of the proceedings. *Compana v. Muir*, 615 F.Supp. 871, 894 (M.D.Pa.1985), *aff'd*, 786 F.2d 188 (3rd Cir.1986).

Described another way, "the statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" *Merial Ltd. v. Intervet, Inc.*, 437 F.Supp.2d 1332 (N.D. Ga. 2006) (citations omitted).

**B. Section 1927 Focuses On Bad Faith Conduct While Rule 11 Focuses On Objective Unreasonableness.**

It is well-established that sanctions under Rule 11 are triggered by conduct that is objectively unreasonable while sanctions under § 1927 must be based on conduct constituting bad faith.

"[W]hile the standard for triggering sanctions under Rule 11 is 'objective unreasonableness,' to impose sanctions under § 1927, the court must make a finding of 'conduct constituting or akin to bad faith, . . . ." *Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 178 (2nd Cir. 2012) (citations omitted). Section 1927 "was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" *Merial Ltd. v. Intervet, Inc.*, 437 F.Supp.2d 1332 (N.D. Ga. 2006) (citation omitted). Bad faith can be inferred from conduct that is for reasons of harassment, delay or other improper purposes. *See Star Mark*, 682 F.3d at 179.

Contrary to § 1927, Rule 11 focuses on whether an attorney's conduct is objectively reasonable.

> The standard by which courts evaluate the conduct of litigation is objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document. If "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law ...," then such conduct is sanctionable under Rule 11.

*Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988) (citations omitted). For instance, submission of a "fraudulent" or "doctored document" has been held to support Rule 11 sanctions. *See King v. Fleming*, 899 F.3d 1140, 1146, 1149 (10th Cir. 2018).

**II. No Grounds Support Imposition Of The Requested Sanctions.**

Plaintiff admits that Confidence Ford's attorney accurately quoted a portion of one sentence from one case. Motion, p. 2. Plaintiff contends that the absence of ellipses somehow constitutes a fraudulent misquote of the law enunciated in *Amazon Fire Ins. Co. v. Bond*, 65 Okla. 224, ¶ 13 (1917). Specifically, Plaintiff suggests that the language quoted on pages 8-9 of Confidence Ford's motion to dismiss [Doc. No. 56] "delivers the Court a source that says something its original does not." Motion, p. 6.

Plaintiff also argues that the motion to dismiss "repeats the truncated rule" specifically calling out Confidence Ford's citation to "*Musket Corp.*" Motion, p. 7. Plaintiff is wrong.

In *Musket Corp. v. Star Fuel of Oklahoma, LLC*, No. CIV-11-444-M, 2012 WL 3595048, *9 (W.D. Okla. Aug. 21, 2022), the Court included the following:

> Ratification must be with full knowledge of all facts. In order that a ratification of an unauthorized act, or transaction, of any agent may be valid and binding, *it is essential that the principal have full knowledge, at the time of the ratification, of all the material facts relative to the unauthorized transaction.*

(quoting *Nowata Oil Syndicate v. Commercial Nat'l Bank*, 219 P. 339, 343 (Okla.1923)) (emphasis added). Judge Miles-LaGrange's quote is verbatim from *Nowata Oil*. The emphasized wording from *Musket Corp.* is cited verbatim in Confidence Ford's motion. Doc. No. 56, p. 10.

Confidence Ford likewise quoted from *Messman v. Lower*, 84 OK 151, ¶ 6, 202 P. 1014, 1015-16 (1921). *Messman* stated the law as follows:

> Ratification of an unauthorized contract must be with full knowledge of all the facts, and it is essential that the principal shall have *full knowledge at the time of the claimed ratification of all the material facts relative to the unauthorized transaction.*

(Emphasis added). The emphasized wording from *Messman* is cited verbatim in Confidence Ford's motion. Doc. No. 56, p. 8. Without question, case law subsequent to *Amazon Fire* did *not* include the wording about which Plaintiff complains. Accordingly, no alleged "repeated truncation" occurred. Confidence Ford is confident this Court is capable of ascertaining the law on ratification established by Oklahoma courts – law accurately cited by Confidence Ford.

Sanctions under § 1927 must be supported by serious malfeasance. The evidence presented by Plaintiff fails to approach the degree of seriousness required by the courts to support sanctions.

In *Braley*, the Tenth Circuit imposed sanctions on an attorney for filing a frivolous and vexatious appeal. 832 F.2d at 1513. In support, the Court relied on case law supporting sanctions:

> [A]n attorney must realize, even if a party does not, "that the decision to appeal should be a considered one, taking into account what the district judge has said, not a knee-jerk-reaction to every unfavorable ruling." *Simon & Flynn, Inc. v. Time, Inc.*, 513 F.2d 832, 835 (2d Cir.1975). Alexander's conduct of this case comports with that for which other circuits have imposed sanctions under § 1927. *See*, e.g., *Olympia Co., Inc. v. Celotex Corp.*, 771 F.2d 888, 893 (5th Cir.1985) (counsel sanctioned for submitting rambling briefs, making no attempt to address elements requisite to obtaining reversal); *Limerick v. Greenwald*, 749 F.2d 97, 101 (1st Cir.1984) (attorney sanctioned for filing numerous documents containing irrelevant arguments

> and authority, bringing repetitive motions without rational basis, seeking to resurrect matters concluded, and directly violating court rules); *United States v. Nesglo, Inc.*, 744 F.2d 887, 891 (1st Cir.1984) (attorney sanctioned for seeking to relitigate issues already adjudicated); *Knorr Brake*, 738 F.2d at 228 (counsel sanctioned for persisting in ignoring legal issues and repeating arguments previously rejected by the court); *McConnell*, 661 F.2d at 118 (attorney sanctioned for failure to exclude from appeal claims against individual defendants for which there was no basis for appeal).

