**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CIV-25-1134-D |
| | ) | |
| ONVOY, LLC; *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TELNYX LLC'S OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFF'S (1) MOTION FOR 28 U.S.C. § 1927 SANCTIONS; (2) MOTION FOR LEAVE TO FILE OVERSIZED MOTION FOR RULE 11 SANCTIONS; AND (3) MOTION FOR DEFERRED RULING ON PENDING MOTIONS**

Altogether, there are seven motions to dismiss Plaintiff Anthony Trupia's amended complaint that have been pending since May. [Doc. Nos. 49, 51, 52, 56, 58, 60, 65]. Despite the Court's numerous efforts to accommodate Trupia's repeated requests for time and page extensions, to date, Trupia has failed—across no fewer than ***twenty-four*** different briefs—to file a compliant response brief. [Doc. Nos. 62, 75–77, 79, 82–89, 91, 92, 97, 103–110].

Trupia received three extensions of his deadline, and the Court warned him that it would not be extended past July 22, 2026. [Doc. Nos. 81 at 2, 90 at 2 n.2]. Trupia has not met that deadline. And, as the Court has observed, he now appears to be using sanctions motions to smuggle untimely merits arguments into the record. *See* [Doc. No. 95 at 2 n.1 ("Although styled as a Motion for Sanctions, it appears that Plaintiff intends for the Motion to serve as his response to Defendants' motions to dismiss.")].

In accordance with this tactic, Trupia has moved to sanction every attorney who moved to dismiss his amended complaint, arguing (ironically enough) that they have vexatiously and unreasonably multiplied the proceedings. [Doc. Nos. 104–110]. He also seeks leave to file an oversized motion for Rule 11 sanctions that (as to the undersigned) raises substantively identical arguments [Doc. No. 103], and he asks the court to defer the motions to dismiss pending resolution of his motions for sanctions [Doc. No. 97].

These are unserious requests. The Court should deny all of the relief Trupia seeks.

## BACKGROUND

On May 1, 2026, Trupia filed his First Amended Complaint. [Doc. No. 48]. Telnyx moved to dismiss on May 15. [Doc. No. 52]. On May 19, Trupia requested leave to file a 100-page omnibus response brief out of time. [Doc. No. 62]. The Court granted the motion in part, ordering him to file individual, 25-page response briefs by June 16. [Doc. No. 67].

Trupia ignored the Court's order. Instead, he opted to file a 193-page omnibus response brief on June 16 [Doc. No. 77] along with a "Renewed Motion for Leave to File a Consolidated Omnibus Response" [Doc. No. 76]. The Court struck that brief the next day, extended his deadline to July 8, and gave him the choice of either filing a single, 85-page omnibus brief or individual, 25-page briefs. [Doc. No. 78].

Trupia chose neither. Instead, he filed a motion for leave to file individual responses to the motions to dismiss "at the length reasonably necessary to respond to each[.]" [Doc. No. 79], at 1. The Court again accommodated Trupia, extending his deadline to July 22 and granting him leave to file 30-page individual response briefs. [Doc. No. 81].

Again, Trupia ignored the Court's order. Instead, on July 8, he filed seven oversized responses containing nearly 400 pages of argument total [Doc. Nos. 83–89].[1] On July 10, the Court struck the briefs, reemphasizing Trupia's July 22 deadline and 30-page limitation. [Doc. No. 90]. It also cautioned him that further misconduct could result in sanctions. *Id.* at 2 n.2.

Trupia failed to meet that deadline. Instead, on July 21, Trupia filed a 56-page motion for sanctions against every attorney who filed the pending motions to dismiss. [Doc. No. 92]. The Court struck this motion too, finding that it (1) was oversized and (2) improperly combined a response to a motion with a cross-motion in violation of LCvR7.1(c). [Doc. No. 95 at 3]. The Court also reiterated its warning to Trupia that his misconduct could subject him to sanctions, noting "that such sanctions could include dismissal of this action with prejudice." *Id.* To date, Trupia has not attempted to file any response brief that conforms to the Court's orders.

Trupia has now repackaged his arguments into motions for sanctions against the attorneys who filed the pending motions to dismiss. [Doc. Nos. 103-2, 104–110]. For the reasons set forth below, the Court should deny the relief Trupia seeks.

[1] He also "objected" to the Court's July 1 Order, arguing that it was "impossible" for him to respond in less than 30 pages and "asking the court to "accept Plaintiff's individual responses, in the form in which they are filed, at the length reasonably necessary to answer each motion[.]" [Doc. No. 82 at 27].

