**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. CIV-25-1134-D |
| v. | ) | |
| | ) | |
| ONVOY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# DEFENDANT ONVOY, LLC'S COMBINED RESPONSES TO PLAINTIFF'S MOTIONS FOR SANCTIONS UNDER 28 U.S.C. § 1927 AGAINST NICHOLAS V. MERKLEY, FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11, AND TO STAY RULING

Nicholas ("Nick") V. Merkley, OBA No. 20284
Gerard D'Emilio, OBA No. 33496
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
NMerkley@gablelaw.com
GDemilio@gablelaw.com

Heidi Rasmussen, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Telephone: +1.713.890.5000
heidi.rasmussen@morganlewis.com

Natalie Georges, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
natalie.georges@morganlewis.com

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. PROCEDURAL BACKGROUND ........ 2

III. LEGAL STANDARDS ........ 4

IV. ARGUMENT ........ 5

A. Plaintiff's Motions Fail Under Both Rule 11 and 28 U.S.C. § 1927 as a Matter of Law. ........ 5

1. Plaintiff's Attempt to Use Section 1927 and Rule 11 Is Improper. ........ 5

2. Plaintiff's Motions Do Not Challenge Conduct Cognizable Under Section 1927 or Rule 11. ........ 6

3. Plaintiff Cannot Demonstrate that Counsel Unreasonably or Vexatiously Multiplied the Proceedings. ........ 7

B. The Court Should Decline Plaintiff's Invitation to Decide the Merits of His Sanctions Allegations. ........ 8

C. Even If the Court Reaches Plaintiff's Individual Allegations, None Provide a Basis for Sanctions. ........ 11

1. Plaintiff's Allegations Against Onvoy Concern Ordinary Disputes Over Legal Advocacy, Not Sanctionable Conduct. ........ 12

2. Plaintiff's Specific Criticisms of Onvoy's Motion Do Not Demonstrate Misconduct. ........ 15

a. Plaintiff Mischaracterizes Both Onvoy's Motion and the Graham Declaration. ........ 16

b. Counsel Properly Characterized the First Amended Complaint. ........ 17

c. Plaintiff's Complaints Regarding Legal Authorities Present Ordinary Merits Disputes. ........ 18

d. Plaintiff Identifies No Evidence of Sanctionable Conduct. ........ 20

**TABLE OF CONTENTS**
(continued)

**Page**

V. FOR SIMILAR REASONS, THE COURT SHOULD DENY PLAINTIFF'S STAY MOTION AND MOTION TO FILE AN OVERSIZED RULE 11 MOTION. .......... 22

VI. CONCLUSION .......... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baca v. Berry*,
806 F.3d 1262 (10th Cir. 2015)....................4

*Braley v. Campbell*,
832 F.2d 1504 (10th Cir. 1987) (en banc) .................... 5, 6

*In re Brown*,
412 F. Supp. 1066 (W.D. Okla. 1975) .................... 20

*Collins v. Daniels*,
916 F.3d 1302 (10th Cir. 2019).................... 9, 14

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990).................... 5, 9

*Greeley Pub. Co. v. Hergert*,
233 F.R.D. 607 (D. Colo. 2006) ....................6

*McKinnon v. Cairns*,
698 F. Supp. 852 (W.D. Okla. 1988) .................... 15

*Mey v. All Access Telecom, Inc.*,
No. 5:19-cv-00237-JPB (N.D. W. Va. Apr. 23, 2021).................... 20

*Obeslo v. Empower Capital Mgmt., LLC*,
85 F.4th 991 (10th Cir. 2023)....................*passim*

*Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*,
793 F.3d 1177 (10th Cir. 2015)....................5

**Statutes**

28 U.S.C. § 1927....................*passim*

**Other Authorities**

Fed. R. Civ. P. 11 ....................*passim*

Fed. R. Civ. P. 12 .................... 7, 10, 15, 19

Fed. R. Civ. P. 12(b) .......... 18

Fed. R. Civ. P. 12(b)(2) .......... 1, 7, 16

Fed. R. Civ. P. 12(b)(6) .......... 1, 16, 18

Fed. R. Civ. P. 12(d) .......... 7, 13

H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in
1980 U.S. Code Cong. & Ad. News 2716, 2781, 2782) .......... 6

On August 19, 2026, Plaintiff Anthony Trupia ("Plaintiff") filed Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 Against Nicholas V. Merkley and Brief in Support [Doc. No. 58] (the "Section 1927 Motion") and Plaintiff's Motion for Sanctions Under Federal Rule of Civil Procedure 11 and Brief in Support ("Rule 11 Motion" and, collectively with the Section 1927 Motion, the "Motions"). ECF Nos. 103-2, 108. Defendant Onvoy, LLC ("Onvoy") responds to the Motions and respectfully requests that the Court deny the Motions in full.

