**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ANTHONY TRUPIA,

Plaintiff,

v.

CASE NO. 5:25-cv-01134-D

ONVOY LLC, LEVEL 3 COMMUNICATIONS, LLC; TELNYX LLC; HLV VENTURES, an unregistered New York company; HERITAGE HARD ASSETS LLC; KYLE PATTON, individually as Manager/Officer of HERITAGE HARD ASSETS LLC; REAGAN GOLD GROUP, LLC; WORLD HARVEST CHURCH, INC.; SOUTH BAY GALLERIES, LLC; CONFIDENCE FORD OF NORMAN; LP OPERATING; and DOCS 1 through 10-, inclusive,

Defendants.

_______________________________________/

**DEFENDANTS HERITAGE HARD ASSETS LLC AND KYLE PATTON'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY RULING ON DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 49, 51, 52, 56, 58, 60, 65) AND ON THE MOTIONS TO DEEM CONFESSED (DOC. NOS. 94, 96) PENDING RESOLUTION OF PLAINTIFF'S MOTIONS FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND FED. R. CIV. P. 11, AND BRIEF IN SUPPORT (DKT. 97)**

Defendants Heritage Hard Assets LLC and Kyle Patton (collectively "Defendants"), by and through their undersigned counsel, hereby file this opposition to the Motion to Stay Ruling on Defendant's Motions to Dismiss (Doc. Nos. 49, 51, 52, 56, 58, 60, 65) and on the Motions to Deem Confessed (Doc. Nos. 94, 96) Pending Resolution of Plaintiff's Motions for Sanctions Under 28 U.S.C. § 1927 and Fed. R. Civ. P. 11, and Brief in Support (Dkt. 97) (the "Motion to Stay") filed by Plaintiff Antony Trupia's ("Plaintiff"). In support thereof, Defendants state as follows:

1. Plaintiff filed the instant action on September 29, 2025 (Dkt. 1).

2. On December 1, 2025, Defendants filed their Amended Motion to Dismiss and Memorandum of Law in Support ("Motion") (Dkt. 12).

3. Thereafter, Plaintiff filed its Amended Complaint on May 1, 2026, (Dkt. 48), which Defendants, again, moved to dismiss (Dkt. 65). Most of the remaining Defendants similarly filed motions to dismiss (Dkts. 49, 51, 52, 58, 60).

4. On July 21, 2026, Plaintiff filed a Motion for Leave to File Oversized Brief in Support of Motion for Sanctions Under 28 U.S.C. § 1927 (Dkt. 91) (the "First Motion for Leave") based on the arguments raised in Defendants' Motion to Dismiss (Dkt. 65).

5. On August 6, 2026, the Court denied the First Motion for Leave and struck Plaintiff's first motion for sanctions, expressly noting that "Despite Plaintiff's assurances to the Court that he is not intentionally refusing to comply with the Court's orders, it is hard for the Court to reach any other conclusion given its repeated admonishments to Plaintiff regarding the page limit for his responses." (Dkt. 95 at 2.)

6. Thereafter, Plaintiff broke up the motions for sanctions as to each Defendant (Dkts. 104–110), with the one relevant to Defendants being Dkt. 110.

7. Then, again, Plaintiff sought leave to file a new motion for sanctions—this time pursuant to Federal Rule of Civil Procedure 11—in excess of the page limits permitted by the Rules. (Dkt. 103.) Defendants are concurrently filing their opposition to that Motion. Importantly, however, Plaintiff's proposed Rule 11 motion has not even been filed. At present, only Plaintiff's request for leave to file that motion is pending. (Dkt. 103.)

8. Plaintiff now seeks to further delay resolution of Defendants' fully briefed Motion to Dismiss by asking the Court to withhold its ruling until it resolves two sanctions-related

motions—one of which does not presently exist on the docket and may never be permitted to be filed.

9. There is no reason that Plaintiff's collateral pursuit of sanctions should delay the Court's consideration of the merits of Defendants' Motion to Dismiss (Dkt. 65). The Motion to Dismiss is ripe for resolution, and Plaintiff identifies no basis why the Court must—or should—resolve his sanctions requests before determining whether his operative pleading states a viable claim.

10. This is particularly true given the procedural history of this action. Defendants have already been required to move to dismiss Plaintiff's pleadings twice.[1] (Dkts. 12, 65.) Rather than permit the Court to resolve the deficiencies raised in Defendants' pending Motion to Dismiss through the ordinary course of litigation, Plaintiff has repeatedly pursued sanctions against Defendants and their counsel, including now seeking permission to exceed the Court's page limitations to do so.

11. Plaintiff should not be permitted to use collateral sanctions proceedings as a vehicle to delay resolution of a dispositive motion directed to the sufficiency of his own pleading. Doing so would only further increase the costs and burdens of this litigation and unnecessarily delay resolution of the threshold issues already presented to the Court.

12. Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Stay and proceed to rule on Defendants' pending Motion to Dismiss in the ordinary course.

---

[1] Not to mention the motion to dismiss filed in a separate action that was dismissed based on lack of personal jurisdiction (Dkt. 101 in 5:24-cv-00498).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2026, I filed the forgoing document with the Court's CM/ECF system and served it by First Class U.S. Mail and e-mail on the following person, who is not a registered participant of the Electronic Filing System:

Anthony Trupia, 605 SE 21st Street
Oklahoma City, OK 73129
trupiaar@gmail.com

Dated: September 9, 2026 Respectfully submitted,

SHAW LEWENZ

By: */s/ Zachary D. Ludens*
Zachary Dean Ludens
W.D. Okla. Bar No. 24-78
110 SE 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Telephone: (954) 361-3633
Email: zludens@shawlewenz.com