**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ANTHONY TRUPIA,

Plaintiff,

v. CASE NO. 5:25-cv-01134-D

ONVOY LLC, LEVEL 3 COMMUNICATIONS, LLC; TELNYX LLC; HLV VENTURES, an unregistered New York company; HERITAGE HARD ASSETS LLC; KYLE PATTON, individually as Manager/Officer of HERITAGE HARD ASSETS LLC; REAGAN GOLD GROUP, LLC; WORLD HARVEST CHURCH, INC.; SOUTH BAY GALLERIES, LLC; CONFIDENCE FORD OF NORMAN; LP OPERATING; and DOCS 1 through 10-, inclusive,

Defendants.
_______________________________________/

**DEFENDANTS HERITAGE HARD ASSETS LLC AND KYLE PATTON'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OVERSIZED MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11 (DKT. 103)**

Defendants Heritage Hard Assets LLC and Kyle Patton (collectively "Defendants"), by and through their undersigned counsel, hereby file this response to the Motion for Leave to File Oversized Motion for Sanctions Under Fed. R. Civ. P. 11 (Dkt. 103) (the "Motion for Leave") filed by Plaintiff Antony Trupia's ("Plaintiff"). In support thereof, Defendants state as follows:

1. Plaintiff filed the instant action on September 29, 2025 (Dkt. 1).

2. On December 1, 2025, Defendants filed their Amended Motion to Dismiss and Memorandum of Law in Support ("Motion") (Dkt. 12).

3. Thereafter, Plaintiff filed its Amended Complaint on May 1, 2026, (Dkt. 48), which Defendants, again, moved to dismiss (Dkt. 65). Most of the remaining Defendants similarly filed motions to dismiss (Dkts. 49, 51, 52, 58, 60).

4. On July 21, 2026, Plaintiff filed a Motion for Leave to File Oversized Brief in Support of Motion for Sanctions Under 28 U.S.C. § 1927 (Dkt. 91) (the "First Motion for Leave") based on the arguments raised in Defendants' Motion to Dismiss (Dkt. 65).

5. On August 6, 2026, the Court denied the First Motion for Leave and struck Plaintiff's first motion for sanctions, expressly noting that "Despite Plaintiff's assurances to the Court that he is not intentionally refusing to comply with the Court's orders, it is hard for the Court to reach any other conclusion given its repeated admonishments to Plaintiff regarding the page limit for his responses." (Dkt. 95 at 2.)

6. Now, again, Plaintiff seeks leave to file a new motion for sanctions—this time pursuant to Federal Rule of Civil Procedure 11—in excess of the page limits allowed by the Rules.

7. Plaintiff's continued pursuit of sanctions is particularly unwarranted given the procedural history of this case. Defendants have now been required to move to dismiss Plaintiff's pleadings two times[1] (Dkts. 12, 65), and rather than address the deficiencies raised by those motions within the ordinary course of the litigation, Plaintiff has repeatedly sought sanctions against Defendants and their counsel—while simultaneously seeking permission to disregard the Court's page limitations to do so.

8. This repeated motion practice serves only to further increase the costs and burden of this litigation and should not be tolerated.

[1] Not to mention the motion to dismiss filed in a separate action that was dismissed based on lack of personal jurisdiction (Dkt. 101 in 5:24-cv-00498).

9. Accordingly, the Motion for Leave should be denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2026, I filed the forgoing document with the Court's CM/ECF system and served it by First Class U.S. Mail and e-mail on the following person, who is not a registered participant of the Electronic Filing System:

Anthony Trupia, 605 SE 21st Street
Oklahoma City, OK 73129
trupiaar@gmail.com

Dated: September 9, 2026

Respectfully submitted,

**SHAW LEWENZ**

By: */s/ Zachary D. Ludens*

Zachary Dean Ludens
W.D. Okla. Bar No. 24-78
110 SE 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Telephone: (954) 361-3633
Email: zludens@shawlewenz.com