**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ANTHONY TRUPIA,

Plaintiff,

v. CASE NO. 5:25-cv-01134-D

ONVOY LLC, LEVEL 3 COMMUNICATIONS, LLC; TELNYX LLC; HLV VENTURES, an unregistered New York company; HERITAGE HARD ASSETS LLC; KYLE PATTON, individually as Manager/Officer of HERITAGE HARD ASSETS LLC; REAGAN GOLD GROUP, LLC; WORLD HARVEST CHURCH, INC.; SOUTH BAY GALLERIES, LLC; CONFIDENCE FORD OF NORMAN; LP OPERATING; and DOCS 1 through 10-, inclusive,

Defendants.
______________________________________/

**DEFENDANTS HERITAGE HARD ASSETS LLC AND KYLE PATTON'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927 AGAINST ZACHARY D. LUDENS AND BRIEF IN SUPPORT (DKT. 110)**

Defendants Heritage Hard Assets LLC and Kyle Patton (collectively "Defendants"), by and through their undersigned counsel, hereby file this response to Plaintiff Antony Trupia's ("Plaintiff") Motion for Sanctions Under 28 U.S.C. § 1927 Against Zachary D. Ludens and Brief in Support (Dkt. 110) (the "Motion for Sanctions"). In support thereof, Defendants state as follows:

## INTRODUCTION

Plaintiff's Motion for Sanctions should be denied. Section 1927 is not a vehicle for converting disagreements over the phrasing, completeness, or persuasive force of arguments in a motion to dismiss into personal sanctions against opposing counsel. It is an extreme, strictly

construed remedy directed to attorney conduct that unreasonably and vexatiously multiplies proceedings, viewed objectively as manifesting intentional or reckless disregard of counsel's duties, and that actually causes excess proceedings and expenses that otherwise would not have occurred. *See Baca v. Berry*, 806 F.3d 1262, 1267–68 (10th Cir. 2015) (explaining that Section 1927 is an "extreme standard, and fees should be awarded only in instances evidencing a serious and standard disregard for the orderly process of justice" and that "courts must strictly construe[ ] the statute to guard against dampen[ing] the legitimate zeal of an attorney in representing his client.") (internal citation omitted); *see also Obeslo v. Empower Cap. Mgmt., LLC*, 85 F.4th 991, 1005–07 (10th Cir. 2023).

The Motion for Sanctions *does not* make that showing. Most of the Motion for Sanctions' catalogue consists of arguments Plaintiff believes should have been worded differently, quotations that Plaintiff believes should have included additional context, authorities that Plaintiff believes should have been discussed, and alleged pleading deficiencies that he believes Defendants misconstrued. Those issues are appropriately resolved through merits briefing. Indeed, Plaintiff repeatedly describes as the supposed "multiplication" the research and analysis required to answer Defendants' Motion to Dismiss (Dkt. 65) (the "Motion to Dismiss")—the very work a response to a motion to dismiss ordinarily entails.

To the extent that isolated language in the Motion to Dismiss was imprecise or contained typographical error, the undersigned does not ask the Court to rely on an error and is prepared to correct it. That is materially different from proof that counsel intentionally or recklessly misled the Court. And no such correction establishes the separate statutory requirements that the Motion to Dismiss caused unnecessary proceedings and excess costs.

The Motion for Sanctions also impermissibly blends four distinct sources of sanctions authority. It invokes Rule 11(b) as a "baseline" although the Motion for Sanctions was not the separately served Rule 11 motion Plaintiff says he served in July; seeks nonmonetary relief not supplied by Section 1927's text; requests disciplinary referral under a local provision that does not itself set the District's misconduct procedure; and invokes inherent authority without establishing bad faith or the causal and procedural protections accompanying that authority.

Accordingly, for the reasons more fully set forth herein, the Motion for Sanctions should be denied.

## BACKGROUND

Plaintiff filed his First Amended Complaint on May 1, 2026. (Dkt. 48.) Defendants moved to dismiss on May 26, 2026, asserting, among other grounds, lack of personal jurisdiction and failure to state a claim. (Dkt. 65.). As noted therein, Defendants have now had to move twice times to be dismissed from this lawsuit,[1] and a Court has never made the threshold determination of if Defendants are subject to personal jurisdiction in Oklahoma. In support of the jurisdictional portion of the Motion to Dismiss, Defendants submitted Kyle Patton's ("Patton") declaration at Doc. 65-1.

