**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff Anthony Trupia's Motion for Leave to Respond Out of Time to Defendant Ford Motor Company's (Ford) Motion for Summary Judgment [Doc. No. 100], to which Defendant Ford has filed a response [Doc. No. 111]. The time for Plaintiff to reply has lapsed; therefore, Plaintiff's Motion [Doc. No. 100] is at issue.

In support of his Motion, Plaintiff states that he failed to respond to Ford's summary judgment motion because Ford failed to serve him at his address as the certificate of service attached to Ford's summary judgment motion lists the wrong zip code.[1] Plaintiff additionally notes that he is not a registered ECF user, and that the Court denied his previous motion for ECF access [Doc. No. 47]. Plaintiff states that he was unaware of Ford's summary judgment motion until August 10, 2026, when he checked the docket.

The deadline for Plaintiff to respond to Defendant Ford's summary judgment motion expired on June 21, 2026. Ford opposes Plaintiff's Motion and argues that Plaintiff fails to

[1] The zip code listed in Defendant Ford's certificate of service for Plaintiff's address is incorrect as to one digit. *Compare* Doc. No. 80, at 16 (listing Plaintiff's zip code as 73109) *with* Doc. No. 1 (Complaint) (listing Plaintiff's zip code as 73129).

show good cause for filing his response past the expired deadline. Defendant Ford does not dispute that it listed the wrong zip code on its certificate of service for its summary judgment motion but instead cites to its consistent usage of that zip code for service of its prior pleadings. Ford notes that Plaintiff never raised the issue of improper service as to its previous pleadings with the erroneous zip code, including its Corporate Disclosure Statement [Doc. No. 37], which Plaintiff referenced in a May 19, 2026 filing. Thus, Ford argues that Plaintiff has in fact received previous filings at the erroneous zip code. Additionally, Ford states that the Court has previously reminded Plaintiff that it is his responsibility to monitor the docket for filings in this proceeding and that Plaintiff's filing of various pleadings after Ford filed its motion for summary judgment precludes a finding of excusable neglect.

The Court grants Plaintiff's Motion. Under Rule 6(b)(1) of the Federal Rules of Civil Procedure, when a deadline has expired, a court may extend the deadline for good cause upon a showing of "excusable neglect." *See* FED. R. CIV. P. 6(b)(1)(B). To determine whether excusable neglect exists, the Court considers the relevant circumstances surrounding the party's omission, to include: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (alteration in original).

Although the Court has advised Plaintiff to monitor the docket, Plaintiff does not have ECF access, and Ford only attempted to serve Plaintiff via mail. FED. R. CIV. P. 5(b)(2)(c) allows for service by "mailing it to the person's last known address—in which event service is complete upon mailing." Therefore, because Ford used an erroneous zip code when serving Plaintiff with its summary judgment motion, service was incomplete, and Plaintiff's failure to respond was not within his control. Additionally, the Court finds that granting Plaintiff's Motion would not prejudice Ford as Ford states that it is prepared to file a prompt reply upon receiving Plaintiff's response.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion [Doc. No. 100] is granted. Plaintiff's response to Defendant Ford's Motion for Summary Judgment [Doc. No. 80] shall be filed not later than fourteen (14) days of the date of this Order.

**IT IS SO ORDERED** this 26th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE