**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| 1. ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FORD MOTOR COMPANY'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant Ford Motor Company submits this response in opposition to Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 142).

1. The Court requires opponents to file responses (LCvR7.1(g)), while reply briefs are optional and not encouraged (LCvR7.1(h)). Reply briefs cannot "reargue the points and authorities included in the opening brief" and should focus on replying to new matters raised in the response. *Id.*

2. Further supplemental briefing is only permitted upon motion and leave of court (*Id.*).

3. Plaintiff argues that he is entitled to file a sur-reply because FMC's reply "raises matters that FMC's motion did not …" and goes on to list six matters. Dkt. 142 at 1-2.

4. FMC's reply did not reargue the points and authorities presented in its Motion for Summary Judgment; rather, it responded to the arguments raised in Plaintiff's response, as LCvR7.1(h) permits. Thus, Plaintiff has no justification for filing a sur-reply.

5. Plaintiff does not identify new evidence or an argument raised for the first time in FMC's reply. Instead, each matter identified in his Motion was raised in response to an argument Plaintiff made in opposing summary judgment. That is the proper function of a reply brief under LCvR7.1(h), not a basis for another round of briefing.

6. Plaintiff argues that the reply raises "FMC's first argument on Count VI". Dkt. 142 at 1, ¶3(a). But Section VI of FMC's Reply is in direct response to Plaintiff's argument that FMC did not separately address his negligence per se claim in its Motion. Dkt. 140 at 10. Second, Plaintiff argues that the Reply raises new authority and new citations to support the use of Exhibit 1. Dkt. 142 at 1-2, ¶3(b). The footnotes Plaintiff cites to were in direct response to his argument that the SUF were misnumbered and FMC's first opportunity to respond to his Rule 56(c) argument. Dkt. 140 at 1, n.1, 3, n.2. Third, Plaintiff argues that the reply is the first time FMC relies on *In re Joint Petition Filed by DISH Network, LLC*, 28 F.C.C. Rcd. 6574 (2013). Dkt. 142 at 2, ¶3(c). This paragraph was in direct response to Plaintiff's use of the case (Dkt. 139 at 17, 22-23, 25). Dkt. 140 at 3-4. Fourth, Plaintiff argues that the Reply "raises new grounds for disregarding the dealership manager's statement." Dkt. 142 at 2, ¶3(d). This argument was in direct response to Plaintiff's arguments regarding his affidavit and the alleged statement. Dkt. 140 at 8. Fifth, Plaintiff argues that the Reply is FMC's first response to Plaintiff's Rule 56(d) showing. Dkt. 142 at 2, ¶3(e). This was FMC's first response to Plaintiff's Rule 56(d) argument because it was made for the first time in Plaintiff's Response and this was FMC's first opportunity to respond to the argument. Dkt. 140 at 8-9. Finally, Plaintiff argues that the

Reply offers "new readings" of several cases. Dkt. 142 at 2, ¶3(f). The discussion of these cases was in direct response to Plaintiff's discussion of the cases. Dkt. 140 at 4-7.

7. Moreover, to the extent the Court believes FMC has raised any new legal arguments or evidence in its reply brief, the Court may deny Plaintiff's motion to file a sur-reply and rule on the pending Motion for Summary Judgment (Dkt. 80) without relying on any such arguments or evidence. *See, e.g., Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998) ("[I]f the district court grants summary judgment for the movant without relying on the new materials and arguments in the movant's reply brief, it does not abuse its discretion by precluding a surreply."); *see also Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

For the reasons set forth above, the Court should deny Plaintiff's motion to file a sur-reply.

Respectfully submitted,

By: *s/ Kirsten A. Pfeiffer*

Kathy R. Neal, OBA #674
Kirsten A. Pfeiffer, OBA #35711
McAFEE & TAFT, P.C.
2 West 2nd Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
kathy.neal@mcafeetaft.com
kirsten.pfeiffer@mcafeetaft.com

***Attorneys for Defendant***
***Ford Motor Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System, transmitting a copy to all ECF System registrants, and served a copy via First Class U.S. Mail to the following individual who is not a registered participant of the ECF system:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129
***Pro Se Plaintiff***

Jason A. Sansone
PHILLIPS MURRAH P.C.
424 NW 10th Street, Ste 300
Oklahoma City, OK 73103
jasonsone@phillipsmurrah.com
***Attorney for Defendant,***
***Confidence Ford of Norman***

Zachary A.P. Oubre
MCAFEE & TAFT, P.C.
Eight Floor, Two Leadership Square
211 North Robinson Ave.
Oklahoma City, OK 73102
Zach.oubre@mcafeetaft.com
***Attorney for Defendant,***
***LP Operating LLC***

Kerry R. Lewis
RHODES, HIERONYMUS, JONES, TUCKER & GABLE, PLLC
P.O. Box 21100
Tulsa, OK 74121-1100
klewis@rhodesokla.com
***Attorney for Defendant,***
***Level 3 Communications, LLC***

Aaron C. Tifft
Blake H. Gerow
HALL, ESTILL, HARDWICK, GABLE GABLE, GOLDEN & NELSON, P.C.
521 E. 2nd Street, Ste 1200
Tulsa, OK 74120
atifft@hallestill.com
bgerow@hallestill.com
***Attorneys for Defendants,***
***Reagan Gold Group, LLC,***
***HLV Ventures, LLC, and***
***South Bay Galleries, LLC***

Jacob C. Swanson
Brooks A. Richardson
GABLEGOTWALS
BOK Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK 73102
jswanson@gablelaw.com
brichardson@gablelaw.com
***Attorney for Defendant,***
***Telnyx LLC***

Gerard M. D'Emilio
GABLEGOTWALS
BOK Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK 73102
gdemilio@gablelaw.com
***Attorney for Defendant,***
***Onvoy, LLC***

*s/ Kirsten A. Pfeiffer*