**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court are Defendant LP Operating, LLC's Motion to Dismiss [Doc. No. 49], Defendants Reagan Gold Group, LLC, HLV Ventures, LLC, and South Bay Galleries, LLC's Joint Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 51], Defendant Telynx LLC's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 52], Defendant Confidence Ford of Norman's Motion to Dismiss [Doc. No. 56], Defendant Onvoy, LLC's Rule 12(B)(2) and 12(B)(6) Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 58], Defendant Level 3 Communications, LLC's Motion to Dismiss Amended Complaint [Doc. No. 60], and Defendants Heritage Hard Assets LLC and Kyle Patton's Motion to Dismiss First Amended Complaint [Doc. No. 65]. Also before the Court are Defendant Onvoy, LLC's Motion to Deem Confessed its Rule 12(B)(2) and 12(B)(6) Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 94], Defendant Level 3 Communications, LLC's Motion to Deem Confessed its Rule 12(B)(6) Motion to Dismiss [Doc. No. 96], and Plaintiff's Motion to Stay Ruling on Defendants' Motions to Dismiss and on the Motions to Deem Confessed Pending Resolution of Plaintiff's Motions

for Sanctions Under 28 U.S.C. § 1927 and FED. R. CIV. P. 11 [Doc. No. 97], Plaintiff's Motion for Leave to File Oversized Motion for Sanctions Under FED. R. CIV. P. 11 [Doc. No. 103], and Plaintiff's seven motions for sanctions against Defendants [Doc. Nos. 104-110].

For the reasons below, the Court grants Defendants' motions to dismiss [Doc. Nos. 49, 51-52, 56, 58, 60, 65], denies Plaintiff's motion for a stay pending disposition of his sanctions motions and motion for leave to file oversized motion for sanctions as moot, and denies Plaintiff's motion for sanctions against Defendants [Doc. Nos. 104-110].

## I. Background

On May 1, 2026, Plaintiff filed his Amended Complaint [Doc. No. 48]. Defendants moved to dismiss the Amended Complaint. [Doc. Nos. 49, 51-52, 56, 58, 60, 65]. On May 19, 2026, Plaintiff moved for an extension of time to respond to Defendants' Motions, "and for leave to file a single, oversize[d] Omnibus Opposition brief not to exceed 100 pages." [Doc. No. 62]. The Court granted Plaintiff's motion in part, giving him until June 16, 2026, to respond to Defendants' motions to dismiss, but denying his request to file a 100-page consolidated response. [Doc. No. 67].

On June 16, 2026, Plaintiff did not file his responses and instead filed a Renewed Motion for Leave to File a Consolidated Omnibus Response to Defendants' Motions to Dismiss [Doc. No. 76], in which he sought leave to file a 193-page response. The Court denied Plaintiff's motion and instructed Plaintiff that he could either file individual responses to Defendants' motions to dismiss, not to exceed 25 pages, or file one consolidated response, not to exceed 85 pages, on or before July 8, 2026. [Doc. No. 78].

On June 26, 2026, Plaintiff filed a Motion for Leave to File Overlength Individual Responses to Defendants' Motions to Dismiss, and to Hold the Response Deadline in Abeyance [Doc. No. 79]. The Court granted Plaintiff's motion in part and permitted Plaintiff to file individual responses to Defendants' Motions to Dismiss, not to exceed 30 pages, on or before July 22, 2026. [Doc. No. 81]. The Court warned Plaintiff that it would grant no further extensions for the filing of his responses. *Id.*

Plaintiff objected to the Court's Order [Doc. No. 82] and filed responses exceeding the Court's 30-page limit [Doc. Nos. 83-89].[1] On July 10, 2026, the Court struck Plaintiff's responses and reaffirmed the July 22, 2026 deadline. [Doc. No. 90]. On July 21, 2026, Plaintiff filed a Motion for Sanctions under 28 U.S.C. § 1927 [Doc. No. 92] and a Motion for Leave to File Oversized Brief in Support of Motion for Sanctions under 28 U.S.C. § 1927 [Doc. No. 91]. The Court struck Plaintiff's Motion for Sanctions and denied Plaintiff's motion for leave to file an oversized brief. [Doc. No. 95].

On August 19, 2026, Plaintiff again moved for leave to file an oversized brief in support of sanctions [Doc. No. 103]. Before the Court had the opportunity to address Plaintiff's motion for leave, Plaintiff filed seven motions for sanctions [Doc. No. 103-110] against Defendants on August 19, 2026.

**II. Discussion.**

LCvR7.1(g) provides that "[a]ny motion not opposed within 21 days may, in the discretion of the court, be deemed confessed." Additionally, "[a] district court undoubtedly

---

[1] As the Court noted in its Order [Doc. No. 90], Plaintiff's responses totaled 400 pages of briefing.

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). "In applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Id.* (citing *Hancock v. City of Okla. City,* 857 F.2d 1394, 1396 (10th Cir. 1988)). Additionally, the Court must consider "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance" and "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Gripe v. City of Enid, Okla.,* 312 F.3d 1184, 1188 (10th Cir. 2002) (noting that "'Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.'"). "Only when these aggravating factors outweigh[ ] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Reed,* 312 F.3d at 1195.

