**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| 1. ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FORD MOTOR COMPANY'S RESPONSE TO PLAINTIFF'S NOTICE TO THE COURT OF POTENTIAL CRIMINAL ALTERATION OF A COURT-STAMPED FILING (DOC. 140) BY COUNSEL FOR DEFENDANT FORD MOTOR COMPANY, AND MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY, TO STRIKE DOC. 140, FOR AN ORDER TO SHOW CAUSE, AND FOR REFERRAL**

Federal Rule of Civil Procedure 5(b)(2)(C) permits service by mailing a paper copy "to the person's last known address …." FMC did exactly that. On November 3, 2026, FMC timely served Plaintiff by mailing a file-stamped paper copy of its Reply in Support of its Motion for Summary Judgment (Dkt. 140, the "Reply"). Because Plaintiff previously claimed not to have received mailed copies of filings, FMC also emailed him a courtesy copy. Plaintiff does not allege that the courtesy copy changed a single word, citation, argument, page, or other substantive portion of the Reply. Nor does he contend that FMC altered the version filed with the Court. Instead, his 23-page "Notice" (Dkt. 141) rests on differences in the electronic characteristics of the courtesy PDF, specifically its metadata and searchability.

From those differences, Plaintiff leaps to accusations of forgery, obstruction of justice, professional misconduct, and criminal conduct while asking the Court, among other

things, to strike FMC's Reply, sanction its counsel personally, refer counsel for professional discipline, and refer counsel to the United States Attorney. Dkt. 141 at 8, 26-27. But the premise underlying those extraordinary requests is incorrect. No one altered the substance of FMC's Reply or fabricated a court document. FMC complied with Rule 5 by mailing Plaintiff the Reply, and the electronically transmitted courtesy copy accurately reflected the document FMC filed. Accordingly, the authorities Plaintiff cites concerning attorneys who fabricated orders, forged signatures or file stamps, or materially changed evidence have no application here.

## I. Plaintiff identifies no alteration to the substance of FMC's filed or served Reply.

Despite repeatedly characterizing the emailed courtesy copy as an "altered" or "fabricated" court document (Dkt. 141 at 14, 22), Plaintiff does not identify any substantive difference between that copy and the filed Reply. He does not contend that FMC changed an argument, deleted language, added language, altered a citation, substituted a page, or changed the CM/ECF header. Instead, Plaintiff identifies differences in electronic characteristics such as the PDF's digital fingerprint, file size, producer, metadata, document identifier, and text-searchability. Dkt. 141 at 12. Those characteristics do not demonstrate that FMC fabricated, falsified, or substantively altered its Reply.

## II. The electronic differences Plaintiff identifies arose in the creation of the courtesy copy, not from an alteration of FMC's Reply.

FMC drafted its Reply in Microsoft Word, converted it to PDF, and filed the PDF through CM/ECF. After receiving notice that the Reply had been filed, undersigned's legal secretary saved a file-stamped copy as a PDF, mailed a hard copy to Plaintiff, then emailed

the PDF copy to Plaintiff as a courtesy.[1] As a part of a normal outbound email process, Metadact automatically processed the attachment to remove metadata before delivery. *See* **Exhibit 2**, Affidavit of Mark Wyckoff, ¶¶ 4, 7. System records confirm that any resulting differences in metadata from this standard process did not alter the filed Reply and did not change its substantive contents. Thus, Plaintiff's accusation that FMC "rebuilt" the document using "Aspose.PDF for .NET 24.6.0" (Dkt. 141 at 7) is unfounded. Any resulting differences in metadata arose from an ordinary, automated email security process and did not alter the filed Reply or change its substantive contents. *Id.* ¶¶ 4, 11, 15.

## III. Neither Rule 5 nor the ECF Manual required FMC's courtesy email attachment to be text-searchable.

The Court's ECF Manual requires ***electronically filed documents*** to be text-searchable and flattened. *See ECF Policies & Procedures Manual*, § II(A)(1)(b). Plaintiff only cites to the definition of "text-searchable" and does not identify any provision extending that requirement to ***every copy*** subsequently served or provided as a courtesy. Dkt. 141 at 7, 10, 18. That distinction is especially apparent because Rule 5 expressly permits service by mail. A paper copy served through the mail necessarily cannot be text searchable as the manual defines.

---

[1] Plaintiff responded to FMC's email by threatening undersigned's legal secretary that she was "about to lose [her] license" and that she should "[s]tart hunting for a new job." *See* **Exhibit 1**, Plaintiff's Nov. 3, 2026 Email to K. Dunn. Plaintiff also emailed the Managing Shareholder of McAfee & Taft to ask that undersigned be fired. This appears to be a pattern of behavior exhibited by Plaintiff as evidenced by the pending Motion for Sanctions filed against him in *Trupia v. City of Oklahoma City et al.*, No. 26-cv-02422-R (W.D. Okla. 2026).

FMC complied with Rule 5 by mailing Plaintiff a copy of the Reply. The separate email was an additional courtesy undertaken because Plaintiff had previously claimed not to receive mailed filings.[2] Nothing about that courtesy transmission converted the ECF Manual's requirements for documents ***electronically filed*** into requirements governing every ***subsequent copy***.

Plaintiff's reliance on the 2006 Advisory Committee Note to Rule 34 is misplaced. Dkt. 141 at 10-11. That guidance addressed the production of electronically stored information in response to discovery requests, explaining that a responding party should not convert ESI from the form in which it is ordinarily maintained into a form that makes the information more difficult for the requesting party to use. That specific principle serves an obvious and important purpose in discovery: a party may receive a large volume of pages of electronically stored information, and preserving searchability allows the receiving party to efficiently locate relevant material within a potentially massive production.

Those concerns simply do not apply to a courtesy copy of a single brief. Here, FMC filed its Reply with the Court in the required searchable format, and the email simply provided Plaintiff an additional courtesy electronic copy while advising him that he would receive a copy by mail. Nothing in Rule 34 or its Advisory Committee Note suggests that a courtesy copy of a single court filing must retain the same searchability, metadata, or other technical characteristics as documents produced in discovery. Plaintiff attempts to

[2] Moving forward, FMC will serve Plaintiff copies of filings by mail only unless otherwise ordered by the Court.

take a practical protection designed to ensure the usability of potentially voluminous discovery productions and apply it in an entirely different context where the rationale for that protection does not exist.

As to metadata, there is no question that it can be relevant in discovery when it reveals information concerning a document's authorship or creation. But the metadata of this courtesy copy serves no such function. Plaintiff's own filing establishes that he already knows what the document is and when it was filed. Dkt. 141 at 11. Plaintiff also acknowledges that he downloaded the filed Reply from PACER that same day. Dkt. 141-1 at 3. Thus, unlike metadata that may supply relevant information in discovery, the metadata here adds nothing necessary to identify or authenticate the Reply.

**IV. Plaintiff's authorities involving fabricated or materially altered documents bear no resemblance to this case.**

Plaintiff's authorities reinforce the distinction he overlooks. Each involved a falsification of substantive content or authentication, not a substantively identical copy of an authentic filing. In *United States v. London*, 714 F.2d 1558 (11th Cir. 1983), the attorney passed off a bogus court order as genuine, then accepted money from his client under the false representation that the money would be held in escrow to pay a fake judgment. In *State ex rel. Oklahoma Bar Association v. Thomas*, 911 P.2d 907 (Okla. 1995), the attorney lied to his client about the status of her case, then fabricated a Supreme Court order by copying a file stamp from an unrelated case and altering the order to make it appear applicable to his client's case. *King v. Fleming*, 899 F.3d 1140 (10th Cir. 2018), involved materially altered evidence wherein Plaintiffs had fabricated text in an email and then

counsel continued to rely on that evidence after the alteration was exposed. Similarly, *State ex rel. Oklahoma Bar Ass'n v. Gassaway,* 196 P.3d 495 (Okla. 2008), *State ex rel. Oklahoma Bar Ass'n v. Colston,* 777 P.2d 920 (Okla. 1989), *In re Disciplinary Proceedings Against Spangler,* 881 N.W.2d 35 (Wis. 2016), *In re Holajter*, 754 N.E.2d 497 (Ind. 2001), and *In re Reich*, 32 A.D.3d 1106 (N.Y.A.D. 3 Dept., Sept. 21, 2006), involved false orders, forged signatures, fabricated file stamps, or other intentionally created false documents.

Nothing comparable occurred here. There is no evidence that FMC fabricated the filed Reply, forged a signature or file stamp, changed the Reply's substance, or attempted to mislead either Plaintiff or the Court about what FMC filed. The cases on which Plaintiff relies therefore illustrate why his request for sanctions and referrals is misplaced.

Plaintiff's reliance on 18 U.S.C. § 1512(c)(1) is equally misplaced. Dkt. 141 at 17-18. The filed Reply remained unchanged in the Court's electronic record and available through PACER, and FMC separately served Plaintiff a paper copy by mail. Nothing about the courtesy PDF therefore altered, destroyed, mutilated, concealed, or impaired the availability of the document filed with the Court.

## V. Plaintiff has shown no basis for sanctions, striking the Reply, or referral.

Plaintiff's baseless accusations do not come close to the conduct necessary to justify the relief Plaintiff requests. Section 1927 must be strictly construed and requires "conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). The Tenth Circuit has applied that standard to conduct that actually abuses the judicial process, such as pursuing claims without a plausible legal basis while delaying proceedings by over a

year, *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1220-21 (10th Cir. 2006), or filing a motion that misrepresented opposing counsel's position and caused thousands of dollars in unnecessary fees, *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1199 (10th Cir. 2008).

Nothing comparable occurred here. FMC filed the Reply with the Court, served Plaintiff a copy via mail, then emailed Plaintiff a courtesy copy. Any alleged technical differences between the Reply and the courtesy copy neither multiplied the proceedings nor demonstrate intentional or reckless disregard of counsel's duties. Nor was Plaintiff deprived of access to the Reply. By his own admission, he downloaded the filed, searchable Reply from PACER that same day. Dkt. 141-1 at 3. His subsequent decision to conduct a "forensic analysis" of a courtesy copy does not transform that copy into sanctionable conduct or establish prejudice warranting the extraordinary relief he seeks.

Plaintiff's invocation of the Court's inherent authority, fraud on the court, and disciplinary proceedings is even further afield. Dkt. 141 at 22-23. Fraud on the court is reserved for the most egregious misconduct directed at the judicial machinery itself, such as bribery or the fabrication of evidence, and intent to defraud is an "absolute prerequisite." *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996). Here, nothing was concealed from or misrepresented to the Court and there is no evidence that FMC acted with intent "to impair the object's integrity or availability for use in an official proceeding" as required by 18 U.S.C. § 1512(c)(1). Nor did FMC engage in bad faith conduct constituting an abuse of the judicial process. The Reply was filed on the docket and was available to Plaintiff through PACER.

Accordingly, because Plaintiff identifies no sanctionable misconduct, fraudulent intent, or legitimate basis for striking the Reply or any other disciplinary action, the Court should deny his requests in their entirety.

## CONCLUSION

Plaintiff's Notice attempts to transform providing a courtesy copy into intentional falsification of a court filing. But there is no question that the substance of FMC's Reply was never altered, the original Reply remained on the Court's docket and available to Plaintiff, and FMC properly served Plaintiff by mail. The authorities Plaintiff cites concerning fabricated evidence, forged court documents, and bad faith abuse of the judicial process therefore have no application here. FMC respectfully requests that the Court deny Plaintiff's requests to strike the Reply, impose sanctions, issue an order to show cause, or make any disciplinary, criminal, or other referral.

Respectfully submitted,

By: *s/ Kirsten A. Pfeiffer*

Kathy R. Neal, OBA #674
Kirsten A. Pfeiffer, OBA #35711
McAFEE & TAFT, P.C.
2 West 2nd Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
kathy.neal@mcafeetaft.com
kirsten.pfeiffer@mcafeetaft.com

***Attorneys for Defendant***
***Ford Motor Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System, transmitting a copy to all ECF System registrants, and served a copy via First Class U.S. Mail to the following individual who is not a registered participant of the ECF system:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129
***Pro Se Plaintiff***

Jason A. Sansone
PHILLIPS MURRAH P.C.
424 NW 10th Street, Ste 300
Oklahoma City, OK 73103
jasonsone@phillipsmurrah.com
***Attorney for Defendant,***
***Confidence Ford of Norman***

Zachary A.P. Oubre
MCAFEE & TAFT, P.C.
Eight Floor, Two Leadership Square
211 North Robinson Ave.
Oklahoma City, OK 73102
Zach.oubre@mcafeetaft.com
***Attorney for Defendant,***
***LP Operating LLC***

Kerry R. Lewis
RHODES, HIERONYMUS, JONES, TUCKER & GABLE, PLLC
P.O. Box 21100
Tulsa, OK 74121-1100
klewis@rhodesokla.com
***Attorney for Defendant,***
***Level 3 Communications, LLC***

Aaron C. Tifft
Blake H. Gerow
HALL, ESTILL, HARDWICK, GABLE GABLE, GOLDEN & NELSON, P.C.
521 E. 2nd Street, Ste 1200
Tulsa, OK 74120
atifft@hallestill.com
bgerow@hallestill.com
***Attorneys for Defendants,***
***Reagan Gold Group, LLC,***
***HLV Ventures, LLC, and***
***South Bay Galleries, LLC***

Jacob C. Swanson
Brooks A. Richardson
GABLEGOTWALS
BOK Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK 73102
jswanson@gablelaw.com
brichardson@gablelaw.com
***Attorney for Defendant,***
***Telnyx LLC***

Gerard M. D'Emilio
GABLEGOTWALS
BOK Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK 73102
gdemilio@gablelaw.com
***Attorney for Defendant,***
***Onvoy, LLC***

*s/ Kirsten A. Pfeiffer*
Kirsten A. Pfeiffer