**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| 1. ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF MARK WYCKOFF**

| | | |
|---|---|---|
| COUNTY OF OKLAHOMA | ) | |
| | ) | ss |
| STATE OF OKLAHOMA | ) | |

I, Mark Wyckoff, being first duly sworn, do hereby state as follows:

1. I am the Chief Information Officer of McAfee & Taft A Professional Corporation in Oklahoma City, Oklahoma ("M&T"). M&T is counsel of record for Defendant Ford Motor Company ("FMC") in this action. My responsibilities as Chief Information Officer include oversight of M&T's information technology and information security systems, including the systems that process outbound email attachments.

2. I have personal knowledge of the matters stated in this Affidavit and am competent to testify regarding them.

3. As part of my duties, I am familiar with M&T's information technology systems, including the systems used to process email and attachments sent outside M&T. The statements below are based on my personal knowledge, my review of M&T's records, and testing performed in connection with the November 3, 2026 transmission at issue.

**Exhibit 2**

4. M&T routinely uses a software product called Litera Metadact as part of its information-security practices. When an attachment is sent to an external recipient, Metadact automatically removes metadata before delivery. This automated process is used in M&T's ordinary course of business and is not initiated by the sender for a particular recipient or litigation matter. The purpose of the program is to protect sensitive information that may be contained in the form of a document's metadata.

5. Plaintiff's Notice concerns the attachment named "[140] FMC's Reply in Support of Its MSJ 11.3.2026.pdf" sent to Plaintiff on November 3, 2026. The Notice states that the attachment differed at the file level from the version downloaded from PACER, identified Aspose.PDF for .NET 24.6.0 as its producer, lacked searchable text, used Type 3 glyphs without Unicode mapping, and displayed a blue-block selection effect in Gmail's preview. I investigated each of those technical issues as they relate to the identified PDF.

6. I first examined the pre-transmission copy of the PDF preserved in M&T's email records. That copy shows that the PDF was created using Adobe Acrobat technology and does not identify Aspose or Aspose.PDF as its creator or producer.

7. I then reviewed M&T's Metadact logs for the email transmission to Plaintiff. Those logs record the original properties of the PDF and show that Metadact automatically processed the attachment as part of M&T's normal outbound email process, completing its processing at approximately 07:34:10 UTC on November 3, 2026. The logs identify no user selection of Aspose software or manual content editing.

8. To test the effect of that workflow, M&T personnel, under my direction, transmitted a forensic copy of the preserved pre-transmission PDF through the same outbound email workflow to an external Gmail account.

9. We then examined the externally received test copy. Although no participant in the test manually edited the PDF or used Aspose software to modify it, the metadata of the received PDF identified "Aspose Pty Ltd." and "Aspose.PDF for .NET 24.6.0."

10. This result was consistent with published documentation from Litera, the developer of Metadact. Litera states that Metadact uses the Aspose PDF software library when it regenerates cleaned PDF files. Litera also explains that this process can cause "Aspose Pty Ltd." and "Aspose.PDF for .NET" to appear in the metadata of the resulting PDF.

11. Stated more simply, our testing demonstrated that an original PDF that did not contain Aspose identification could be sent through M&T's normal, automated email-security process and arrive outside M&T with Aspose identification in its metadata, without anyone manually editing the document's metadata or making changes to the document's text.

12. I also investigated the blue-block overlay effect reported by Plaintiff when he viewed the PDF through Gmail's web interface. M&T personnel, under my direction, opened the original PDF preserved with the sent email using that same Gmail web preview.

13. The same visual effect appeared when we attempted to select text in the original PDF. In other words, we were able to reproduce the reported visual effect using the original PDF itself when viewing it in Gmail's web preview, rather than a copy that had

first passed through Metadact. The same PDF, when opened in the Adobe PDF viewer did not produce the same visual effects. Based on this analysis, the visual effects Plaintiff claims appear to be a result of Plaintiff's use of the Gmail web preview to view the file rather than a standard PDF viewer.

14. Based on my review of the original documents, the Firm's system records, Litera's published documentation, and the controlled testing described above, the two principal technical characteristics I investigated were reproducible through ordinary technology used in the transmission or viewing of these documents. First, our normal outbound email process reproduced the Aspose metadata. Second, Gmail's PDF preview reproduced the reported visual effect when displaying the PDF.

15. Based on the records and testing described above, the Aspose metadata resulted from M&T's automated outbound attachment processing workflow. I found no log entry, audit event, or other record indicating that a user manually edited the attachment in any way after filing.

FURTHER AFFIANT SAYETH NOT.

Dated this 19 th day of November, 2026.

Mark A. Wyckoff

Mark Wyckoff
Chief Information Officer

The foregoing instrument was subscribed and sworn to before me this 19 th day of November, 2026, by Mark Wyckoff.

E Clogston
NOTARY PUBLIC

My commission #____________ expires:

—

E. CLOGSTON
NOTARY
# 01012092
EXP. 07/19/29
PUBLIC
STATE OF OKLAHOMA