*Id.*

In *Hudson Motors Partnership v. Crest Leasing Enterprises, Inc.*, 845 F.Supp. 969, 972 (E.D.N.Y. 1994), among other grounds, the plaintiff moved for § 1927 sanctions against the defendants relating to their antitrust counterclaims. The court enumerated filings by the defendants and concluded that "It is clear to this court that Defendants were stalling for time and were unreasonably and vexatiously multiplying these proceedings by compelling Hudson Toyota to oppose a meritless motion to quash." *Id.* at 979. The court found that the motion to quash "was another step in unreasonably and vexatiously multiplying these proceedings." *Id.* at 980. The court found that a motion to consolidate "was completely without merit." *Id.* at 981. The court held that:

> [T]he motion to consolidate was brought in bad faith in order to create more delay. Because the "attorney's actions [were] so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," sanctions pursuant to Section 1927 are appropriate.

*Id.* (citations omitted). The court further found that the defendants had no good faith belief based on the law and the facts to support a counterclaim. *Id.* at 982. The court held that "Defendants' assertion of this counterclaim was, therefore, made in bad faith and unreasonably and vexatiously multiplied these proceedings by forcing Hudson Toyota to

move for its dismissal." *Id.* On those grounds and the court's inherent powers, it awarded sanctions against the defendants and their counsel. *Id.* at 983-84.

*Steinert v. Winn Group, Inc.*, 440 F.3d 1214 (10th Cir. 2006), cited by Plaintiff, demonstrates why the present circumstances do not support § 1927 sanctions. In *Steinert* the plaintiff's attorney appealed an award of attorney fees under § 1927. *Id.* at 1217. Rather than respond to a motion to dismiss, "Gage embarked on a five-month extension-seeking campaign, during which he requested nine extensions of time to file an opposition to Winn's motion to dismiss." *Id.* After a subsequent motion to amend was denied, "Gage also filed a seventy-seven page opposition to Winn's April motion to dismiss." *Id.* at 1219. After filing the response, "Gage then embarked on another extension-seeking campaign." *Id.* The alleged offending omission of ellipses in the present case in no manner approaches the level of misconduct that support an award of sanctions in *Braley*, *Hudson* or *Steinert*.

On the other hand, seeking relief via motion practice does not in itself warrant sanctions, even if the motion ultimately is unsuccessful. In *Merial*:

> The defendant, Intervet, Inc., now seeks approximately $300,000.00 in attorney's fees and costs [Doc. No. 51] pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the inherent power of the court. As grounds for its motion, Intervet argues that Merial: (1) brought suit even though its attorneys knew that Merial lacked standing, (2) attempted to obscure and conceal its standing problem, and (3) failed to adequately investigate its claims before bringing suit.

437 F.Supp.2d at 1334 (footnote omitted). Addressing the motion for § 1927 sanctions, the court denied to impose sanctions reasoning:

> Merial and its counsel also did not unreasonably and vexatiously multiply the proceedings or otherwise act in bad faith. While the court ultimately determined that Merial lacked prudential standing, the court cannot say that

> Merial's standing argument was so frivolous as to warrant sanctions. The fact that Merial filed motions for a temporary restraining order and a preliminary injunction, moreover, does not change the court's conclusion.

*Id.* at 1335.

In the present case, Confident Ford moved to dismiss. The present alleged omission of ellipses does not come close to sanctionable behavior. This is especially true in light of the fact that Confidence Ford accurately cited Oklahoma law on ratification of contracts, which Plaintiff concedes.

## CONCLUSION

Plaintiff fails to demonstrate any basis for the award of sanctions under 28 U.S.C. § 1927 and his Motion [Doc. No. 107] should be denied.

Respectfully submitted,

*/s/ Lyndon W. Whitmire*

Lyndon W. Whitmire, OBA No. 17164
Jason A. Sansone, OBA No. 30913
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, Oklahoma 73103
Telephone: 405-235-4100
Facsimile: 405-235-4133
lwwhitmire@phillipsmurrah.com
jasansone@phillipsmurrah.com
***Attorneys for Defendant***
***Confidence Ford of Norman***

**CERTIFICATE OF SERVICE**

This is to certify that on the 9th day of September, 2026, a true and correct copy of the above and foregoing was mailed by first class mail, postage prepaid, to the following:

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129

I also hereby certify that on 9th day of September, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to the following ECF registrants:

Aaron C Tifft atifft@hallestill.com
Brooks Allen Richardson brichardson@gablelaw.com
Gerard M D'Emilio gdemilio@gablelaw.com
Heidi Rasmussen heidi.rasmussen@morganlewis.com
Jacob Christopher Swanson jswanson@gablelaw.com
John H Tucker jtucker@rhodesokla.com
Kathy R Neal kathy.neal@mcafeetaft.com
Kerry R Lewis klewis@rhodesokla.com
Kirsten A. Pfeiffer kirsten.pfeiffer@mcafeetaft.com
Natalie Georges natalie.georges@morganlewis.com
Nathan E Clark nclarkcourts@rhodesokla.com
Nicholas V Merkley nmerkley@gablelaw.com
Zachary A P Oubre zach.oubre@mcafeetaft.com
Zachary Dean Ludens zludens@shawlewenz.com

*/s/ Lyndon W. Whitmire*