## LEGAL STANDARD

Where an attorney "multiplies" court proceedings "unreasonably and vexatiously," the Court may require him or her to satisfy "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.[2] A Section 1927 award is only appropriate where an attorney engages in "conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court . . . ." *Obeslo v. Empower Cap. Mgmt., LLC*, 85 F.4th 991, 1005 (10th Cir. 2023). This "presents 'an extreme standard' for imposing sanctions," cautioning that the statute should be "strictly construe[d]" and that "fees should be awarded only in instances evidencing a serious and standard disregard for the orderly process of justice." *Id.* at 1013.

## ARGUMENTS AND AUTHORITIES

The Court should rebuff Trupia's attempt to file untimely arguments in opposition to the pending motions to dismiss. Moreover, there is nothing objectionable—let alone

[2] Although Trupia also cites Federal Rule of Civil Procedure 11, he expressly states that this motion only seeks "relief" under Section 1927. [Doc. No. 106 at 7 ("[T]his motion proceeds on § 1927's own terms, . . . .")].

But even if he were proceeding under Rule 11, his motion independently fails under the safe harbor provision. Fed. R. Civ. P. 11(c)(2). Failure to comply with Rule 11's procedural requirements precludes an award of sanctions. *See, e.g.*, *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012); *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006). This is true regardless of the movant's *pro se* status. *United Cap. Mgmt. of Kan., Inc. v. Nelson*, No. 22-4008-JWB-GEB, 2022 WL 3017326, at *3 (D. Kan. July 29, 2022); *McGregor v. Shane's Bail Bonds*, No. 10-CV-2099-JWL, 2010 WL 3155635, at *18 (D. Kan. Aug. 9, 2010), *aff'd sub nom. McGregor v. Snyder*, 427 F. App'x 629 (10th Cir. 2011). Here, Trupia did not serve a copy of it on the undersigned counsel until August 19, the same day on which he filed it.

sanctionable—about the undersigned's brief. Finally, there is no reason to stay adjudication of the motions to dismiss. The Court, therefore, should deny the relief Trupia seeks.

## I. Trupia's motions for sanctions violate LCvR7.1(c).

As a preliminary matter, the Court should strike Trupia's motions for sanctions as improper pursuant to LCvR7.1(c). In its August 6 Order, the Court found that Trupia's July 21 Motion for Sanctions [Doc. No. 92] was improper, in part because Trupia "intend[ed] for his Motion for Sanctions to serve as both a combined response to the motions to dismiss and a request for the imposition of sanctions." [Doc. No. 95 at 2]. Here, Trupia attempts to evade the same result by claiming that he doesn't intend for his sanctions motion to function as a response brief. [Doc. No. 106 at 1]. But the arguments Trupia made as to the undersigned in his July 21 Motion are substantively identical to the arguments raised in his August 19 motion. *Compare* [Doc. No. 92 at 15, 18, 28, 30–31, 42–43, 46, 51], *with* [Doc. No. 106] *and* [Doc. No. 103-2 at 15, 18, 28, 31–32, 43, 47, 52].

Moreover, Trupia's intent is further evidenced by the relief he seeks. In Trupia's own words, the "**Principal Relief** [sic]" he seeks is for the Court to "strike or disregard the specific passages" of Telnyx's motion that Trupia challenges. [Doc. No. 97 at 4]; *see also* [Doc. No. 106 at 18]. This is confirmed by Trupia's objections to Telnyx's brief, as set forth in greater detail in Section II, *supra*. The Court should not permit Trupia to circumvent this Court's orders by repackaging an untimely response as a sanctions motion.

Accordingly, the Court should strike the motion for sanctions against the undersigned pursuant to Section 1927 [Doc. No. 106] and deny the motion for leave to file an oversized Rule 11 motion for sanctions [Doc. No. 103].

## II. Trupia's complaints about Telnyx's brief are meritless.

Further, Trupia's motion for sanctions should be denied at the outset because Telnyx's 22-page motion did not multiply the proceedings, and Trupia has not shown that it caused him to incur any "out-of-pocket costs and expenses." [Doc. No. 106 at 18].[3] Because Trupia is proceeding *pro se*, he incurred no attorney's fees. Nor were any expenses associated with his twenty-four filings "reasonably incurred" because of Telnyx's motion. Trupia had several opportunities to respond within the page limits authorized by the Court. He chose instead to flood the docket with noncompliant briefs and motions. Telnyx shouldn't be forced to bear the cost of that. Trupia sued Telnyx, and Telnyx is entitled to defend itself against his claims. Trupia—not Telnyx—is solely responsible for multiplying these proceedings.

In any event, there is nothing objectionable about Telnyx's brief. Trupia contends that the undersigned made several misrepresentations-by-omission to the Court, but that's simply not true. Every authority cited by the undersigned supports the proposition for which it was cited.

[3] It isn't clear that Trupia is even entitled to recover ***anything*** under Section 1927. *See, e.g.*, *Greer v. Moon*, No. 2:24-CV-00421-DBB-JCB, 2026 WL 881394, at *2 & nn. 9–10 (D. Utah Mar. 31, 2026) (declining to award attorney's fees to a pro se litigant under Section 1927); *In re Alexander*, No. 25-11237-T, 2026 WL 1460047, at *3 (Bankr. N.D. Okla. Apr. 28, 2026) ("Because [the p]laintiff is a *pro se* party, she is not entitled to attorney's fees ***and costs***." (emphasis added)).

*First*, Trupia takes issue with the undersigned's reliance on *Ioszpe v. Unifin, Inc.* ("*Ioszpe I*"), No. CIV-25-98-SLP, 2025 WL 2487349, at *3 (W.D. Okla. Aug. 28, 2025). Here is the relevant excerpt from the undersigned's motion:

> Lastly, even assuming the listed phone calls constitute intentional acts by Telnyx of reaching out to Oklahoma (they do not), this still cannot show personal jurisdiction. Six phone calls over the course of a year do not amount to the "minimum contacts" required to satisfy due process. . . . *Ioszpe v. Unifin, Inc.*, No. CIV-25-98-SLP, 2025 WL 2487349, at *3 (W.D. Okla. Aug. 28, 2025) ("Given that [the p]laintiff's sole factual allegation pertaining to Oklahoma is that [the defendant] called a 405 number four times—only one of which was apparently received in Oklahoma—the Court finds that this, alone, is insufficient to establish [that the defendant] purposefully directed its conduct towards Oklahoma."); . . . .

[Doc. No. 52 at 9–10]. Trupia doesn't dispute the accuracy of the quotation or the proposition. *Ioszpe I* stands for exactly what the undersigned cited it for. Instead, he asserts that the undersigned should have informed the court that, following *Ioszpe I*, the plaintiff filed an amended complaint that withstood a motion to dismiss. *See* [Doc. 106 at 8–9]; *see also Ioszpe v. Unifin, Inc.* ("*Ioszpe II*"), No. CIV-25-98-SLP, 2026 WL 27287, at *1 (W.D. Okla. Jan. 5, 2026). This time, the district court denied the motion to dismiss. *Id.* at *3.

What this has to do with the sufficiency of ***Trupia's*** allegations is a mystery. The district court's order in *Ioszpe I* has not been vacated or modified in any way. It remains good law that stands for the proposition that a handful of missed calls does not confer personal jurisdiction.

Trupia also faults the undersigned for omitting *Ioszpe I*'s discussion of the plaintiff's autodialer claim. Mot. [Doc. No. 106 at 12]. There, the plaintiff alleged that he received four calls lacking caller identification and an opt-out mechanism supported a reasonable

inference that an autodialer was used, with the district court finding that the plaintiff had alleged "barely" enough to survive dismissal of that claim. *Ioszpe I*, 2025 WL 2487349, at *4 & n.5. Those allegations bear no resemblance to Trupia's allegations against Telnyx, so the undersigned had no reason to discuss that portion of *Ioszpe I*.

*Second*, Trupia challenges the undersigned's reliance on *Hood v. American Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021), which Telnyx cited for general personal-jurisdiction principles. [Doc. No. 52 at 5–7 nn.4, 7]. Trupia identifies no miscitation or misrepresentation. Instead, he argues that the undersigned should have discussed *Hood*'s facts and outcome. Mot. [Doc. No. 106], at 10. The undersigned had no obligation to discuss facts irrelevant to the cited propositions. In any event, *Hood* is readily distinguishable. That plaintiff alleged that the defendant itself purposefully directed telemarketing calls at the forum. 21 F.4th at 1227. Trupia makes no similar allegation against Telnyx. If Trupia wanted to argue that the facts underlying *Hood* applied here, he could have done so in a proper response brief.

*Third*, Trupia next takes issue with the undersigned's citation to *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189 (D.N.M. 2019). On page 16 of the brief, the undersigned cited *Mohon* in support of the proposition that in order to state a claim under several of the statutes invoked by Trupia, it was necessary to allege that the "defendant actually ***made*** or ***initiated*** the offending phone call. *See, e.g.*, *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189, 1125–26 (D.N.M. 2019) (collecting cases); . . . ." [Doc. No. 52 at 16]. The pincite does contain a typographical error. The undersigned intended to cite to pages 1**2**25–26, which

collects cases and sets forth the elements of a TCPA § 227(b)(1)(A)(iii) violation, not 1**<u>1</u>**25–26. The undersigned apologizes for this oversight.

*Fourth*, Trupia asserts that the undersigned made false claims about his amended complaint. Specifically, he takes issue with two of the undersigned's statements:

> The Complaint contains no facts showing Telnyx played any role in initiating the phone calls Trupia allegedly received, nor that it even ***knew*** of the content or nature of the phone calls transited in their network.

[Doc. No. 52 at 16 (emphasis in original)].

> Trupia simply does not allege Telnyx has done anything in relation to the claims against it.

*Id.* at 12.

Trupia claims that these statements are disingenuous because the undersigned discussed the external articles and reviews included in Trupia's pleading in footnote 3 of the brief. Mot. [Doc. No. 106 at 12]. But as the undersigned said there, "[t]hese have nothing to do with Trupia and do not go to the elements of any of his claims." [Doc. 52 at 3 n.3]. The undersigned stands by his statements on pages 12 and 16. Trupia, despite his mountain of filings and attempts, has consistently failed to muster even the slightest claim that Telnyx ever did anything to him.

*Fifth*, Trupia gripes that the undersigned "assemble[d] a résumé of [Trupia's] failures" in the first footnote of the brief. [Doc. No. 106 at 13]. The undersigned is unsure how detailing Trupia's history of abusing the court systems to harass defendants like Telnyx could possibly be construed as sanctionable conduct. The context of Trupia's filings is important, particularly if the Court were to consider imposing filing restrictions under

its inherent authority. *See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing . . . injunctions restricting further filings . . . where [*inter alia*] the litigant's lengthy and abusive history is set forth; . . . .").

*Sixth* and finally, Trupia contends that the undersigned misrepresented *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265-CVE-TLW, 2016 WL 47876 (N.D. Okla. Jan. 4, 2016). [Doc. No. 106 at 14]. Here is how the undersigned cited *Salmon*:

> A phone call only invades a plaintiff's privacy where it is "repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence." *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016) (quoting RESTATEMENT (SECOND) OF TORTS § 652B cmt. d (1977)) (applying Oklahoma law).

[Doc. No. 52 at 17–18]. Trupia claims that the undersigned "supplied" the word "only." [Doc. No. 106 at 14]. Not so. The word "only" ***does*** appear in the original quotation:

> There is likewise no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object. Thus there is no liability for knocking at plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is ***only*** when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.

*Salmon*, 2016 WL 47876, at *5 (emphasis added).

Trupia's complaints amount to no more than thinly veiled attempts to make responsive arguments that he should have filed back in July. He has not shown any kind of malfeasance on the part of the undersigned, nor has he shown "intentional or reckless

disregard" for the undersigned's duties to the Court. The undersigned stands by his citations. The Court should, therefore, deny Trupia's sanctions motion [Doc. No. 106].[4]

**III. There is no reason to stay adjudication of the motions to dismiss.**

Trupia also demands that his motions for sanctions be resolved before the motions to dismiss. [Doc. No. 97]. Telnyx takes no position as to which motion should be decided first, but Trupia certainly hasn't shown that Telnyx's motion should be ***stayed***.

"A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *De Baca v. United States*, 403 F. Supp. 3d 1098, 1111 (D.N.M. 2019) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "[W]here a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). "The underlying principle clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" *Id.*

Trupia hasn't shown such extreme circumstances here. Indeed, the entirety of his motion to stay is contingent on his sanctions motion being meritorious. As set forth above, it is not. And in any event, the Tenth Circuit has found that Section 1927 motions may be decided after the final judgment. *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1223 (10th

[4] Likewise, the Court should deny Trupia's motion for leave to file an oversized Rule 11 brief as futile, as his proposed motion [Doc. No. 103-2] as to the undersigned raises substantively identical arguments.

Cir. 2006). There is no reason to stay adjudication of Telnyx's motion, so the Court should deny Trupia's request. [Doc. No. 97].

## CONCLUSION

Accordingly, the Court should deny Trupia's motions seeking (1) sanctions under 28 U.S.C. § 1927 [Doc. No. 106]; (2) leave to file an oversized Rule 11 brief [Doc. No. 103]; and (3) a stay pertaining to the motions to dismiss [Doc. No. 97].

Respectfully Submitted,

*/s/ Jacob C. Swanson*

Jacob C. Swanson, OBA No. 36998
Brooks A. Richardson, OBA No. 18133
GABLEGOTWALS
BOK Park Plaza
499 W. Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-5500
Facsimile: (405) 235-2875
jswanson@gablelaw.com
brichardson@gablelaw.com

**ATTORNEY FOR DEFENDANT TELNYX LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing and transmittal to all counsel of record.

I hereby certify that on September 9, 2026, I served a copy of the above and foregoing document on the following via Certified U.S. Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129

**PLAINTIFF PRO SE**

*/s/ Jacob C. Swanson*
Jacob C. Swanson