## I. INTRODUCTION

After seeking repeated extensions of his deadline to respond to Onvoy, LLC's Rule 12(b)(2) and 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support ("Onvoy's Motion") and filing multiple responses in direct violation of the Local Rules and this Court's orders, Plaintiff filed Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 and Brief in Support (ECF No. 92, "Plaintiff's First Section 1927 Motion"). On August 6, 2026, the Court entered an order striking Plaintiff's First Section 1927 Motion, and cataloguing Plaintiff's repeated failures to abide by the Local Rules and the Court's orders. ECF No. 95. Plaintiff now files the Motions, arguing that Onvoy's counsel has needlessly multiplied proceedings under Section 1927 and has further violated Rule 11. Not so. It is Plaintiff who has repeatedly ignored the Local Rules and Orders of this Court. Now, having run out of options to file

excessive briefing in response to Onvoy's and the other defendants' motions, Plaintiff has changed tactics and now frivolously seeks sanctions. While Plaintiff has filed both the Section 1927 Motion and the Rule 11 Motion, Plaintiff admits that both motions seek the same relief, stating that "tendered Rule 11 motion seeks the same corrective relief as to the same filings." Plaintiff's Motion to Stay Ruling on Defendants' Motions to Dismiss (Doc. Nos. 49, 51, 52, 56,58, 60, 65) and on the Motions to Deem Confessed (Doc. Nos. 94, 96) Pending Resolution of Plaintiff's Motions for Sanctions under 28 U.S.C. § 1927 and Fed. R. Civ. P. 11, and Brief in Support (the "Motion to Stay") ECF No. 97 at 4. Therefore, Onvoy responds in opposition to the Motions jointly, as the Motions largely make the same baseless arguments. The Motions should be denied in full and Onvoy's Motion to dismiss should be granted.

## II. PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on September 29, 2025, alleging eleven counts against Onvoy (and all other defendants). ECF No. 1. On December 1, 2025, Onvoy moved to dismiss Plaintiff's claims, and Plaintiff sought leave to amend. ECF No. 9; ECF No. 31. Plaintiff then filed his First Amended Complaint against Onvoy and other defendants on May 1, 2026. ECF No. 48. In response, Onvoy filed its motion to dismiss on May 15, 2026. ECF No. 58.

Plaintiff's response to Onvoy's Motion was due on June 5, 2026. ECF No.

62. Plaintiff sought an extension of that deadline. ECF No. 62. Plaintiff further asked the Court to grant Plaintiff leave to file an oversized opposition of "up to 100 pages." ECF No. 62. The Court granted Plaintiff an extension to June 16, 2026, but denied his request to file a 100-page consolidated response. ECF No. 67. Contrary to that order and his own request, on June 16, 2026, Plaintiff filed a 193-page consolidated response. ECF No. 77. On June 17, 2026, the Court entered an order striking that document and allowing Plaintiff two options to respond to the seven pending motions to dismiss: either a 25-page response to each, or one consolidated response not to exceed 85 pages. ECF No. 78.

Once again, rather than complying with the Court's order, Plaintiff filed a Motion for Leave to File Overlength Individual Responses to Defendants' Motions to Dismiss, and to Hold the Response Deadline in Abeyance. ECF No. 79. On July 1, 2026, the Court entered an Order allowing Plaintiff to file individual responses not to exceed 30 pages and allowing Plaintiff "**one final extension**" to July 22, 2026. ECF No. 81. In this Order, the Court emphasized that the "**Court will not grant any further relief with respect to Plaintiff's response deadline or page limitations**." ECF No. 81. Rather than comply with this deadline, Plaintiff filed Plaintiff's First Section 1927 Motion on July 21, along with a motion for leave to exceed pages. ECF Nos. 91, 92. After the Court struck Plaintiff's First Section 1927 Motion, Plaintiff filed the instant Motions. Onvoy asks this Court to deny these baseless Motions.

## III. LEGAL STANDARDS

**Section 1927**

Under Section 1927 "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Tenth Circuit has "cautioned that § 1927 represents an extreme standard, and fees should be awarded only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the court dampen the legitimate zeal of an attorney in representing his client." *Obeslo v. Empower Capital Mgmt., LLC*, 85 F.4th 991, 1005 (10th Cir. 2023) (citation and quotation marks omitted). A finding of bad faith is not required. *See Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015). "Rather, any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court is sanctionable." *Id.* (cleaned up).

**Rule 11**

Rule 11 sanctions are not mandatory but are at the discretion of the court. *See* Fed. R. Civ. P. 11. Under Rule 11, conduct is measured against a standard of "objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document."

*Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015). This is a standard that "is a tough one to satisfy" because the adversary system expects zealous, even aggressive, advocacy, and a legal position is not sanctionable if supported by a nonfrivolous argument to extend, modify, or reverse existing law. *Id.* Rule 11 "must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). But "any interpretation must give effect to the Rule's central goal of deterrence" *Id.*

## IV. ARGUMENT

### A. Plaintiff's Motions Fail Under Both Rule 11 and 28 U.S.C. § 1927 as a Matter of Law.

#### *1. Plaintiff's Attempt to Use Section 1927 and Rule 11 Is Improper.*

Section 1927 is a "strictly construed" statute that authorizes sanctions where an attorney's conduct, viewed objectively, "manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). It is not enough that an attorney advances an argument that is ultimately rejected or that opposing counsel believes a brief misinterprets precedent. The Tenth Circuit has recognized "the importance of ensuring that § 1927 'in no way will dampen the legitimate zeal of an attorney in representing his client.'" *Id.* (quoting H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S. Code Cong. & Ad. News

2716, 2781, 2782).

Likewise, Rule 11 "should never be used as a litigation tactic." *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 612 (D. Colo. 2006) (denying the motion for sanctions and noting that efforts related to Rule 11 issues "have not materially advanced the litigation or any party's interests").

#### *2. Plaintiff's Motions Do Not Challenge Conduct Cognizable Under Section 1927 or Rule 11.*

Measured against that standard, Plaintiff's Motions fail at the threshold. Although styled as motions for sanctions, Plaintiff's Motions remain an end-run around the Court's order limiting Plaintiff's responses to each motion to dismiss to 30 pages. *See* ECF No. 90. Notably, Plaintiff expressly states in his Motion to Stay that "[t]he § 1927 motions do not merely ask for costs. Each asks the Court, in adjudicating the corresponding motion to dismiss, to strike or disregard the specific passages the motion identifies." ECF No. 97 at 4. Substantively, Plaintiff argues that defense counsel should have cited different authorities, quoted cases differently, characterized precedent differently, or interpreted the allegations of the First Amended Complaint differently. *See* ECF Nos. 103-2, 108. Those are ordinary litigation disputes routinely resolved through adversarial briefing and judicial decision—not sanctions.

Indeed, Plaintiff repeatedly acknowledges throughout his Rule 11 Motion that counsel could have advanced what he describes as the "honest

argument" or should have made different legal arguments. ECF No. 103-2 at 19, 29, 49. But Rule 11 does not authorize sanctions because an opposing party believes counsel selected the wrong litigation strategy or presented an unpersuasive legal position. *See* Fed. R. Civ. P. 11. If accepted, Plaintiff's theory would expose virtually every unsuccessful dispositive motion to collateral sanctions litigation whenever the opposing party believes counsel misread a case or omitted contrary authority. That is not the purpose of Rule 11 or Section 1927.

#### ***3. Plaintiff Cannot Demonstrate that Counsel Unreasonably or Vexatiously Multiplied the Proceedings.***

As to Plaintiff's Section 1927 Motion, Plaintiff likewise cannot satisfy Section 1927's central requirement that counsel have "multiplie[d] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. The conduct challenged in the Motions consists of Onvoy moving to dismiss Plaintiff's claims against it as authorized by Rule 12 of the Federal Rules of Civil Procedure and supporting that motion with legal argument and as is appropriate in regard to its Rule 12(b)(2) and 12(d) arguments, a declaration. Plaintiff cites to no authority to support the idea that simply filing a dispositive motion—even motions that are ultimately denied—is sanctionable conduct. *See* ECF No. 108.

Plaintiff's attempts to identify multiplied proceedings fail. Though

somewhat unclear, it appears that Plaintiff argues that the multiplication is the signing of Onvoy's motion to dismiss, the declaration, and the motion to deem confessed. ECF No. 108 at 2, 18. As detailed above, the multiplied briefing in this case resulted from Plaintiff's own decision to seek multiple extensions and file briefs contrary to the Local Rules and orders of this Court. *See* ECF Nos. 62, 67, 76, 77, 78, 79, 81. It was only after Plaintiff admittedly was unable to comply with the Court's orders regarding his responses to Onvoy's and other defendants' motions to dismiss that Plaintiff sought sanctions. *See* ECF No. 91-3 ¶ 5. Plaintiff submitted numerous filings and has yet to file an adequate response to Onvoy's one motion to dismiss. Any multiplication here has been at the hands of Plaintiff.

Accordingly, because Plaintiff identifies only ordinary advocacy concerning disputed legal issues—not conduct amounting to an objectively unreasonable multiplication of proceedings—his motion fails as a matter of law.

### B. The Court Should Decline Plaintiff's Invitation to Decide the Merits of His Sanctions Allegations.

The Rule 11 Motion spans more than fifty pages and challenges individual statements contained in seven separately filed motions to dismiss submitted by multiple defense firms. ECF No. 103-2. Regardless, nearly every asserted basis for sanctions ultimately turns on Plaintiff's contention that

defense counsel misinterpreted precedent, omitted authority Plaintiff believes should have been cited, characterized legal authorities incorrectly, or advanced arguments Plaintiff believes are inconsistent with the allegations of the First Amended Complaint. These are merits disputes—not sanctions issues.

Section 1927 is not designed to provide litigants with a second opportunity to argue the correctness of their opponents' briefing. Rather, the statute addresses litigation conduct that objectively demonstrates an unreasonable and vexatious multiplication of proceedings. *See* 28 U.S.C. § 1927. Likewise, the central purpose of Rule 11 sanctions is to deter baseless filings. *Collins v. Daniels*, 916 F.3d 1302, 1322 (10th Cir. 2019) ("Before moving on from the issue of Rule 11 sanctions, we emphasize that 'the central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts.'") (citing *Cooter & Gell*, 496 U.S. at 393).

Where, as here, the challenged conduct consists entirely of legal arguments made in dispositive motions authorized by the Federal Rules of Civil Procedure, the threshold question is whether Plaintiff has alleged conduct capable of satisfying Section 1927's demanding standard. Because he has not, the Court need not undertake the document-by-document analysis Plaintiff invites.

Indeed, accepting Plaintiff's approach would substantially expand the

limited purpose of both Rule 11 and Section 1927. Every argument in the Motions would require the Court to determine whether counsel should have cited additional authority, quoted authorities differently, interpreted cases differently, or characterized the pleadings differently before ever reaching the underlying motions to dismiss themselves. Such an exercise would convert a narrow sanctions inquiry into a parallel adjudication of the merits of the pending Rule 12 motions.

Federal courts have recognized that the Section 1927 analysis does not turn on the ultimate correctness of legal arguments. *See Obeslo*, 85 F.4th at 1013 ("The district court was ultimately persuaded by out-of-circuit caselaw that Plaintiffs had failed to produce legally cognizable evidence of actual damages. But Plaintiffs' damages theories were not patently meritless and advanced with indifference to well-established law[.]") (internal citation marks and quotations omitted). The appropriate forum for resolving disputes regarding the proper interpretation of precedent, the sufficiency of pleadings, or the persuasiveness of competing legal authorities is the Court's adjudication of the underlying motions—not a collateral request for personal sanctions against opposing counsel. Were it otherwise, nearly every unsuccessful dispositive motion could be repackaged as a sanctions dispute simply because the opposing party believes counsel misread a case or omitted an unfavorable authority.

That is precisely what has occurred here. While Plaintiff largely omitted this theory in his new Section 1927 Motion, the Rule 11 Motion repeatedly acknowledges that many of the challenged positions could have been presented differently or that counsel should have advanced what Plaintiff describes as the "honest argument." *See* ECF No. 103-2 at 19, 29, 49. Those contentions underscore that Plaintiff is challenging litigation strategy and legal advocacy—not conduct that unreasonably multiplied proceedings or presents a baseless argument. Whether defendants' legal arguments ultimately persuade the Court is a question for the pending motions to dismiss; it is not the measure of whether counsel acted in a sanctionable fashion.

Accordingly, because Plaintiff failed to establish the threshold requirements for relief under either Rule 11 or Section 1927, the Court should deny the Motions without engaging in the extensive merits analysis Plaintiff proposes. Onvoy nevertheless addresses Plaintiff's principal allegations below to demonstrate that, even if the Court were to reach them, none provides a basis for sanctions.

### C. Even If the Court Reaches Plaintiff's Individual Allegations, None Provide a Basis for Sanctions.

Although the Rule 11 Motion challenges multiple separately filed motions, Onvoy responds only to those allegations directed at Onvoy's Motion and its counsel, along with Plaintiff's Section 1927 Motion aimed at Onvoy's

counsel.

#### *1. Plaintiff's Allegations Against Onvoy Concern Ordinary Disputes Over Legal Advocacy, Not Sanctionable Conduct.*

In the Motions, Plaintiff principally contends that Onvoy's counsel should have cited additional authority, discussed certain cases more extensively, characterized precedent differently, or framed legal arguments in another manner. *See generally,* ECF Nos. 103-2, 108. Whether those criticisms have merit is a question for the Court's resolution of Onvoy's Motion. They do not remotely establish the type of objectively unreasonable litigation conduct required for sanctions under Section 1927. *See Obeslo*, 85 F.4th at 1010–11.

For example, Plaintiff asserts that Onvoy's counsel failed to cite or adequately discuss authorities that Plaintiff believes were controlling or persuasive. *See* ECF No. 103-2 at 34; ECF No. 108 at 11. Plaintiff also argues that counsel quoted portions of judicial opinions while omitting language or arguments that Plaintiff believes should also have been included. ECF No. 103-2 at 24–25; ECF No. 108 at 12. He similarly criticizes counsel's characterization of legal standards governing ratification, Rule 12(d), and TCPA liability, arguing that different authorities or additional language should have been presented to the Court. *See* ECF No. 103-2 at 24–25, 32–34; ECF No. 108 at 9–11. These allegations share a common premise: Plaintiff believes Onvoy's legal arguments should have been presented differently.

But federal litigation is inherently adversarial. Attorneys routinely disagree regarding the significance of precedent, whether particular authority is controlling, how judicial opinions should be interpreted, and which authorities best support their clients' positions. The Federal Rules do not require Onvoy to present Plaintiff's preferred characterization of the law, nor do they require counsel to cite every authority with which an opposing party disagrees. *See* Fed. R. Civ. P. 11; *see also Obeslo*, 85 F.4th at 1013. Rather, counsel must present nonfrivolous legal arguments supported by a reasonable basis in law. Whether the Court ultimately accepts those arguments is a separate question entirely.

The same is true of Plaintiff's repeated assertion that counsel should have advanced what he describes as the "honest argument." *See* ECF No. 103-2 at 19, 29, 49. That phrase appears throughout Plaintiff's Rule 11 Motion, but it merely reflects his view that different arguments would have been more persuasive or more complete. Section 1927, however, does not authorize sanctions because opposing counsel selected one reasonable litigation strategy over another. Nor does it permit sanctions because an opposing party believes counsel omitted authority, distinguished precedent incorrectly, or interpreted case law differently. Those are precisely the disputes courts resolve every day through adversarial briefing and judicial decision-making.

Importantly, Plaintiff never contends that Onvoy's counsel fabricated

authority, cited nonexistent cases, altered quoted language, or knowingly represented that a case held something it plainly did not. *See generally* ECF Nos. 103-2, 108. Instead, his allegations concern competing interpretations of precedent and competing views regarding the relevance and significance of various authorities. *See generally* ECF Nos. 103-2, 108. Even assuming Plaintiff's criticisms were correct—and Onvoy disputes that they are—such disagreements would not constitute the objectively reckless conduct or baseless arguments required for sanctions under Rule 11 or Section 1927. *See Obeslo*, 85 F.4th at 1005 (noting that the Tenth Circuit has "cautioned that § 1927 represents an extreme standard, and fees should be awarded only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the court dampen the legitimate zeal of an attorney in representing his client") (cleaned up); *see also Collins*, 916 F.3d at 1323.

The same principle applies to Plaintiff's criticisms of counsel's legal characterization of the allegations contained in the First Amended Complaint. Throughout the Motions, Plaintiff argues that Onvoy's counsel should have described his pleading differently or should have emphasized different factual allegations. *See, e.g.*, ECF No. 103-2 at 34. But disputes concerning the legal significance of allegations in a complaint lie at the very heart of Rule 12 motion practice. Every motion to dismiss necessarily requires counsel to characterize the complaint, identify those allegations believed to be material, and explain

why those allegations fail to state a claim. The fact that Plaintiff disagrees with counsel's characterization of his pleading does not transform ordinary advocacy into sanctionable conduct. In reviewing Section 1927 sanctions, the issue is whether the argument set forth by counsel could be or was "grounded in law we must follow." *Obeslo*, 85 F.4th at 1011 (citations omitted). Further, courts also look at the totality of the filing in considering Rule 11 sanctions. *See McKinnon v. Cairns,* 698 F. Supp. 852, 861 (W.D. Okla. 1988) ("If Count V was the only claim in this lawsuit, the Court would impose sanctions pursuant to Rule 11. However, while the Court does not condone such cavalier pleading of serious allegations, given the totality of the allegations unchallenged under Rule 11 at this stage and the small amount of space devoted to this issue in the parties' briefs, the Court will not impose monetary sanctions.").

Here, Plaintiff cannot point to a single instance where Onvoy's counsel acted in reckless disregard of its duties to the Court. The Motions ask this Court to hold that sanctions should issue whenever opposing counsel cites different authority than Plaintiff prefers, interprets precedent differently than Plaintiff advocates, or advances legal arguments Plaintiff believes should fail. Section 1927 provides no such relief.

#### *2. Plaintiff's Specific Criticisms of Onvoy's Motion Do Not Demonstrate Misconduct.*

Even if the Court were to examine Plaintiff's specific criticisms of

Onvoy's Motion, none remotely approaches the objectively unreasonable conduct required under Section 1927.

**a. *Plaintiff Mischaracterizes Both Onvoy's Motion and the Graham Declaration.***

Plaintiff argues that Onvoy's Motion improperly relied upon the Declaration of Stacy Graham or overstated what that declaration established. ECF No. 103-2 at 32-34; ECF No. 108 at 8-10. Plaintiff's characterization of both Onvoy's Motion and the declaration are incorrect.

Onvoy's Motion advanced legal arguments under Rules 12(b)(2) and 12(b)(6), and the Graham Declaration was submitted in support of Onvoy's jurisdictional arguments and to provide factual context regarding Onvoy's business operations. ECF No. 58 at 4–5. Onvoy's Motion is directly in line with the Federal Rules of Civil Procedure. Onvoy presented legal arguments that the Court may accept or reject in the ordinary course of adjudicating the pending motion.

Likewise, Plaintiff's contention that counsel somehow misrepresented the contents of the Graham Declaration simply reflects his disagreement with the inferences that should be drawn from that evidence. *See* ECF No. 103-2 at 33; ECF No. 108 at 8–10. Specifically, Plaintiff argues that because Onvoy truthfully acknowledges that it is not aware whether a wholesale provider serves one of the other defendants that it somehow concedes that the calls were

linked to Onvoy. ECF No. 103-2 at 33; ECF No. 108 at 9. This argument misses the point, but, regardless, Plaintiff fails to meet the Section 1927 or Rule 11 standard with this argument. Counsel accurately cited the declaration and advocated the significance of its contents in support of Onvoy's legal position. ECF No. 58 at 4–5, 7–9, 20. Plaintiff is free to argue that different inferences should be drawn or that the declaration is entitled to little or no weight. Those are ordinary merits arguments—not evidence of objectively unreasonable, reckless, or sanctionable conduct.

#### b. *Counsel Properly Characterized the First Amended Complaint.*

Plaintiff further contends that Onvoy's Motion mischaracterized the allegations of the First Amended Complaint by describing Plaintiff's jurisdictional allegation related to Onvoy as "solitary." ECF No. 103-2 at 34; ECF No. 108 at 10. Plaintiff's examples of contradictions fall flat. Plaintiff draws no connection between Oklahoma and the 9,712 Industry Traceback Group notices, and the First Amended Complaint only states that "Defendants" participated in auctions without any specific reference to Onvoy. *See* ECF No. 48 ¶¶ 44, 24c. Further, Plaintiff acknowledges that Onvoy acknowledged other claims. ECF No. 103-2 at 34; ECF No. 108 at 10.

Plaintiff's complaints about Onvoy's interpretation of the First Amended Complaint are inaccurate at best. Regardless, every Rule 12(b) motion

necessarily requires counsel to evaluate the allegations of a complaint, identify those allegations believed to be material to the legal issues before the Court, and explain why those allegations are legally insufficient. *See* Fed. R. Civ. P. 12(b)(6). Onvoy accurately interpreted the First Amended Complaint, and Plaintiff's quibbles with that interpretation run contrary to his own allegations.

Moreover, the Motions repeatedly quote isolated phrases and sentences from Onvoy's brief while disregarding the brief as a whole. ECF No. 103-2 at 34, 50; ECF No. 108 at 15. Onvoy's Motion analyzed the allegations of the First Amended Complaint in their entirety before arguing why those allegations failed to establish personal jurisdiction or state viable claims against Onvoy. ECF No. 58. Plaintiff may disagree with that analysis, but disagreement over how a complaint should be analyzed is the ordinary work of Rule 12 practice.

Whether the Court ultimately agrees with Plaintiff's or Onvoy's interpretation of the allegations is a merits question presently before the Court on Onvoy's Motion. It is not evidence that counsel acted recklessly or vexatiously made baseless arguments.

#### c. *Plaintiff's Complaints Regarding Legal Authorities Present Ordinary Merits Disputes.*

The same is true of Plaintiff's assertions that Onvoy's counsel omitted authorities Plaintiff believes should have been cited, inadequately discussed

cases Plaintiff considers controlling, or interpreted precedent differently than Plaintiff advocates. Those allegations concern legal advocacy—not litigation misconduct.

Attorneys are not required to brief every potentially relevant decision cited by an opposing party or to present legal authorities in the manner their adversary prefers. Such an idea directly contradicts Tenth Circuit authority on this point. *See Obeslo,* 85 F.4th at 1010–11. And neither Rule 11 nor Section 1927 authorizes sanctions because an opposing litigant believes additional cases should have been discussed. *Id.* If the rule were otherwise, virtually every contested dispositive motion would become a potential sanctions proceeding.

Plaintiff's criticisms regarding authorities such as *Mey v. All Access Telecom, Inc.*, No. 5:19-cv-00237-JPB (N.D.W. Va. Apr. 23, 2021), and *In re Brown*, 412 F. Supp. 1066 (W.D. Okla. 1975) exemplify this point. First, *Mey* is a non-binding decision from the Northern District of West Virginia that is not controlling authority. Second, as to *Brown*, Plaintiff's argument that *Brown* has facts "materially identical to the ones pleaded here," ECF No. 103-2 at 24-25; ECF NO. 108 at 12-13, is incorrect. In *Brown*, a bankruptcy case about whether to discharge a debt, the ratified action was conversion of funds invested, and the bankrupt party had received direct inquiries from the claimant about the funds. *Brown*, 412 F. Supp. at 1071.

Plaintiff's arguments about *Brown* fall flat. Regardless, Onvoy disagrees

and has advanced its own interpretation of the governing law in support of dismissal. That disagreement is precisely the type of legal dispute federal courts resolve every day through adversarial briefing and judicial decision—not through sanctions proceedings against counsel.

Importantly, Plaintiff does not contend that Onvoy cited nonexistent authority, fabricated quotations, or knowingly attributed holdings to cases that they do not contain. *See* ECF Nos. 103-2, 108. Rather, Plaintiff argues that counsel should have discussed additional authority or interpreted existing authority differently. Those arguments should have been advanced in opposition to Onvoy's Motion, but Plaintiff declined to do so. Instead, he opted to file these baseless Motions.

Accordingly, Plaintiff's disagreements concerning legal authorities provide no basis for personal sanctions against counsel.

#### d. ***Plaintiff Identifies No Evidence of Sanctionable Conduct.***

Ultimately, what is missing from the Motions is any evidence that Onvoy's counsel engaged in the type of conduct that Rule 11 and Section 1927 address. Plaintiff identifies no violation of a court order, no repetitive or abusive filings, no misrepresentation of facts known to be false, no fabricated evidence, no improper purpose, and no conduct undertaken to delay the proceedings or harass Plaintiff. Instead, Plaintiff challenges counsel's legal

arguments, strategic decisions regarding which authorities to emphasize, and characterization of the allegations contained in the First Amended Complaint. ECF Nos. 103-2, 108.

To the contrary, Plaintiff's own motions misrepresent his claims. For example, Plaintiff claims his intrusion count "pleads ratification of the John Doe Defendants' automated ghost call campaign (id. ¶¶ 69-85)," ECF No. 108 at 14, but that reference is to Plaintiff's other claims, and not specifically the intrusion claim that was the subject of Onvoy's argument.

Even accepting Plaintiff's criticisms for purposes of the present motion, at best they establish nothing more than a good-faith dispute concerning the legal sufficiency of Plaintiff's claims; at worst, they demonstrate Plaintiff's own reckless attempt to baselessly multiply proceedings in this case.

Indeed, the very structure of Plaintiff's motion confirms this conclusion. Nearly every section culminates not in evidence of misconduct, but in the assertion that counsel should have advanced what Plaintiff characterizes as the "honest argument" or should have presented different legal authorities or different analyses. *See* ECF No. 103-2 at 19, 29, 49. As Plaintiff acknowledges in his declaration, he was unable to comply with the Court's order restricting his responses to Onvoy's and the other defendants' Motions. ECF 91-3 ¶ 5. Instead, Plaintiff attempts through these Motions to make an end-run around that order. Section 1927 is not a vehicle to respond to meritorious arguments

for dismissal, particularly in the face of Plaintiff's failure to comply with Court orders.

Because Plaintiff has failed to identify conduct objectively demonstrating an unreasonable or vexatious multiplication of proceedings, the Motions should be denied.

## V. FOR SIMILAR REASONS, THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STAY AND MOTION TO FILE AN OVERSIZED RULE 11 MOTION.

As the Court can see from the discussion above, Plaintiff's requests for sanctions under either 28 U.S.C. § 1927 or Fed. R. Civ. P. 11 are baseless. Thus, Plaintiff's Motion to Stay should be denied. Onvoy's Motion to Dismiss has been fully briefed and ripe for disposition for months. As noted above, Plaintiff seeks relief in his Section 1927 Motion that amounts to ordinary litigation disputes, not extraordinary grounds or hardship warranting a stay on proceedings. Plaintiff has not set forth a basis to delay adjudicating Onvoy's first-filed Motion to Dismiss in deference to a Motion to Stay that, as Onvoy explains above, will fail.

Likewise, Plaintiff should not be granted leave to file a Rule 11 brief more than double the length of a standard motion under the Court's local rules. As Plaintiff acknowledges, *e.g.*, ECF No. 97 at 4, the Rule 11 Motion duplicates the Section 1927 Motion. Thus, allowing Plaintiff to file a substantially oversized brief when Plaintiff cannot and has not shown he is entitled to

sanctions relief under either Section 1927 or Rule 11 would only serve to multiply proceedings and unnecessarily flood the Court with more paper. Plaintiff has also shown himself unable to abide the Court's Orders and local rules, and the Court has stricken several oversized briefs Plaintiff has filed without leave. While Plaintiff at least asks for permission this time, he has not established he needs 57 pages to make arguments he concedes have been raised in other briefing.

The Court should deny both the Motion to Stay and the Motion to File an Oversized Rule 11 brief.

## VI. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 Against Nicholas V. Merkley and brief in support [Doc. No. 58], Plaintiff's Motion for Sanctions Under Federal Rule of Civil Procedure 11 and Brief in Support, and Plaintiff's Motion to Stay Ruling on Defendants' Motions to Dismiss (Doc. Nos. 49, 51, 52, 56,58, 60, 65) and on the Motions to Deem Confessed (Doc. Nos. 94, 96) Pending Resolution of Plaintiff's Motions for Sanctions under 28 U.S.C. § 1927 and Fed. R. Civ. P. 11, and Brief in Support—and dismiss Plaintiffs' claims with prejudice.

Dated: September 9, 2026

Respectfully submitted,

*/s/ Gerard M. D'Emilio*
Nicholas ("Nick") V. Merkley, OBA No. 20284
Gerard D'Emilio, OBA No. 33496
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
NMerkley@Gablelaw.com
GDemilio@Gablelaw.com

and

Heidi Rasmussen, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Telephone: +1.713.890.5000
heidi.rasmussen@morganlewis.com

Natalie Georges, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
natalie.georges@morganlewis.com

***Attorneys for Onvoy, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing and thereafter served on the following via First-Class United States Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129

/s/ Gerard M. D'Emilio
Gerard M. D'Emilio