Plaintiff's responses to various dismissal motions (including Defendants') were later stricken on page-limit grounds (Dkt. 90). Despite the Court's deadline of July 22, 2206, to re-file his response, Plaintiff has not done so, and, instead, appears to treat this Motion for Sanctions as his opposition.[2] Plaintiff previously filed a consolidated sanctions motion (Dkt. 92), which the

[1] Not to mention the motion to dismiss filed in a separate action that was dismissed based on lack of personal jurisdiction (Dkt. 101 in 5:24-cv-00498). There, the Court dismissed without reaching the question of if there was personal jurisdiction over Defendants.

[2] A tactic that this Court has already cautioned against. (Dkt. 95 at 2) ("And Plaintiff's Motion for Sanctions also violates LCvR 7.1(c) because he intends for his Motion for Sanctions to serve as

Court then struck (Dkt. 95). Plaintiff now brings separate motions under Section 1927 against multiple defense attorneys (Dkts. 104–110).

The reality is simple. This is now Plaintiff's second attempt at a Section 1927 Motion. And, Defendants have already been required to move to dismiss Plaintiff's pleadings twice. (Dkts. 12, 65.) Rather than permit the Court to resolve the deficiencies raised in Defendants' pending Motion to Dismiss through the ordinary course of litigation, Plaintiff has repeatedly pursued sanctions against Defendants and their counsel.

## LEGAL STANDARD

Section 1927 permits an award against an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" of the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Tenth Circuit repeatedly emphasizes the severity of that standard. Section 1927 should be applied only in circumstances demonstrating the serious disregard necessary to justify personal sanctions, lest ordinary zealous representation be chilled. *Baca*, 806 F.3d at 1267–68; *Obeslo*, 85 F.4th at 1005. Conduct must, viewed objectively, manifest intentional or reckless disregard of counsel's duties to the Court. *Baca*, 806 F.3d at 1267. Just as importantly, "there must be a causal connection" between the objectionable conduct and a multiplication of proceedings: the conduct must result in proceedings that otherwise would not have occurred. *Id.* at 1268.

Recent controlling authority confirms that losing, aggressive, or imperfect legal advocacy is not enough. *Obeslo* reversed Section 1927 sanctions where counsel's theories, although

both a combined response to the motions to dismiss and a request for the imposition of sanctions." and "Although styled as a Motion for Sanctions, it appears that Plaintiff intends for the Motion to serve as his response to Defendants' motions to dismiss.").

unsuccessful, were not foreclosed in a manner permitting their continued assertion to be characterized as sanctionable indifference to the law. 85 F.4th at 1005–07.

Rule 11 does not displace those statutory elements. A party seeking Rule 11 sanctions must proceed under Rule 11(c), including its separate-motion and safe-harbor requirements. Fed. R. Civ. P. 11(c)(2). And inherent authority is exercised with restraint and, where fees are shifted for bad-faith litigation conduct, requires certain findings and causal limitations. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 50 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion. . . . A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.") (internal citations omitted); *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–10 (2017) ("the fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior.") (citation omitted).

## ARGUMENT

### A. Plaintiff Has Not Demonstrated Unreasonable and Vexatious Multiplication

The Motion for Sanctions fails at its beginning because Plaintiff does not identify proceedings that the Motion to Dismiss caused beyond the ordinary adjudication of Defendants' dismissal motion. Plaintiff's own description makes the point. He says the Motion to Dismiss "forced" him to compare a declaration against a brief, examine the First Amended Complaint, locate the complete text of cited decisions, research *Hood*, review the Restatement, and determine the identity of an abbreviated case citation. (Dkt. 110 at 17–19.) Despite Plaintiff's contentions otherwise, those are ordinary tasks involved in responding to an adversary's dispositive motion. They are not, merely because Plaintiff believed Defendants' arguments were wrong, separate proceedings created by misconduct.

Nor may the filing of the Motion for Sanctions itself supply the missing causal link. A litigant cannot establish the statutory multiplication element simply by choosing to file a collateral sanctions motion and then describing that self-selected motion practice as an expense "because of" the adversary's merits brief. Section 1927 requires a causal showing that the challenged conduct generated proceedings that would not otherwise have been necessary. *Baca*, 806 F.3d at 1268. Such a causal showing has not been made here.

Plaintiff's procedural history underscores the point. Specifically, Plaintiff acknowledges that his merits oppositions were stricken for failure to conform to page limitations. (Dkt. 110 at 1.) A sanctions motion cannot now serve as an alternative vehicle for presenting unlimited merits rebuttal while simultaneously transforming that rebuttal into proof that Defendants generated excess proceedings.

**B. The Challenged Advocacy Does Not Establish Intentional or Reckless Disregard**

i. The Patton Declaration and Factual Characterizations

Plaintiff first objects that several phrases in the Motion to Dismiss went beyond the precise wording of individual paragraphs in Mr. Patton's declaration (Dkt. 65-1). (Dkt. 110 at 8–9.) Counsel's factual basis must be evaluated from the record and the reasonable prefiling inquiry actually made, however, and not simply by asking whether one cited paragraph contains every word of a sentence in the brief. This cannot be the basis for sanctions.

ii. The Authorities Relied Upon Present an Ordinary Merits Dispute

Plaintiff asserts that the Motion to Dismiss quoted the general ratification rule through *Gregory v. Lindamood Heavy Hauling, Inc.* without separately quoting language from *Amazon Fire Insurance Co. v. Bond* concerning willful ignorance. (Dkt. 110 at 10–12.)

On the contrary, the Motion to Dismiss did not fabricate the proposition it quoted. The Motion to Dismiss accurately cited an authority stating that ratification ordinarily requires knowledge of material circumstances. Plaintiff's contention is that counsel also should have discussed a qualification permitting a finding of ratification where a principal intentionally remains ignorant or improperly fails to investigate. The distinction matters. An advocate's failure to discuss every qualification that an opponent regards as dispositive is ordinarily resolved by adversarial briefing, not personal sanctions. Defendants recognize the willful-ignorance doctrine and dispute that Plaintiff's factual allegations plausibly satisfy it. And, crucially, nor is there an allegation in the operative complaint that would have required this qualification.[3]

Similarly, Plaintiff takes issue with the fact that Defendants did not cite to *Hood v. American Auto Care, LLC*, 21 F.4th 1216 (10th Cir. 2021). Plaintiff is correct that *Hood* is a published Tenth Circuit personal-jurisdiction decision arising from telemarketing. But Plaintiff overstates *Hood*'s effect. The *Hood* Court did not establish that a single telephone contact automatically subjects any out-of-state defendant to personal jurisdiction wherever the recipient happens to be. The Tenth Circuit's analysis rested on purposeful forum-directed activity, including allegations that the defendant targeted telemarketing toward the forum, and then evaluated the relationship between those forum activities and the claim. *Id.* at 1226–28. As set forth in the Motion to Dismiss, Defendants' position is materially different. Whether those distinctions

[3] The Amended Complaint does collectively allege that "[t]he individual employees and agents of the Seller Defendants" demonstrated "willful blindness." (Dkt. 48 ¶ 102.) But that generalized allegation is insufficient to establish that Patton himself engaged in such conduct. By lumping multiple unidentified employees and agents together without identifying what Patton (or Heritage) specifically knew, did, or failed to do, the Amended Complaint does not plead the individualized conduct necessary to bring Defendants within the qualification on which Plaintiff now relies.

ultimately persuade the Court is a merits question. Defendants provide an objectively legitimate basis to argue that *Hood* does not resolve the jurisdictional issue against Defendants.

Section 1927 does not impose personal liability whenever counsel fails to cite a relevant case that counsel reasonably considers distinguishable. Plaintiff has shown neither objectively reckless suppression of directly adverse authority nor resulting unreasonable multiplication. In reality, Plaintiff remained free to cite the qualification of *Amazon Fire Insurance Co.* and argue *Hood* in his opposition.

Plaintiff also challenges the Motion to Dismiss's discussion of *Salmon v. CRST Expedited, Inc.*, No. 14-CV-265-CVE-TLW, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016).[4] (Dkt. 110 at 13–14.) The challenge omits an important point: *Salmon* applied the same discussion to unwanted solicitation telephone calls and concluded that four calls over nine months were not sufficiently offensive. Thus, counsel had authority for treating frequency and persistence as relevant to whether alleged telephone solicitation was "highly offensive." The fact that Salmon's citation to the Restatement states "It is only when" instead of "must be" is a distinction without a difference.

Nor does *Gilmore v. Enogex, Inc.*, 878 P.2d 360, establish that any single telephone call necessarily states an intrusion claim. *Gilmore* does not even relate to any TCPA claim whatsoever and, instead, deals with requiring an employee to take a drug test to continue employment. Plaintiff's contrary application of those authorities is a merits argument, not a basis for Section 1927 sanctions.

[4] It is also important to note that the Motion to Dismiss does not cite to the Restatement at all and that portion of Plaintiff's argument seems to be recycled from Plaintiff's Motion for Sanctions as to Dkt. 56.

All in all, the conduct Plaintiff complains of is not alteration of evidence or fabrication of authority and is merely advocacy. The legal sources remain available to the Court and the Parties, and the dispute concerns what those authorities require on the pleaded facts.

iii. Inclusion of Public Materials and Prior Pleadings Do Not Establish Section 1927 Misconduct

Plaintiff next objects to the inclusion of his pre-suit correspondence, a description of his litigation activities, and a pleading from earlier litigation. (Dkt. 110 at 14–16.) Defendants do not contend that an allegation in a superseded pleading may simply be taken as true to contradict the operative complaint on Rule 12(b)(6). Nor do they ask the Court to rely on irrelevant character material in deciding whether the operative Complaint states a claim. If particular material is outside the proper Rule 12(b)(6) record, the ordinary solution is to exclude it or decline to consider it—not issue sanctions. Here, however, Defendants move to dismiss on jurisdictional grounds and are permitted to rely on materials outside the four corners of the operative pleading to show if personal jurisdiction is even properly alleged—let alone if it exists.

Importantly, the Motion to Dismiss also raised Rule 12(b)(2), for which jurisdictional evidence may properly be considered. Public docket records can be noticed for their existence and content even where disputed assertions within them are not noticed for their truth. And differences among successive pleadings or litigation history may have legitimate procedural relevance depending on the issue, such as here, where Plaintiff is now claiming that Defendants called an Oklahoma phone number after previously contending that Defendants called a New York phone number.

iv. The "Integrated Business Technologies" Authority Exists

The Motion for Sanctions characterizes the citation "Integrated Bus. Techs., 2016 WL 4742306, at *4" as effectively unidentifiable authority. (Dkt. 110 at 16.) It is not. The full citation

is *Integrated Business Technologies, LLC v. Netlink Solutions, LLC*, No. 16-CV-048-TCK-PJC, 2016 WL 4742306 (N.D. Okla. Sept. 12, 2016), but the Motion to Dismiss appears to inadvertently only included the short cite—likely as the result of trying to recycle some of the previous briefing done on one of the *two* other motions to dismiss, which is an attempt to keep costs down for Defendants that already fully briefed these issues twice before. Nonetheless, a citation format is not fabrication of authority and does not establish reckless disregard for the Court.

v. Clerical Errors Do Not Supply the Missing Statutory Proof

Plaintiff concludes by cataloguing spelling errors, an incorrect year, imperfect pincites, repeated text, and similar proofreading matters. (Dkt. 110 at 17.) To the extent any such inadvertent errors exist, they are immaterial to the substance of Defendants' arguments and provide no basis for sanctions.

Nonetheless, these matters do not demonstrate that the substantive propositions Plaintiff disputes were intentionally or recklessly falsified. Section 1927 demands findings tied to sanctionable conduct and resulting multiplication; it does not authorize an adverse inference of professional bad faith from an accumulation of typographical mistakes.

**C. Rule 11 Cannot be Imported into the Motion for Sanctions without Rule 11's Procedure**

Plaintiff expressly labels the Motion for Sanctions as a Section 1927 motion but argues that Rule 11(b) supplies governing "baseline norms." (Dkt. 110 at 6–7.) Rule 11 *cannot* be used that way to erase the elements of Section 1927. Rule 11 has its own mechanism. A party's sanctions motion "must be made separately from any other motion," must describe the specific conduct, and must first be served and held for twenty-one days to permit withdrawal or correction. Fed. R. Civ. P. 11(c)(2).

Plaintiff states that he separately served such a motion on July 21, 2026. (Dkt. 110 at 7.) Whatever the procedural and substantive merits of that separate Rule 11 motion, it is not the instant Motion for Sanctions. The Court should therefore decline to grant Rule 11 relief through a Section 1927 motion that does not purport to be the motion prescribed by Rule 11(c)(2).

**D. Plaintiff Has Not Established Entitlement to the Remedies He Seeks**

Even if the Court were to find some conduct sanctionable, Plaintiff has not established entitlement to the sweeping relief that he requests. Plaintiff asks the Court to strike material, require counsel to withdraw and replace the Motion to Dismiss, refer counsel for professional discipline, invoke the Court's inherent authority, and award monetary sanctions. (Dkt. 110 at 20–21.) Those remedies are not interchangeable, and each requires an independent legal basis and satisfaction of the applicable standard.

Section 1927 authorizes recovery of the excess costs, expenses, and attorneys' fees reasonably incurred because an attorney unreasonably and vexatiously multiplied the proceedings. 28 U.S.C. § 1927. Section 1927 does not, standing alone, provide a basis for the various nonmonetary sanctions Plaintiff requests. And Plaintiff has not established a basis for monetary relief under the statute either. Because Plaintiff is proceeding pro se and expressly disclaims any request for attorneys' fees (Dkt. 110 at 20), Plaintiff must identify actual recoverable costs or expenses, demonstrate that they were reasonably incurred, and establish that they would not have been incurred but for the specific sanctionable conduct. *See Baca*, 806 F.3d at 1268. Ordinary research and briefing concerning the merits of the Motion to Dismiss cannot simply be repackaged as an "excess" expense caused by sanctionable conduct.

Nor has Plaintiff established a basis for the additional relief that he seeks. If the Court concludes that any extrinsic material should not be considered under Rule 12(b)(6), the appropriate

remedy is simply to disregard that material. Likewise, an inadvertent factual error can be corrected by an erratum, and an incomplete citation can be addressed through a notice of correction. None requires the wholesale withdrawal and replacement of the Motion to Dismiss.

To the extent that Plaintiff invokes the Court's inherent authority, sanctions under that authority require a separate analysis and heightened care. *Chambers*, 501 U.S. at 44–46, 50. Moreover, any compensatory monetary sanction must be limited to losses actually caused by the sanctionable conduct under the but-for causation principles articulated in *Goodyear*, 581 U.S. at 108–10.

Finally, Plaintiff's citation to LCvR 83.2(b) does not itself establish either a disciplinary violation or an entitlement to disciplinary relief. To the extent the Court considers disciplinary action separate from the adjudication of Plaintiff's Section 1927 request, counsel respectfully requests notice of the specific disciplinary authority and conduct at issue and a full opportunity to respond before any such determination.

Accordingly, the Motion should be denied on the merits. Alternatively, if the Court determines that any monetary sanction may be appropriate, the amount should be determined only after Plaintiff submits an itemized evidentiary showing of the costs or expenses allegedly caused by the specific sanctionable conduct and Defendants have an opportunity to challenge causation, necessity, amount, and apportionment.

## CONCLUSION

Plaintiff has identified disputes concerning legal characterization, completeness of authority, citation form, rhetoric, and isolated wording in a motion to dismiss. Plaintiff has not established the elements required for personal liability under Section 1927.

The Court should deny the Motion for Sanctions in its entirety. Alternatively, if the Court concludes that any isolated sentence in Defendant's Motion to Dismiss requires correction, counsel requests leave to file a targeted notice of errata without any finding of sanctionable conduct and with each party bearing its own costs.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2026, I filed the forgoing document with the Court's CM/ECF system and served it by First Class U.S. Mail and e-mail on the following person, who is not a registered participant of the Electronic Filing System:

Anthony Trupia, 605 SE 21st Street
Oklahoma City, OK 73129
trupiaar@gmail.com

Dated: September 16, 2026 Respectfully submitted,

SHAW LEWENZ

By: */s/ Zachary D. Ludens*
Zachary Dean Ludens
W.D. Okla. Bar No. 24-78
110 SE 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Telephone: (954) 361-3633
Email: zludens@shawlewenz.com