Here, the Court finds that dismissal with prejudice is warranted. The Court has provided Plaintiff with numerous opportunities to respond to Defendants' motions to dismiss by granting him three extensions and allowing him to exceed the page limitations for his responses. Despite these extensions and allowances, Plaintiff has failed to respond in a timely manner to Defendants' motions and to follow the Court's orders. Instead, he has moved to sanction Defendants.

Plaintiff's "pro se status does not relieve [him] of his duty to comply with court orders or with the various rules and procedures governing litigants and counsel." *Sun v. CFS2, Inc.*, No. 16-CV-0236-CVE-TLW, 2017 WL 374473, at *2 (N.D. Okla. Jan. 25,

2017); *see also Neighbors v. Lawrence Police Dep't*, No. 15-CV-4921-DDC-KGS, 2017 WL 396239, at *3 (D. Kan. Jan. 30, 2017) ("[A] litigant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance."). And the Court has repeatedly warned Plaintiff that his claims could potentially be dismissed as a sanction for noncompliance with the Court's orders. [Doc. No. 90, at 2 n.2; Doc. No. 95, at 3 n.3].

Furthermore, the Court finds that Plaintiff's conduct throughout the litigation has significantly prejudiced Defendants and interfered with the judicial process. Defendants' motions to dismiss were filed in May 2026, and Defendants have additionally had to respond to Plaintiff's sanctions motions, which largely attack Defendants' motions to dismiss for arguments made therein and alleged misrepresentations of law. *Sun,* 2017 WL 374473, at *2 ("Causing a defendant to suffer delay and mounting attorney fees can constitute prejudice."). Plaintiff's failure to file his responses in compliance with the Court's orders and local rules makes him culpable for the dilatory impact of his conduct. Indeed, Plaintiff's conduct supports the use of the Court's discretion to deem Defendants' motions confessed under LCvR7.1(g). Finally, sanctions less than dismissal would be ineffective because Plaintiff has shown no interest in complying with the Court's orders throughout this case. Instead, he has flouted the Court's orders repeatedly. *Sun,* 2017 WL 374473, at *2 (finding interference with the judicial process where pro se plaintiff "'flouted the Court's authority'" and noting that "[i]f a party can ignore court orders without suffering the consequences, then the Court 'cannot administer orderly justice, and the result would be chaos.'") (quoting *Ehrenhaus,* 965 F.2d at 92). Thus, the Court finds that

Plaintiff's claims against Defendants should be dismissed with prejudice under FED. R. CIV. P. 41(b). *Olsen v. Mapes,* 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").[2]

**IT IS THEREFORE ORDERED** that Defendant LP Operating, LLC's Motion to Dismiss [Doc. No. 49], Defendants Reagan Gold Group, LLC, HLV Ventures, LLC, and South Bay Galleries, LLC's Joint Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 51], Defendant Telynx LLC's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 52], Defendant Confidence Ford of Norman's Motion to Dismiss [Doc. No. 56], Defendant Onvoy, LLC's Rule 12(B)(2) and 12(B)(6) Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 58] and Motion to Deem Confessed its Rule 12(B)(2) and 12(B)(6) Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 94], Defendant Level 3 Communications, LLC's Motion to Dismiss Amended Complaint [Doc. No. 60] and Motion to Deem Confessed its Rule 12(B)(6) Motion to Dismiss [Doc. No. 96], and Defendants Heritage Hard Assets LLC and Kyle Patton's Motion to Dismiss

[2] The Court does not dismiss Plaintiff's amended complaint in its entirety. Instead, the Court dismisses with prejudice only Plaintiff's claims against Defendants LP Operating, LLC, Reagan Gold Group, LLC, HLV Ventures, LLC, South Bay Galleries, LLC, Telynx LLC, Confidence Ford of Norman, Onvoy, LLC, Level 3 Communications, LLC, Heritage Hard Assets LLC, and Kyle Patton. Plaintiff's claims against Defendant Ford Motor Company remain for disposition as Defendant Ford Motor Company's Motion for Summary Judgment is pending.

First Amended Complaint [Doc. No. 65] are **GRANTED,** and Plaintiff's claims against these defendants are **DISMISSED WITH PREJUDICE**.

Plaintiff's Motion to Stay Ruling on Defendants' Motions to Dismiss and on the Motions to Deem Confessed Pending Resolution of Plaintiff's Motions for Sanctions Under 28 U.S.C. § 1927 and FED. R. CIV. P. 11 [Doc. No. 97] and Motion for Leave to File Oversized Motion for Sanctions Under FED. R. CIV. P. 11 [Doc. No. 103] are **DENIED** as **MOOT**. Plaintiff's motions for sanctions pursuant to 28 U.S.C. § 1927 [Doc. Nos. 104-110] are **DENIED**.

**IT IS SO ORDERED** this 12th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE